1   TERRY ROSS, CASB No. 58171
terry.ross@kyl.com
2   AUDETTE PAUL MORALES, CASB No. 216631
audette.morales@kyl.com
3   KEESAL, YOUNG & LOGAN
A Professional Corporation
4   400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
5   Telephone: (562) 436-2000
Facsimile: (562) 436-7416
6

ORIGINAL
FILED

AUG 2 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiffs
7   WACHOVIA SECURITIES, LLC and MARK WIELAND

8

9               **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12   VIOLETTA ETTARE,       C 07   Case No.   4429

13             Plaintiff,       **NOTICE OF REMOVAL**

14       vs.

15   JOSEPH E. BARATTA, an individual,   **BY FAX**   **PVT**
TBIG FINANCIAL SERVICES, INC., form
16   of business unknown, WACHOVIA
SECURITIES, LLC, a Delaware Limited
17   Liability Company, MARK WIELAND, an
individual, and DOES 1-25,
18
              Defendants.
19

20

21   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22   NORTHERN DISTRICT OF CALIFORNIA:

23

24           PLEASE TAKE NOTICE that Defendants WACHOVIA SECURITIES, LLC

25   ("Wachovia") and MARK WIELAND ("Wieland") (collectively "Defendants") hereby

26   remove to this Court the state court action described below.

27

28   ///

KYL_LB1109576

NOTICE OF REMOVAL

1.     Defendants have been named as parties in a civil action filed on July 13, 2007, in the Superior Court of the State of California for the County of Santa Clara, Case No. 107CV089814, entitled <u>VIOLETTA ETTARE v. JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., a form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1–25</u> (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.     Wachovia was served with a copy of the Summons and a copy of the Complaint on or about July 26, 2007. (Declaration of Terry Ross in Support of Removal of Action ("Ross Decl.") ¶ 2 filed concurrently herewith.)

3.     Wieland was served with a copy of the Summons and a copy of the Complaint on or about August 1, 2007. (Ross Decl. ¶ 3.)

4.     Defendants are informed and believe that Defendants TBIG FINANCIAL SERVICES, INC. ("TBIG") and JOSEPH E. BARATTA ("Baratta") were served with a copy of the Summons and a copy of the Complaint on or about August 3, 2007. (Ross Decl. ¶ 4.)

5.     At the time said action was commenced and at all times thereafter, Wachovia was and is a limited liability company under the laws of Delaware, having its principal place of business in Richmond, Virginia. (Ross Decl. ¶ 5.)

6.     At the time said action was commenced and at all times thereafter, Wieland was a citizen of the State of Pennsylvania. (Ross Decl. ¶ 6.)

7.     Defendants are informed and believe that at the time said action was commenced at all times thereafter, Defendant TBIG is a corporation incorporated under the laws of Nevada, having its principal place of business in Incline Village, Nevada. (Ross Decl. ¶ 7.)

8.     Defendants are informed and believe that at the time said action was commenced at all times thereafter, Baratta is a citizen of the State of Nevada. (Ross Decl. ¶ 7.)

KYL_LB1109576

NOTICE OF REMOVAL

1      9.      Defendants are informed and believe that Plaintiff was at all times

2  relevant hereto a citizen of the State of California and resident of Santa Clara County.

3  (Ross Decl. ¶ 8.)

4      10.      Although fictitiously designated defendants (Does 1–25, inclusive)

5  are referred to in the Complaint, such fictitious defendants are to be disregarded for

6  purposes of this petition pursuant to 28 U.S.C. § 1331(a).

7      11.      This action is a civil action over which this Court has original juris-

8  diction pursuant to 28 U.S.C. § 1332(a) and is one which Defendants are entitled to

9  remove to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) in that the action is

10  between citizens of different states and the matter in controversy exceeds the sum of

11  $75,000, exclusive of interest and costs.  (Ross Decl. ¶¶ 5–9.)

12      12.      No further proceedings have been had in the above-referenced state

13  court action.

14      13.      This Notice of Removal is filed within 30 days from the service of the

15  Complaint on Defendants.  (Ross Decl. ¶¶ 2–4.)

16      14.      Defendants have provided a Notice of Removal to the Clerk of the

17  Superior Court of the State of California for the County of Santa Clara.  A true and

18  correct copy of that Notice is attached hereto as Exhibit "B."

19  ///

20

21

22

23

24

25

26

27

28  ///

- 3 -

KYL_LB1109576

1       15.    Defendants are informed and believe that Defendants JOSEPH E.

2  BARATTA and TBIG FINANCIAL SERVICES, INC. are filing a joinder in this Notice of

3  Removal.

4       WHEREFORE, Defendants pray that the above-referenced action pending

5  in the Superior Court of the State of California for the County of Santa Clara, be

6  removed therefrom to this Court.

