CHRISTOPHER C. COOKE, ESQ. (#142342)
STEPHEN S. WU, ESQ. (#205091)
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 638-2370
Facsimile: (650) 341-1395
Email: ccooke@ckwlaw.com
       swu@ckwlaw.com

Attorneys for Plaintiff
VIOLETTA ETTARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1-25,<br><br>        Defendants. | CASE NO: C-07-04429-JW (PVT)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Date:    November 19, 2007<br>Time:   9 a.m.<br>Place:   Judge Ware's Courtroom<br>            Courtroom 8, 4th Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

I.    INTRODUCTION ........................................................................................................... 1

II.    ISSUES PRESENTED .................................................................................................... 1

III.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ............................ 2

IV.    LEGAL ARGUMENT ..................................................................................................... 3

    A.    THE COURT SHOULD REMAND THIS ACTION BECAUSE WACHOVIA LLC AND WIELAND'S REMOVAL WAS PROCEDURALLY IMPROPER ................................................................ 4

        1.    The Notice Of Removal Is Defective Because It Fails To State The Citizenship Of Each Member Of Wachovia Securities LLC ............................................................................................................ 4

        2.    TBIG'S Joinder In The Removal Was Ineffective Because It Lacked The Legal Capacity At The Time Of Removal To Join In Removal ....................................................................................................... 5

    B.    THE COURT SHOULD REMAND THIS ACTION BECAUSE THERE IS SUBSTANTIAL DOUBT AS TO WHETHER DIVERSITY JURISDICTION EXISTS ................................................. 8

V.    CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

Buchner v. FDIC, 981 F2d 816 (5th Cir. 1993) ...................................................................................4

Clipper Air Cargo, Inc. v. Aviation Products Int'l, Inc., 981 F.Supp. 956 (D.S.C. 1997)..................................................................................................................................6

Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992) ..........................................................................4, 8

Hewitt v. City of Stanton, 798 F.2d 1230 (9th Cir. 1986)...................................................................4

Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006) .....................1, 5

Leasequip, Inc. v. Dapeer, 103 Cal.App.4th 394, 126 Cal.Rptr.2d 782 (2002).............................7

Rolling Hill Greens MHP, LP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004) ........................................................................................................5

Sonoma Falls Developers, L.L.C. v. Nevada Gold & Casinos, Inc., 272 F.Supp.2d 919 (N.D. Cal. 2003)..................................................................................................5

Stevens v. Nichols, 130 U.S. 230 (1889) ...........................................................................................4

Stortek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129 (9th Cir. 2002).................................4

Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495 (9th Cir. 2001) ...............8

## STATUTES

28 U.S.C. § 1441 .................................................................................................................................2

28 U.S.C. § 1446 ..........................................................................................................................1,4,7

28 U.S.C. § 1447(c)..........................................................................................................................1,3

28 U.S.C. §1332 .......................................................................................................................1,2,4,8

Cal. Corp. Code § 2205(c)..................................................................................................................6

Nev. Rev. Stat. § 78.175(2) ................................................................................................................6

Nev. Rev. Stat. § 78.585.....................................................................................................................6

## TREATISES

16A William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations, (Perm. Ed. 2003) ...........................................................................................................7

William W Schwarzer, A. Wallace Tashima and James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, (West 2007) ..................................3,7

## I. INTRODUCTION

Plaintiff Violetta Ettare brings this motion to remand pursuant to 28 U.S.C. § 1447(c) to challenge the removal of this case from the Santa Clara Superior Court on August 27, 2007 by defendants Wachovia Securities LLC ("Wachovia LLC") and Mark Wieland ("Wieland"). This motion is based on both procedural and substantive defects in the removal of this case by Wachovia LLC and Wieland.

The procedural defects are two-fold. First, Wieland and Wachovia LLC's Notice of Removal, which is premised on diversity jurisdiction, does not properly establish the citizenship of all of the parties because Wachovia LLC did not identify the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Second, the joinder in the removal notice filed by defendant TBIG Financial Services, Inc. ("TBIG") was defective because TBIG was a revoked corporation on August 27—the date of removal— and therefore could not properly consent to removal on that date.