7

8  DATED:  August 27, 2007

9                    TERRY ROSS
                        AUDETTE PAUL MORALES

10                  KEESAL, YOUNG & LOGAN
                      Attorneys for Plaintiffs

11                  WACHOVIA SECURITIES, LLC and
                      MARK WIELAND

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_LB1109576

NOTICE OF REMOVAL

6255-53 (P)

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOSEPH E. BARATTA, TBIG FINANCIAL SERVICES, INC.,
WACHOVIA SECURITIES LLC, MARK WIELAND and DOES 1
through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VIOLETTA ETTARE



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

2007 JUL 17 A 7 54

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY: _____ FUJIHARA
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara County Superior Court<br>191 N. First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>107CV089814 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher Cooke and Stephen Wu, COOKE KOBRICK & WU LLP
177 Bovet Rd., Suite 600, San Mateo, CA 94402, Tel. No. (650) 638-2370

G. FUJIHARA

| DATE:<br>*(Fecha)* JUL 1 7 2007 | Kiri Torre | Clerk, by<br>*(Secretario)* | _____ , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Wachovia Securities LLC

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*: limited liability company
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com



EXHIBIT "2"

CHRISTOPHER C. COOKE, ESQ. (#142342)
STEPHEN S. WU, ESQ. (#205091)
**COOKE KOBRICK & WU LLP**
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 638-2370
Facsimile: (650) 341-1395

Trang Vu

Attorneys for Plaintiff VIOLETTA ETTARE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA - UNLIMITED CIVIL JURISDICTION

VIOLETTA ETTARE,

        Plaintiff,

        v.

JOSEPH E. BARATTA, an individual, TBIG
FINANCIAL SERVICES, INC., form of
business unknown, WACHOVIA SECURITIES,
LLC, a Delaware Limited Liability Company,
MARK WIELAND, an individual, and DOES 1-
25,

        Defendants.

CASE NO.: **107CV089814**
(Unlimited Civil)

**COMPLAINT FOR:**

1) **Fraud**
2) **Breach of Fiduciary Duty**
3) **Breach of Oral Contract**
4) **Negligence**
5) **Securities Fraud [Violations of Corp. Code 25,400]**
6) **Unfair Business Practices [Violation of California Business & Professions Code § 17200 et seq.]**

Plaintiff VIOLETTA ETTARE alleges as follows:

    1.    At all times relevant to this Complaint, Plaintiff has been a resident of Morgan Hill, Santa Clara County, California.

    2.    Defendant Joseph E. Baratta ("BARATTA"), at all times relevant herein, has resided in the Town of Los Altos Hills, Santa Clara County, California and in Incline Village, Nevada.

    3.    Plaintiff is informed and believes that Defendant TBIG Financial Services, Inc. ("TBIG") at all relevant times, has been an investment advisory firm, registered with the United States Securities & Exchange Commission, operating from BARATTA's residences in Los Altos Hills, Santa Clara County, California and Incline Village, Nevada. TBIG was, until 1998, a

-1-
COMPLAINT

1  California Corporation; its present form of business organization is unknown.

2    4.    Plaintiff is informed and believes that Defendant Wachovia Securities LLC,
3  ("WACHOVIA") is Delaware Limited Liability Company that maintains its headquarters in
4  Richmond, Virginia. WACHOVIA is securities brokerage firm registered with the United States
5  Securities & Exchange Commission and the National Association of Securities Dealers, Inc.
6  ("NASD"), and is a member of the New York Stock Exchange.

7    5.    Plaintiff is informed and believes that defendant Mark Wieland ("WIELAND"), at
8  all relevant times, has been a resident of Pennsylvania and, until some date in 2007, was the
9  registered representative (i.e. "stock broker") employed by WACHOVIA who oversaw Plaintiff's
10  account at WACHOVIA.

11    6.    Defendants DOES 1 through 25, inclusive, are sued herein by such fictitious names
12  in that Plaintiff does not at this time know their true names, capacities, nor specific activities of said
13  Defendants, but alleges that each of said Defendants is or may be legally liable to Plaintiff, and
14  therefore Plaintiff prays that the true names, capacities and activities of these Defendants may be
15  inserted herein when the same is ascertained.

16    7.    Plaintiff is informed and believe and thereon allege that at all times herein
17  mentioned, each Defendant was an agent, servant, franchisee, joint venturer, partner, employee,
18  and/or co-conspirator of the other Defendants herein named, and at all said times, each of said
19  Defendants was acting within the course and scope of said agency, service, franchise, joint venture,
20  partnership, employment and/or conspiracy.