The substantive defect stems from substantial doubt as to whether diversity jurisdiction exists in this case. Plaintiff's complaint does not assert any claims under federal law, so the sole possible basis for subject matter jurisdiction in this case is diversity jurisdiction pursuant to 28 U.S.C. §1332. Here, there is a substantial doubt as to the citizenship of Wachovia LLC's members and TBIG, and whether they are citizens of California or some other state. If either Wachovia LLC or TBIG is a citizen of California, no diversity would exist. Accordingly, the Court should remand this action.

## II. ISSUES PRESENTED

1. Was removal of this action proper under 28 U.S.C. § 1446 in light of:

   a. defendants Wachovia LLC and Wieland's failure to specify the citizenship of each member of the limited liability company "Wachovia Securities LLC" in their notice of removal?

   b. defendant TBIG Financial Services, Inc.'s status as a revoked corporation under Nevada law on August 27, 2007, when it purported to join in the removal?

2.      Have defendants met their burden of establishing that diversity of citizenship exists between each defendant and plaintiff that would permit this Court to exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 or should the Court remand this action because of doubts as to its jurisdiction?

## III.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Violetta Ettare is resident of Morgan Hill in Santa Clara County, a widow, and a former customer of defendants TBIG, Baratta, Wachovia Securities LLC and Wieland. (Complaint ¶¶ 8-12).

Mrs. Ettare's Complaint was filed in Santa Clara County Superior Court on or about July 13, 2007. The Complaint asserts state law causes of action for fraud, breach of fiduciary duty, breach of oral contract, negligence, violations of California Corporations Code, and violations of California Business & Professions Code against all defendants for their actions in handling plaintiff's investments when she was their customer. (Complaint ¶¶ 29-58).

Ms. Ettare and her late husband met defendant Baratta through mutual friends in California (*Id.* ¶ 8). After plaintiff's husband died in 2001, plaintiff placed $900,000 —consisting of the proceeds of the death benefit from her husband's life insurance policy—with Baratta's firm, TBIG Financial Services, Inc., a federally registered investment advisory firm, so that Baratta could manage her investments for her. (*Id.* ¶¶ 3, 12). Plaintiff's funds were in an account held by defendant Wachovia Securities LLC. The stockbroker on plaintiff's account at Wachovia LLC was defendant Mark Wieland. (*Id.* ¶ 12).

TBIG Financial Services Inc. is registered with the United States Securities & Exchange Commission as an investment adviser. (Cooke Dec. Ex. A: Form ADV). In its Form ADV filed with the United States Securities & Exchange Commission on March 27, 2007, TBIG states it is a Nevada corporation, (*id.* Ex. A at page 5, Item 3), but does not disclose a business address. (*Id.* Ex. A at page 1). TBIG's contact information in the Form ADV provides four telephone numbers, all with 650 area codes, as the firm's telephone and fax numbers. (*Id*. Ex. A at pages 2, 19).

On or about August 27, 2007, defendants Wachovia Securities LLC and Mark Wieland filed a notice of removal with this Court. (*See* Notice of Removal, filed August 27, 2007, by Wachovia

Securities, LLC and Mark Wieland ("Notice")). Regarding the Court's original and removal jurisdiction, the Notice states:

> This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one which Defendants are entitled to remove to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) in that the action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Notice ¶ 11).

Regarding the citizenship of the parties, the Notice states that at the time the lawsuit was commenced and "at all times thereafter," Wachovia LLC "was and is a limited liability company under the laws of Delaware, having its principal place of business in Richmond, Virginia," (Notice ¶ 5), Wieland "was a citizen of the State of Pennsylvania" (Notice ¶ 6), TBIG "is a corporation incorporated under the laws of Nevada, having its principal place of business in Incline Village, Nevada" (Notice ¶ 7), Baratta "is a citizen of the State of Nevada" (Notice ¶ 8), and Plaintiff "is a citizen of the State of California" (Notice ¶ 9).