21                              **GENERAL ALLEGATIONS**

22    8.    Plaintiff is a widow whose husband died in 2001. When her husband died, Plaintiff
23  received $1 million death benefit from a life insurance policy that her husband had purchased and
24  which named her as the beneficiary.

25    9.    Defendant BARATTA is a relative of a close personal friend of Plaintiff, and
26  through that relative, BARATTA met Plaintiff and socialized with her and her husband before her
27  husband died. BARATTA held himself out to Plaintiff as an expert on securities and investments,
28  and presented himself as a highly successful money manager.

---

-2-
COMPLAINT

10.     After BARATTA learned that Plaintiff was to receive substantial life insurance proceeds from the death of her husband, BARATTA repeatedly sought to have Plaintiff invest this money with his firm, TBIG, an investment advisory firm.

11.     Plaintiff was initially reluctant to invest with TBIG and BARATTA. Plaintiff is an unsophisticated investor and is unfamiliar with the stock market, securities, or investment matters. Defendant BARATTA, however, repeatedly assured Plaintiff that he could obtain a much better rate of return for her than what her funds would earn at a bank (where Plaintiff had intended to hold the insurance proceeds), because of BARATTA's expertise and success in investing in the stock market for other clients.

12.     In or about November 2001, Plaintiff agreed to become a client of TBIG and BARATTA and transferred $900,000 to a stock brokerage account that BARATTA had opened in Plaintiff's name at FIRST UNION SECURITIES INC. ("FIRST UNION"), a stock brokerage firm that became WACHOVIA during 2001, following a corporate merger. The stock broker on Plaintiff's account when it was opened at FIRST UNION was WIELAND, who continued as Plaintiff's stock broker after the merger.

13.     Due to Plaintiff's lack of familiarity with the securities markets, her other limited financial resources, and her aversion to risk, she explicitly instructed BARATTA and TBIG that they should invest no more than $100,000 of Plaintiff's funds (11 percent) in the stock market and that the rest of her funds should be invested in safe, low risk investments that would preserve capital and provide her with a moderate return.

**A.    Defendants' Unsuitable and Highly Speculative Investment Purchases**

14.     Contrary to Plaintiff's instructions, and without her knowledge or consent, defendants TBIG and BARATTA, with the knowledge and assistance of WACHOVIA and WIELAND, used Plaintiff's funds to purchase and sell millions of dollars of highly risky, speculative securities that were unsuitable for Plaintiff, in light of her stated investment objectives, financial situation, and ability to tolerate financial risk.

15.     Among other speculative and unsuitable trades, BARATTA and TBIG, with assistance of WACHOVIA and WIELAND, caused Plaintiff's account to:

-3-
COMPLAINT

a. take significant short positions in volatile technology securities, which exposed Plaintiff's account to risk of loss if the price of the securities increased[1]

b. purchase short-term "call" or "put" option contracts in securities, which exposed Plaintiff's account to market risk with the respect to the security for which the option contract was written, and to the risk of loss of the entire investment in the option contract, in the event that the security for which the option contract was issued declined in price (for the call options) or rose in price (for the put options) and/or if the option contract was not exercised or sold prior to the contract's expiration date.[2]

c. take short positions in put and call options, which exposed the account to the risk of loss if the price of the security for which the option contract was issued declined in price (for the short put option positions) or rose in price (for the short call option positions).

16. Defendants compounded the risk to Plaintiff's investments and magnified the losses that she suffered by opening a margin account for Plaintiff with WACHOVIA, and using funds borrowed from WACHOVIA through this margin account in order to effect many of these trades. By using borrowed funds to effect these trades, Defendants TBIG and BARATTA caused Plaintiff's account to take larger positions in the stocks and options than the cash position in her account would have permitted, and thereby risked a larger financial loss to Plaintiff if the trades made with these borrowed funds turned out to be unprofitable. The margin debt that Defendants caused Plaintiff's account to incur further drained Plaintiff's account due to substantial interest charges on the funds borrowed from WACHOVIA.

17. In addition, Defendants TBIG and BARATTA allowed options contracts in Plaintiff's account to expire without selling or exercising them prior to option contract's expiration

[1] A "short position" is a sale of a security by an account holder who does not own the security; the account holder "borrows" the security and is essentially making a bet that the price will decline by the time he or she must repay the "loan" by purchasing the underlying security that he or she sold "short").
[2] An option contract is the right to buy or sell a security at a specified price, for a certain period of time. A "call" option is the right to buy the security at a specified price; a "put" option is the right to sell the security at a specified price.

-4-
COMPLAINT

date, and thereby caused Plaintiff to lose her entire investment in these option contracts.