Plaintiff received notice of the removal the next day from the District Court's e-filing system. (Cooke Dec. ¶ 3). Upon review of the removal papers, plaintiff's counsel researched the status of TBIG's corporate status in Nevada by examining and downloading records regarding TBIG available at the Nevada Secretary of State's website. These records indicated that, as of August 28, 2007, TBIG was a revoked corporation. TBIG's corporate charter had been revoked by the Nevada Secretary of State almost five years earlier, on November 1, 2002, and had not been reinstated. (*Id.* Ex. B at page 1). TBIG's status as a Nevada corporation was reinstated on August 31, 2007, or four days after this case was removed. (*Id.* Ex. C at page 2).

IV.     **LEGAL ARGUMENT**

Section 1447(c) of title 28 of the United States Code authorizes the district court to remand an action based upon any defect in removal procedure or for lack of subject matter jurisdiction. *See* William W Schwarzer, A. Wallace Tashima and James M. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, "Subject Matter Jurisdiction," ¶ 2:1084 at p. 2D-209 (West 2007) (citing 28 U.S.C. § 1447(c) and *Buchner v. FDIC*, 981 F2d 816, 820 (5th Cir. 1993)) [hereinafter, "Schwarzer, et al., *California Practice Guide*"]. In the Ninth Circuit, the removal

3
MEMORANDUM OF P&A IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND/C07-04429-JW (PVT)

1  statute is strictly construed against removal jurisdiction, and "federal jurisdiction must be rejected if
2  there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d
3  564, 566 (9th Cir. 1992). The "'strong presumption' against removal jurisdiction means that the
4  defendant always has the burden of establishing that removal is proper." *Id.*

### A. THE COURT SHOULD REMAND THIS ACTION BECAUSE WACHOVIA LLC AND WIELAND'S REMOVAL WAS PROCEDURALLY IMPROPER

Regarding the procedure for removal, 28 U.S.C. § 1446(a) provides that "a defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal." Section 1446(b) requires that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, defendant Wachovia LLC was served with plaintiff's complaint on July 26, 2007, (Notice ¶ 2), and filed its Notice of Removal on August 27, 2007. Defendants' Notice of Removal indicates that the basis for removal is that this Court has diversity jurisdiction over this action, pursuant to 28 U.S.C. §1332.

The party removing a case to federal court based upon diversity of citizenship must allege in the removal notice that each defendant has diverse citizenship from the plaintiff, both at the time the action was filed and on the date the action was removed to federal court. *Stevens v. Nichols*, 130 U.S. 230, 231 (1889); *Stortek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Under the "rule of unanimity," each defendant properly named in the state court complaint must join in the action's removal to federal court. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in the removal petition with the exception of nominal parties"). Defendants' removal of this action contravenes both of these rules.

#### 1. The Notice of Removal Is Defective Because It Fails to State the Citizenship of Each Member of Wachovia Securities LLC

Defendants Wieland's and Wachovia LLC's Notice of Removal is defective because it improperly treats the citizenship of Wachovia LLC as though it were a corporation instead of a partnership. It recites only Wachovia LLC's state of organization and principal place of business,

4
MEMORANDUM OF P&A IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND/C07-04429-JW (PVT)

without describing the citizenship of each of Wachovia LLC's owners.  (*See* Notice ¶ 5 ("Wachovia was and is a limited liability company under the laws of Delaware, having its principal place of business in Richmond, Virginia")).

Defendants' treatment of Wachovia LLC's citizenship in the Notice of Removal is insufficient under Ninth Circuit law.  Last year, in *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, the Ninth Circuit expressly rejected treating a limited liability company like a corporation and held instead that a limited liability company should be considered a partnership for purposes of determining diversity jurisdiction.  In pertinent part, the Ninth Circuit stated, "We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."  *Id.* at 899; *see also Sonoma Falls Developers, L.L.C. v. Nevada Gold & Casinos, Inc.*, 272 F.Supp.2d 919, 922-23 (N.D. Cal. 2003) (removal improper because one member of plaintiff limited liability company was a Nevada corporation, thereby destroying diversity jurisdiction when one defendant was also Nevada corporation).