18.    Moreover, Defendants TBIG and BARATTA consistently exceeded Plaintiff's instructions not to invest more than $100,000 of her funds in the stock market, and thereby subjected her investment account to much greater risk inherent in investing in the stock market than Plaintiff was willing to assume.

19.    Although the exact date in which defendants TBIG and BARATTA began making these improper and unsuitable investments for Plaintiff is not known to Plaintiff, Defendants' highly improper and unsuitable investments occurred throughout 2005 and 2006.

**B.    Defendants' Churning of Plaintiff's Portfolio**

20.    In addition to making unsuitable investments for Plaintiff and exceeding plaintiff's express directions not to invest more than $100,000 of her account in the stock market, Defendants TBIG and BARATTA, with the assistance and knowledge of WACHOVIA and WIELAND, also "churned" the stocks and options positions in Plaintiff's account during 2005 and continued this improper practice during 2006.

21.    "Churning" is the practice of excessively trading securities in an investment account, often for the purpose of generating commissions for the stock broker and firm who execute the trades.  It is considered a form of securities fraud under federal and state laws applicable to stock brokers and investment advisers (such as Defendants).

22.    During 2005, for example, TBIG and BARATTA, with the knowledge and assistance of WACHOVIA and WIELAND, caused Plaintiff's account to purchase over $4 million in securities, and to sell over $4.3 million in securities.  During 2006, TBIG and BARATTA, with the knowledge and assistance of WACHOVIA and WIELAND, caused Plaintiff's account to purchase over $3.2 million in securities and to sell over $3.6 million in securities.

23.    Although TBIG and BARATTA have not admitted to Plaintiff why they "churned" her account, Plaintiff is informed and believes, based upon the commission rates that WACHOVIA charged Plaintiff for the trades in her account, that TBIG and BARATTA were receiving substantial "soft dollars" from WACHOVIA as a result of the trading in Plaintiff's account, and were motivated to place these trades to obtain such soft dollars from WACHOVIA.  WIELAND and

-5-
COMPLAINT

1   WACHOVIA, by contrast, profited enormously from TBIG and BARATTA's churning of

2   Plaintiff's accounts due to the commissions they received from the many trades that they executed

3   in the account.

4          24.     "Soft dollars" are credits that an investment adviser (such as TBIG) receives from

5   stock brokerage firms (such as WACHOVIA) as a result of securities trades that the investment

6   adviser places through the stock brokerage firms. "Soft dollars" can be used by the investment

7   adviser, in lieu of cash, to pay for many services that the investment adviser wishes for its business.

8   The SEC requires registered investment advisers to disclose their policies on, and receipt of, soft

9   dollars to their clients. Despite these requirements, TBIG and BARATTA never disclosed to

10  Plaintiff whether they received soft dollars from WACHOVIA.

11         25.     Plaintiff is informed and believes, based on information she learned only this month,

12  that WACHOVIA had reviewed TBIG's and BARATTA's investment advisory accounts during

13  2002, and had placed restrictions TBIG's and BARATTA's ability to trade their investment adviser

14  clients' accounts. WACHOVIA had discovered that TBIG and BARATTA had "churned" another

15  WACHOVIA customer's account. Plaintiff is informed and believes that WACHOVIA, despite

16  knowing of BARATTA and TBIG's history of churning, lifted these restrictions on BARATTA and

17  TBIG in late 2004.

18         26.     The impact of Defendants' misconduct on Plaintiff's account has been devastating.

19  For example, as of December 31, 2004, Plaintiff's investment account at WACHOVIA had total net

20  assets of $1,151,790, with stocks and options valued at $230,452 (excluding preferred stocks, and

21  mutual fund investments), and the majority invested in fixed income securities. By December 31,

22  2006, Plaintiff's account had total net assets of $368,271, with unrealized losses on stocks and

23  options of $196,801. By July 2007, when Plaintiff closed her account with WACHOVIA, her

24  portfolio had less than $315,000 in assets (after deducting the margin debt and losses on her options

25  positions).

26         27.     Plaintiff's first hint that anything was wrong with her account and that Defendants'

27  handling of her investments had been improper, came in July 2006, when she received a letter from

28  a Senior Vice President of WACHOVIA. This letter, which was dated July 13, 2006, advised

-6-
**COMPLAINT**

1  Plaintiff that the market value of her account was $319,491 that her account had incurred

2  "significant trading losses in 2005 and 2006," and that BARATTA had been employing "extremely

3  risky" uncovered options trading strategies in her account. The letter asked Plaintiff to sign a

4  statement acknowledging that she was aware of this information and had approved of the strategies

5  employed by BARATTA. Plaintiff has been informed and believes that WACHOVIA sent this

6  letter to her because its compliance department had become concerned about BARATTA's and

7  WIELAND's handling of Plaintiff's and other customers accounts WACHOVIA, and had

8  undertaken a review of all of such accounts.