Here, the Notice of Removal's failure to allege facts regarding the citizenship of each member of Wachovia LLC means that defendants have not established the prerequisite facts for diversity jurisdiction.  The Court has no way of knowing if any of Wachovia LLC's members are citizens of California, the state of citizenship alleged for plaintiff in the Notice.  *See Rolling Hill Greens MHP, LP v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (removal notice must allege citizenship of each member of limited liability company).  Accordingly, the Court should remand this action.

**2.    TBIG's Joinder In The Removal Was Ineffective Because It Lacked The Legal Capacity At The Time of Removal To Join In Removal**

Defendants' removal was also improper because defendant TBIG was incapable of filing a notice of joinder on August 27 when this action was removed due to its status as a revoked Nevada corporation on that date.  TBIG was incapable of filing a notice of joinder, or otherwise participating in this litigation, even though TBIG reinstated its corporate charter shortly after the removal, on August 31, because that reinstatement should apply prospectively, and not retrospectively.

1    Federal Rule of Civil Procedure 17(b) provides that "the capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."  TBIG is a Nevada Corporation and thus its legal capacity to sue or be sued, or otherwise participate in this litigation is determined by reference to Nevada law.

Nevada law provides that when a corporation fails to keep current in its filings with the Secretary of State, "the charter of the corporation is revoked and its right to transact business is forfeited." Nev. Rev. Stat. § 78.175(2) (revocation is effective "[o]n the first day of the first anniversary of the month following the month in which the filing was required").  The Nevada Secretary of State's records on TBIG indicate that it failed to keep current in its filings and therefore its charter was revoked on November 1, 2002.  According to these records, TBIG's charter remained revoked when plaintiff filed suit against it —on July 13— and when TBIG purported to join in removal of this action on August 27.  (Cooke Dec. Ex.B at page 1)( "Status: Revoked").  TBIG's status as an active corporation was not reinstated until August 31, or four days after the case was removed.  (*Id.*  Dec. Ex. C at page 2).

While one Nevada statute addresses the capacity of a dissolved corporation to sue or be sued during the period following its dissolution (Nev. Rev. Stat. § 78.585), Nevada law is silent on whether a revoked corporation can participate in litigation while its charter is revoked.  *See Clipper Air Cargo, Inc. v. Aviation Products Int'l, Inc.*, 981 F.Supp. 956, 958 (D.S.C. 1997) ("Nevada's corporate code does not contain a similar provision for suits against a corporation whose charter has been revoked").

However, as noted above, the relevant statute regarding revoked corporations, Nev. Rev. Stat. § 78.175(2), provides that the revoked corporation's "right to transact business is forfeited" but does not otherwise prevent such a corporation from being sued.  Under California law, a suspended corporation —the equivalent to a revoked corporation under Nevada law —cannot transact business during its suspension.  *See* Cal. Corp. Code § 2205(c).  Courts have held that this disability from transacting business includes a prohibition on participating in litigation during the suspension, and precludes a corporation from appearing in court until it obtains a certificate of revival.  *See Leasequip, Inc. v. Dapeer*, 103 Cal.App.4th 394, 402, 126 Cal.Rptr.2d 782, 788 (2002)

6
MEMORANDUM OF P&A IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND/C07-04429-JW (PVT)

("corporations that have been suspended for failing to file the requisite information statement are 'disabled from participating in litigation activities'") (internal citations omitted).

California law —in suspending a delinquent corporation's powers to defend or participate in a lawsuit until the delinquency is cured— is similar to the law in many other states. A leading corporations law treatise states:

> in most jurisdictions, a corporation does not cease to exist upon dissolution or suspension for the failure to file reports or pay franchise taxes. The corporation is simply prohibited from continuing to transact business in the state, except that necessary to wind up and liquidate its business and affairs or until it files the delinquent reports or pays the delinquent taxes. A delinquent corporation during the period of its suspension or dissolution lacks the capacity to contract and cannot bring, defend, or appeal lawsuits in its corporate name, except for the purpose of winding up or liquidating its business or affairs."
>
> 16A William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations*, § 7997, at 38-43 (Perm. Ed. 2003) (hereafter "*Fletcher Cyclopedia*").