9      28.    Upon receipt of this letter, Plaintiff called BARATTA, her friend of many years. Far

10  from admitting that he had employed "risky" trading strategies that had decimated her life savings,

11  BARATTA dismissed the truth of letter's allegations by telling Plaintiff that WACHOVIA was

12  "just trying to get you" to sue him, and that the losses only existed on paper and did not matter if

13  she kept her funds invested in the market for the long-term.

14

15  ### FIRST CAUSE OF ACTION
    ### [Fraud Against All Defendants]

16      29.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 28 as

17  though fully alleged herein.

18      30.    TBIG, BARATTA, WIELAND and WACHOVIA made repeated false

19  representations to, and concealed material information from, Plaintiff, when Defendants

20      (a) misrepresented to Plaintiff that they would adhere to her conservative investment goals,

21  and failed to disclose to Plaintiff the unsuitable, improper and highly investments they were, in fact,

22  causing her account to make (as described in paragraphs 13 through 19 above);

23      (b) failed to disclose to Plaintiff that many of the trades in her account were financed using

24  "borrowed" funds (via the margin account) that magnified the risks and substantial costs involved

25  in using a margin account to effect such trades ( as described in paragraph 16 above);

26      (c) failed to disclose that Defendants had ignored Plaintiff's express instructions to invest no

27  more than $100,000 (11 percent) of her funds in the stock market, and had invested much more than

28  that amount in stocks and options ( as described in paragraph 18 above);

(d) failed to disclose that the trading in Plaintiff's account, especially during 2005 and 2006, was excessive, given her conservative investment goals, financial circumstances, and low risk tolerance, and the substantial transaction costs involved in trading her account so frequently, and that WACHOVIA had placed restrictions on BARATTA and TBIG during 2002, because of prior acts of churning (as described in paragraphs 20 through 22 above);

(e) failed to disclose TBIG and BARATTA's receipt of "soft dollars" from WACHOVIA resulting from the trades in her account, and the conflict of interest that this created (as described in paragraphs 23 through 25 above); and

(f) misrepresented the nature of BARATTA and TBIG's conduct and mislead Plaintiff by BARATTA's urging of Plaintiff to ignore the letter from WACHOVIA about Defendants' risky trading strategy and losses in her account (as decribed in Paragraphs 27 and 28 above)

31.     Defendants knew that these representations were false at the time the representations were made, or Defendants recklessly disregarded the truth or falsity of the statements. Defendants further knew that they were withholding material facts from Plaintiff regarding her account. Defendants made these representations, and withheld material facts, so that Plaintiff would continue to keep her funds invested with Defendants, permitting them to continue their trading activity, and otherwise to defraud Plaintiffs as set out herein.

32.     Plaintiff did not know the representations were false when they were made, and did not know of the material information concealed from her regarding her account, and justifiably and reasonably relied upon these representations by, among other things, transferring $900,000 to WACHOVIA, maintaining these funds at WACHOVIA from November 2001 until July 2007.

33.     Plaintiff was not aware that Defendants' representations were false when they were made to Plaintiffs, nor was Plaintiff aware that material information concerning her account, TBIG and BARATTA, and TBIG/BARATTA's relationship with WACHOVIA was being concealed from her. Had Plaintiffs been aware of the true facts, Plaintiffs would have closed her account at WACHOVIA before she incurred the substantial losses that she did during 2005 and 2006.

34.     As a direct and proximate result of Defendants' misrepresentations, failures to disclose, and concealment of facts, Plaintiffs have suffered damages in an amount which will be

proven at trial, but in excess of $700,000.00.

35.    In doing the above acts, Defendants, and each of them, acted with malice, fraud, oppression, or in conscious disregard of the rights of Plaintiff, thereby entitling Plaintiff to an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (Against All Defendants)

36.    Plaintiff incorporates the allegations set forth in Paragraphs 1 through 35 as though fully alleged herein.

37.    Based on the relationship which developed between Plaintiff, on the one hand, and TBIG, BARATTA, WACHOVIA, and WIELAND, on the other hand (as described above), each Defendant owed Plaintiff the duties of a fiduciary, including, but not limited to, the following:

a)    The duty to deal fairly and honestly with Plaintiff, to act with the highest good faith toward Plaintiffs and to put Plaintiffs' interests over their own;

b)    The duty to manage Plaintiff's accounts in the best interest of Plaintiff;

c)    To only recommend to Plaintiff the purchase of suitable investments for Plaintiff;

d)    To only purchase investments, and otherwise use Plaintiff's funds, as authorized by Plaintiff;

e)    To trade Plaintiff's account in a manner that is reasonable and appropriate in light of Plaintiff's conservative investment goals, financial circumstances, and low risk tolerance;

f)    To inform Plaintiff of all material facts regarding the investments that TBIG and BARATTA purchased for Plaintiff;

g)    To tell Plaintiff if TBIG, BARATTA, WACHOVIA, or WIELAND believed Plaintiff, or any of the Defendants, may be taking actions which may be hazardous or extremely risky to Plaintiff; and

h)    To disclose all material conflicts of interest which exist in their relationship with Plaintiff.