Therefore, a Nevada state court would likely hold that TBIG was barred by Section 78.175(2) from participating in litigation during the period that its charter was revoked and thus that TBIG's attempt to join in Wachovia LLC's Notice of Removal on August 27 was invalid.

It also does not matter that TBIG reinstated its corporate charter four days after the action was removed. Nevada law does not expressly provide that such a reinstatement serves to retroactively bless the actions that a revoked corporation has taken during the period of its revocation. Therefore, TBIG's reinstatement should be applied prospectively, and not retrospectively, in this litigation. 16A *Fletcher Cyclopedia*, § 8112.30, at 214 ("reinstatement will be applied prospectively when the corporation law is silent on the matter").

Indeed, permitting TBIG to cure its revoked status retroactively is contrary to federal law regarding removal and jurisdiction. Giving retroactive effect to TBIG's reinstatement to cure its defective joinder would essentially extend the 30 day period of removal set forth in 28 U.S.C. § 1446(b), which is contrary to the holding of many courts that all defendants must join in removal within the 30-day period set forth in 28 U.S.C. § 1446(b). *See* Schwarzer, et. al., *California Practice Guide*, ¶ 2:907 (several federal courts hold that all defendants served in state court action must join in removal within 30 days after first defendant was served, but noting split of authority on issue). Permitting TBIG to cure its defective joinder would also be contrary to the Ninth Circuit's

7
MEMORANDUM OF P&A IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND/C07-04429-JW (PVT)

1  admonition that the removal statute is to be strictly construed against removal jurisdiction. *See*

2  *Gaus*, 980 F.2d at 566.

3      Accordingly, the Court should hold that TBIG's notice of joinder was ineffective and

4  remand this action.

5      **B.   THE COURT SHOULD REMAND THIS ACTION BECAUSE THERE IS SUBSTANTIAL DOUBT AS TO WHETHER DIVERSITY**

6      **JURISDICTION EXISTS**

7      The Court should also remand this action because Defendants have not established that

8  diversity jurisdiction is proper.  First, as discussed above, the Court has no way of knowing if any

9  member of Wachovia LLC is a California citizen, whose presence would destroy diversity

10  jurisdiction, because Wachovia LLC has not disclosed this information in the Notice.  Defendants

11  therefore have not met their burden in establishing that jurisdiction is appropriate.

12      In addition, there is also doubt as to whether TBIG is solely a citizen of Nevada or whether

13  it is a citizen of both Nevada and California.  For purposes of diversity and removal jurisdiction, a

14  corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of

15  the State where it has its principal place of business."  28 U.S.C. §1332(c)(1).

16      Federal courts apply "one of two tests to determine a corporation's principal place of

17  business, the "place of operations" test and the "nerve center" test.  *Tosco Corp. v. Communities for*

18  *a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001).  When a majority of a corporation's

19  business activities take place in one state, that state is the corporation's principal place of business

20  even if the corporate headquarters are located in a different state.  The "nerve center" test only

21  applies when no state contains a substantial predominance of the corporation's business activities.

22  *Id.*

23      Here, the issue is whether TBIG was, at the time of filing and removal of this action, a

24  citizen of California because its place of operations has been in California, and not Nevada.  The

25  location of TBIG's principal place of business is not clear.  In its Form ADV SEC filing, TBIG

26  provides four telephone numbers, all with 650 area codes (which are within California), as its

27  contact information, but it does not identify any business address in California or Nevada.  (Cooke

28  Dec. Ex. A at pages 2, 19).  Plaintiff first encountered TBIG and Baratta in California, where she

resides, and California is one of two locations where Baratta maintains a residence. (Complaint ¶¶ 1,2, 9). TBIG's activities in California create doubt as to whether TBIG's principal place of business is in Nevada, as the Notice of Removal asserts, or in California, and weigh heavily in favor of the Court remanding this action to the Santa Clara County Superior Court.

**V.     CONCLUSION**

For the reasons set forth, this Court should grant plaintiff's motion to remand this action to the Santa Clara County Superior Court.

Date: September 25, 2007                    COOKE KOBRICK & WU LLP

By  /s/
    CHRISTOPHER COOKE
    Attorneys for Plaintiff
    VIOLETTA ETTARE