38.    TBIG, BARATTA, WACHOVIA, and WIELAND breached their fiduciary duty to

Plaintiff by, among other things:

    a)    Failing to deal fairly and honestly with Plaintiff, and not acting in good faith or placing Plaintiff's interests above their own;

    b)    Failing to manage Plaintiff's money in the best interest of Plaintiff;

    c)    Recommending and purchasing investments for Plaintiff which were unsuitable for Plaintiff;

    d)    Failing to disclose material facts regarding the churning of Plaintiff's account, the margin debt, the risky and unsuitable nature of the stocks and options that TBIG and BARATTA were purchasing for Plaintiff's account, the soft dollars that WACHOVIA paid to TBIG and BARATTA, TBIG and BARATTA's prior excessive trading of other customers' accounts and the restrictions WACHOVIA placed on TBIG and BARATTA during 2002 because of this improper trading, and not expressly warning Plaintiff that TBIG and BARATTA were exceeding her express instructions to invest her funds conservatively and not to invest more than $100,000 of such funds in the stock market; and

    e)    Churning Plaintiff's account by engaging in securities trading that was excessive light of Plaintiff's assets, conservative investment goals, financial circumstances and low risk tolerance, and the substantial transactions costs involved with such trading.

39.    As a direct and proximate result of TBIG's, BARATTA's, WACHOVIA's and WIELAND's breaches of their fiduciary duties to Plaintiff, Plaintiff has suffered damages in an amount greater than $700,000.00. Because of Defendants' callousness toward their client, and wanton disregard for Plaintiff's rights and welfare, and in that Defendants' actions rose to the level of fraud, Plaintiff requests an award of exemplary and punitive damages against each Defendant.

### THIRD CAUSE OF ACTION
**(Breach of Oral Contract)**
**(Against Defendants TBIG and BARATTA)**

40.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 39 as though fully alleged herein.

41.    As set out above, Plaintiff orally agreed to invest $900,000 she received from the

-10-
COMPLAINT

1   death benefit from her late husband's insurance policy with BARATTA and TBIG. In exchange,

2   TBIG and BARATTA agreed to invest her funds. As part of this agreement, TBIG/BARATTA

3   agreed that Plaintiff's funds would be invested in safe low risk investments, with no more than

4   $100,000 invested in stock market, and in a manner that was suitable for her, given her aversion to

5   risk and her financial situation.

6       42.    Plaintiff has performed all conditions, covenants and promises required by her on

7   her part to be performed in accordance with the terms and conditions of the agreement.

8       43.    TBIG and BARATTA breached the agreement by, among other things, investing

9   more than $100,000 in the stock market, making highly risky, unsuitable investments for Plaintiff,

10  causing Plaintiff's account to accrue significant margin liabilities and to incur significant

11  commissions, and excessively trading Plaintiff's account.

12      44.    As a result of TBIG and BARATTA's breaches of the oral agreement, Plaintiff has

13  suffered damages, as she has lost most of her capital, and has further suffered consequential

14  damages related to not receiving the investment return that a prudent investment manager would

15  have earned for her.

### FOURTH CAUSE OF ACTION
#### (Negligence)
#### (Against All Defendants)

18      45.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 44 as

19  though fully alleged herein.

20      46.    TBIG and BARATTA owed Plaintiff a duty to invest her funds properly, in

21  accordance with the practices that a reasonably prudent investment adviser would employ in

22  handling the investments of a client with similar investment objectives and in similar financial

23  circumstances.

24      47.    As her stock broker, WACHOVIA and WIELAND owed Plaintiff a duty of care that

25  obligated them to insure that Plaintiff's funds were invested properly, in investments that were

26  suitable for her, and generally to follow practices that a reasonable stock broker would follow with

27  respect to like clients in her circumstances with similar investment objectives.

28      48.    TBIG and BARATTA breached their duty of care toward Plaintiff by making highly

COMPLAINT

1    risky trades with her funds, and by causing her account to incur substantial commission charges and

2    interest costs from the excessive trading and margin debt.

3         49.    WACHOVIA and WIELAND breached their duty of care toward Plaintiff by

4    executing the improper trades for TBIG and BARATTA, without advising Plaintiff of the

5    unsuitable nature of these trades for her, the substantial risks involved with these trades, and the

6    substantial commission and interest charges her account would incur due to the excessive trading

7    and margin debt.

8         50.    As a result of each Defendant's negligent conduct, Plaintiff has sustained damages,

9    in an amount to proven at trial.

10        51.    It was foreseeable that Plaintiff would suffer the type of damages she has suffered as

11   a result of the failure of each Defendant to act as a reasonably prudent investment professional with

12   respect to Plaintiff's account, and each Defendant's actions and omissions were the legal and

13   proximate cause of Plaintiff's damages.

14

15                        **FIFTH CAUSE OF ACTION**
                 **(Violations of California Corporations Code Sections 25,400 et seq.)**
16                            **(Against All Defendants)**

17        52.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 51

18   above as though fully alleged herein.

19        53.    By TBIG, BARATTA, WACHOVIA, and WIELAND's acts and omissions, as set

20   forth above, each defendant violated California Corporations Code Sections 25,400 et seq. in that

21   Defendants induced Plaintiff to purchase fraudulent investments by means of written or oral

22   communications containing false or misleading statements or omissions.

23        54.    As a consequence of Defendants' violations of Corporations Code Sections 25,400

24   et seq. as alleged herein, Plaintiff has been damaged in an amount to be proven at trial, but no less

25   than the sum of $700,000.00.

26        55.    In violating California Corporations Code Sections 25,400 et seq., Defendants have

27   acted with fraud, oppression, and malice, and evidenced a conscious disregard of Plaintiff's rights,

28   whereby Plaintiff is entitled to an award of punitive and exemplary damages according to proof at

                                    -12-
                                **COMPLAINT**

1    the time of trial.

2

**SIXTH CAUSE OF ACTION**
(Violation of California Business & Professions Code
Section 17200, et seq.)
[Against All Defendants]

56.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 55 above as though fully alleged herein.

57.    The acts of BARATTA, TBIG, WACHOVIA and WIELAND alleged in Paragraphs 1 through 55 above were unlawful, unfair and/or fraudulent business acts or practices as defined in California Business & Professions Code Section 17200 et seq.

58.    As a direct, proximate and foreseeable result of Defendants' conduct, Plaintiff has been harmed as set forth herein.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**As to the First, Second, and Fifth Cause of Action:**

1)    For general damages according to proof at the time of trial.

2)    For interest on Plaintiff's capital from the dates of loss.

3)    For exemplary and punitive damages according to proof at the time of trial.

4)    For costs of suit herein incurred.

5)    For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action:**

1)    For general damages according to proof at the time of trial.

2)    For interest on Plaintiffs' capital from the dates of loss.

3)    For consequential economic losses according to proof at the time of trial.

4)    For costs of suit herein incurred.

5)    For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action:**

1)    For actual damages in an amount according to proof;

2)    For prejudgment interest;

3)    For costs of suit incurred herein; and,

4)    For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action:**

1)    For any order or judgment as may be necessary to prevent the use of the practices alleged herein which constitute unfair competition.

2)    For any order or judgment as may be necessary to restore to Plaintiff any money or property which may have been acquired by means of such unfair competition.

3)    For attorney's fees as provided by California Business & Professions Code section 17200 et seq.; and

4)    For such other and further relief as the Court may deem just and proper.

Dated: July 13, 2007

COOKE KOBRICK & WU LLP

By _____
    CHRISTOPHER COOKE

Attorneys for Plaintiff
VIOLETTA ETTARE

-14-
**COMPLAINT**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Christopher Cooke (SBN 142342)<br>COOKE KOBRICK & WU LLP<br>177 Bovet Road, Suite 600, San Mateo, CA 94402<br>TELEPHONE NO.: (650) 638-2370    FAX NO.: (650) 341-1395<br>ATTORNEY FOR *(Name):* Plaintiff Violetta Ettare | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown

CASE NAME:
Ettare v. Baratta, et al,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount          (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | 107CV089814<br>JUDGE<br>DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>*(Cal. Rules of Court, rules 3.400–3.403)* |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☑ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence              f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Six
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: July 13, 2007

Christopher Cooke
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Page 1 of 2<br>Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties In Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
　Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (*non-domestic relations*)
　Sister State Judgment
　Administrative Agency Award (*not unpaid taxes*)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-harassment*)
　Mechanics Lien
　Other Commercial Complaint Case (*non-tort/non-complex*)
　Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **107** CV 089814   ATTACHMENT A

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (the person(s) being sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

    **Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-B177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your *Case Management Judge is:* Joseph Huber _____ DEPT: 8

The first CMC is scheduled as follows: (Completed by Clerk of Court)
Date: 11/20/07 Time: 1:30 PM Dept.: 8

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
Date: _____ Time: _____ Dept.: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 1/01/04                    **CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 5/06

&lt; **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
&lt; The action is for personal injury, property damage, or breach of contract
&lt; Only monetary damages are sought
&lt; Witness testimony, under oath, is desired
&lt; An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

&lt; **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
&lt; The parties are far apart in their view of the law or value of the case
&lt; The case involves a technical issue in which the evaluator has expertise
&lt; Case planning assistance would be helpful and would save legal fees and costs
&lt; The parties are interested in an injunction, consent decree, or other form of equitable relief

&lt; **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

&lt; **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

**Contact:**
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

1  TERRY ROSS, CASB No. 58171
   terry.ross@kyl.com
2  AUDETTE PAUL MORALES, CASB No. 216631
   audette.morales@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, P.O. Box 1730
   Long Beach, California 90801-1730
5  Telephone:   (562) 436-2000
   Facsimile:   (562) 436-7416
6
7  Attorneys for Defendants
   WACHOVIA SECURITIES, LLC and MARK WIELAND
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10     FOR THE COUNTY OF SANTA CLARA – UNLIMITED CIVIL JURISDICTION

11

12  VIOLETTA ETTARE,                    )  Case No. 107CV089814
                                        )
13                      Plaintiff,      )  *Action Filed: July 13, 2007*
                                        )
14              vs.                     )  *ASSIGNED FOR ALL PURPOSES TO:*
                                        )      *Judge Joseph Huber, Dept. 8*
15  JOSEPH E. BARATTA, an individual,   )
    TBIG FINANCIAL SERVICES, INC., form )  **NOTICE TO THE CLERK OF THE**
16  of business unknown,                )  **SUPERIOR COURT OF THE FILING**
    WACHOVIA SECURITIES, LLC, a         )  **OF REMOVAL AND REMOVAL OF**
17  Delaware Limited Liability Company,  )  **ACTION TO FEDERAL COURT**
     MARK WIELAND, an individual, and   )
18  DOES 1-25,                          )
                                        )
19                      Defendants.     )
                                        )
20  ─────────────────────────────────────

21  TO THE CLERK OF THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

22  FOR THE COUNTY OF SANTA CLARA:

23

24          PLEASE TAKE NOTICE that on August 27, 2007, the Notice of Filing of

25  Removal and the Notice of Removal attached hereto as Exhibit "A" were filed in the

26  United States District Court for the Northern District of California in connection with

27  the above-entitled action.

28  ///

EXHIBIT "B"

- 1 -                                        KYL_LB1109564

NOT./CLERK/SUPERIOR COURT/FILING/REMOVAL & REMOVAL/ACTION TO FEDERAL COURT

1    PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d),

2 the filing of the attached Notice of Removal with the federal court effects removal of this

3 action, and this Court may proceed no further unless and until the case is remanded.

4

5 DATED:  August 27, 2007

6                                                    TERRY ROSS
                                                     AUDETTE PAUL MORALES
7                                                    KEESAL, YOUNG & LOGAN
                                                     Attorneys for Defendants
8                                                    WACHOVIA SECURITIES, LLC and
                                                     MARK WIELAND

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_LB1109564

NOT./CLERK/SUPERIOR COURT/FILING/REMOVAL & REMOVAL/ACTION TO FEDERAL COURT

| | |
|---|---|
| 1 | <div align="center">**PROOF OF SERVICE**</div> |
| 2 | |
| 3 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES |
| 4 |     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730. |

    On August 27, 2007, I served the foregoing documents described as **NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Christopher Cooke, Esq.
Cooke Kobrick & Wu LLP
177 Boyet Road
Suite 600
San Mateo, CA  94401
Tel:  (650) 638-2370
Fax:  (650) 341-1395

    ☒    BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

    ☐    I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☒    I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Long Beach, California.

    Executed on August 27, 2007 at Long Beach, California.

    I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

PENNY VINING

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4            I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

5

6            On August 27, 2007, I served the foregoing documents described as **NOTICE OF REMOVAL** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8    Christopher Cooke, Esq.
     Cooke Kobrick & Wu LLP
     177 Boyet Road

9    Suite 600
     San Mateo, CA  94401

10   Tel:  (650) 638-2370
     Fax:  (650) 341-1395

11

12

13           ☒        BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

14

15           ☐        I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

16           ☒        I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting

17   and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with

18   the United States Postal Service, in a sealed envelope with postage fully prepaid.

19   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Long Beach, California.

20

21           Executed on August 27, 2007 at Long Beach, California.

22           I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

23           I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

24

25

26                                  PENNY VINING

27

28