1  TERRY ROSS, CASB No. 58171
   terry.ross@kyl.com
2  AUDETTE PAUL MORALES, CASB No. 216631
   audette.morales@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, P.O. Box 1730
   Long Beach, California  90801-1730
5  Telephone:   (562) 436-2000
   Facsimile:   (562) 436-7416
6
   Attorneys for Defendants
7  WACHOVIA SECURITIES, LLC and MARK WIELAND

8  GILBERT R. SEROTA, No. 75305
   gserota@howardrice.com
9  HOWARD RICE NEMEROVSKI
        CANADY FALK & RABKIN
10 A Professional Corporation
   Three Embarcadero Center, 7th Floor
11 San Francisco, California  94111-4024
   Telephone:   (415) 434-1600
12 Facsimile:   (415) 217-5910

13 Attorneys for Defendants
   JOSEPH E. BARATTA and TBIG FINANCIAL
14 SERVICES, INC.

15

16                 **UNITED STATES DISTRICT COURT**

17               **NORTHERN DISTRICT OF CALIFORNIA**

18                        **SAN JOSE DIVISION**

19

20 VIOLETTA ETTARE,                     )  Case No. C-07-04429-JW (PVT)
                                        )
21                    Plaintiff,        )
                                        )  **DEFENDANTS' JOINT OPPOSITION**
22           vs.                        )  **TO MOTION TO REMAND**
                                        )
23 JOSEPH E. BARATTA, an individual,    )  Date:    Monday, December 3, 2007
   TBIG FINANCIAL SERVICES, INC., form  )  Time:    9:00 a.m.
24 of business unknown, WACHOVIA        )  Place:   Courtroom 8, 4th Floor
   SECURITIES, LLC, a Delaware Limited  )
25 Liability Company, MARK WIELAND, an  )
   individual, and DOES 1-25,           )
26                                      )
                                        )
27                    Defendants.       )
   _____)
28 ///

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..........................................................................................ii

I.    INTRODUCTION ...........................................................................................1

II.   STATEMENT OF FACTS..............................................................................2

III.  ARGUMENT ...................................................................................................5

    A.    THIS ACTION SHOULD NOT BE REMANDED BECAUSE THE
    REMOVAL NOTICE'S ALLEGATIONS REGARDING WACHOVIA'S
    CITIZENSHIP CAN BE AMENDED. ..............................................5

        1.    Defendants' Motion For Leave To Amend The Removal
        Notice Is Timely Under 28 U.S.C. § 1653. ...........................5

        2.    The Removal Notice's Allegations Regarding
        Wachovia's Citizenship Are Merely "Defective"
        Allegations Requiring Clarification. ......................................6

        3.    This Court Can Consider Later Filed Declarations
        Which Clarify The Removal Notice's Defective
        Allegations Regarding Wachovia's Citizenship. ..................8

    B.    REMOVAL OF THIS ACTION WAS NOT "PROCEDURALLY
    IMPROPER" BECAUSE TBIG HAD LEGAL CAPACITY TO JOIN
    IN DEFENDANTS' REMOVAL NOTICE......................................10

        1.    TBIG Had Capacity To Join In Defendants' Removal
        Notice Because Revocation Of A Corporation Does Not
        Terminate Its Existence. .......................................................10

        2.    The Reinstatement Of TBIG'S Corporate Status In
        Nevada Is Retroactive And Validates Its Joinder In
        The Notice Of Removal...........................................................11

    C.    PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED
    BECAUSE DEFENDANTS HAVE ESTABLISHED COMPLETE
    DIVERSITY OF THE PARTIES.....................................................12

IV.   CONCLUSION.............................................................................................14

KYL_LB1117667

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT )

1

# TABLE OF AUTHORITIES

2
**Page**

3

## FEDERAL CASES

4
Barrow Development Co. v. Fulton Insurance Co.,
5
    418 F.2d 316 (9th Cir. 1969)...................................................................2, 5-7

6
Clipper Air Cargo Inc. v. Aviation Products International, Inc.,
7
    981 F. Supp. 956 (D.S.C. 1997)..................................................................10

8
C.T. Carden v. Arkoma Associates,
    494 U.S. 185 (1990).....................................................................................9

9
Gaus v. Miles,
10
    980 F.2d 564 (9th Cir. 1992)........................................................................8

11
Harmon v. Oki System,
12
    115 F.3d 477 (7th Cir. 1997)U..................................................................7, 8

13
Johnson v. Columbia Properties Anchorage, L.P.,
14
    437 F.3d 894 (9th Cir. 2006)...........................................................1, 6, 7, 9

15
Miller v. Grgurich,
    763 F.2d 372 (9th Cir. 1985)........................................................................8

16
National Audubon Society v. Department of Water & Power of the City of L.A.,
17
    496 F. Supp. 499 (E.D. Cal. 1980)...........................................................2, 8

18
Smiley v. Citibank (S.D.), N.A.,
19
    863 F. Supp. 1156 (C.D. Cal. 1993)............................................................6

20
Stortek Corp. v. Air Transport Ass. of America,
    300 F.3d 1129 (9th Cir. 1986)...................................................................13

21
United Computer System, Inc. v. AT&T Corp.,
22
    298 F.3d 756 (9th Cir. 2002)..................................................................9, 10

23
Wild v. Subscription Plus, Inc.,
24
    292 F.3d 526 (7th Cir. 2002)......................................................................10

25
Willingham v. Morgan,
    395 U.S. 402 (1969)....................................................................................8

26

## FEDERAL STATUTES

27
28 U.S.C. § 1446.............................................................................................6

28
28 U.S.C. § 1446(b)........................................................................................12

KYL_LB1117667

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT )

28 U.S.C. § 1653 ................................................................................. 2, 5, 6, 8

Federal Rule of Civil Procedure Rule 15(a) ........................................... 2

**STATE STATUTES**

2007 Nevada Laws Ch. 456 (S.B. 483) ................................................. 11

Nevada Revised Statute § 78.180(5) ............................................. 2, 11, 12

**MISCELLANEOUS**

2 SCHWARZER, TASHIMI & WAGSTUTTE, Federal Civil Procedure Before Trial
    § 2:1096 (2007) ............................................................................... 8

16A WILLIAM M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS,
    § 3844 (2007) ................................................................................. 11

61B AM. JUR. 2D *Pleading* § 806 (2007) ......................................... 5, 11

KYL_LB1117667

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT )

1   Defendants WACHOVIA SECURITIES, LLC ("Wachovia"), MARK

2   WIELAND ("Wieland"), TBIG FINANCIAL SERVICES, INC. ("TBIG") and JOSEPH E.

3   BARATTA ("Baratta") (collectively, "Defendants") hereby oppose Plaintiff

4   DR. VIOLETTA ETTARE's ("Plaintiff" or "Dr. Ettare") Motion to Remand.

5

6   # I.

7   ## INTRODUCTION

8   On or about July 13, 2007, Dr. Ettare filed her complaint against

9   Defendants in the Santa Clara County Superior Court.  On August 27, 2007, Wachovia

10  and Wieland filed a notice of removal removing Dr. Ettare's state court action to this

11  Court (the "Removal Notice").  Dr. Ettare challenges the Removal Notice on the following

12  grounds: (1) Wachovia failed to allege the citizenship of each of its members as required

13  by the Ninth Circuit's recent opinion in Johnson v. Columbia Properties Anchorage, L.P.,

14  437 F.3d 894 (9th Cir. 2006); (2) TBIG did not have the legal capacity to join in the

15  Removal Notice; and (3) TBIG potentially has a Californian principal place of business.[1]

16  Based on these grounds, Dr. Ettare claims Defendants failed to meet their burden of

17  establishing complete diversity of citizenship of the parties and requests this Court to

18  remand this action to the Santa Clara County Superior Court.

19  The Removal Notice's failure to allege the citizenship of Wachovia's mem-

20  bers does not warrant the remand of this action.  The Removal Notice's allegations

21  regarding Wachovia's citizenship are merely defective.  The allegations set forth the

22  proper statutory basis and legal theory for removal but failed to specify all the necessary

23  facts to support the removal.  However, the facts necessary to support the removal

24  existed at both the time Dr. Ettare filed her complaint in the Santa Clara County

25  Superior Court and when the Removal Notice was filed, namely, that Dr. Ettare and

26  each of Wachovia's members are citizens of different states.  These allegations can be

27

28

---

[1] Plaintiff did not challenge the Removal Notice's allegations concerning Wieland's and Baratta's citizenship.

KYL_LB1117667

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT )

1  cured at any time under 28 U.S.C. § 1653.[2]  To remand this case would prioritize form

2  and "legal flaw-picking" over the "orderly disposition of cases properly committed to

3  federal courts."  See Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 318 (9th Cir.

4  1969).

5        Dr. Ettare's claim that TBIG did not have the legal capacity to join in the

6  Removal Notice has no grounds, given that the revocation of a corporation's status does

7  not terminate its existence.  Moreover, TBIG has since reinstated its status as a Nevada

8  corporation, and that reinstatement "relates back to the date on which the corporation

9  forfeited its right to transact business . . . and reinstates the corporation's right to trans-

10  act business as if such right had at all times remained in full force and effect."  NEV.

11  REV. STAT. § 78.180(5).  Thus, even if TBIG did not have capacity to join the Removal

12  Notice at that time, the reinstatement of its status on August 31, 2007 validated TBIG's

13  joinder.  Dr. Ettare's claim that TBIG's principal place of business is in California also

14  lacks support, and any questions concerning TBIG's Nevada citizenship can be clarified.

15        Accordingly, this Court should deny Plaintiff's Motion to Remand on the

16  basis that the Removal Notice's defective allegations regarding Wachovia's citizenship

17  can be cured, TBIG had capacity to join the Notice of Removal, and Defendants have met

18  their burden of demonstrating complete diversity.

19

20                                    **II.**

21                          **STATEMENT OF FACTS**

22        As noted in Defendants' Removal Notice, at the time the above captioned

23  action was commenced on July 13, 2007, and the time Defendants filed the Removal

24  _____

25  [2] Defendants have filed a motion for leave to amend the Removal Notice pursuant to
    Rule 15(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1653 in conjunction

26  with this Opposition.  This practice is recognized in courts of this circuit.  See Nat'l
    Audubon Soc'y v. Dep't of Water & Power of the City of L.A., 496 F. Supp. 499, 502 (E.D.

27  Cal. 1980) (in response to a motion to remand, defendant filed both an opposition and a
    motion to amend its removal notice under 28 U.S.C. § 1653).

28

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case  No. C-07-04429-JW (PVT )

1  Notice on August 27, 2007, and at all times thereafter, Wachovia was and is a limited

2  liability company organized under the laws of Delaware, having its principal place of

3  business in Richmond, Virginia.  (See Declaration of Terry Ross in Support of Amended

4  Notice of Removal of Action ("Ross Decl."), ¶ 5, filed concurrently herewith; see also

5  Declaration of Paul Waldman in Support of Opposition to Plaintiff's Motion to Remand

6  and Motion for Leave to Amend Removal Notice ("Waldman Decl.") ¶ 3, filed concur-

7  rently herewith.)  Wachovia is, and has been since before July 13, 2007, 100% owned by

8  Wachovia Securities Financial Holdings, LLC ("WSFH").  (Waldman Decl., ¶ 4.)  Since

9  before July 13, 2007, Wachovia's sole member, WSFH, was a citizen of a state other than

10 California.  WSFH was organized under the laws of the State of Delaware.  (Waldman

11 Decl., ¶ 5.)  WSFH's principal place of business is located in Richmond, Virginia.

12 (Waldman Decl., ¶ 5.)

13          Since before July 13, 2007, and at all relevant times, WSFH consisted of

14 two members: Wachovia Securities Holdings LLC ("WSH") and Prudential Securities

15 Group, Inc. ("PSG").  (Waldman Decl., ¶ 6; see also Declaration of Kenneth Meister in

16 Support of Opposition to Plaintiff's Motion to Remand and Motion for Leave to Amend

17 Removal Notice ("Meister Decl.,") ¶¶ 2, 3, filed concurrently herewith.)  WSH and PSG

18 were and are citizens of states other than California.  First, WSH has been organized

19 under the laws of the State of Delaware since before July 13, 2007.  (Waldman Decl.,

20 ¶ 7.)  WSH's principal place of business is located in Charlotte, North Carolina.

21 (Waldman Decl., ¶ 7.)  Second, PSG was incorporated under the laws of the State of

22 Delaware.  (Meister Decl., ¶ 4.)  PSG's principal place of business is located in New York.

23 (Meister Decl., ¶ 4.)

24          Since before July 13, 2007, WSH has been owned entirely by Everen

25 Capital Corporation ("Everen").  (Waldman Decl., ¶ 8.)  Everen, WSH's sole member, has

26 been a citizen of state other than California since before July 13, 2007.  Everen was

27 incorporated under the laws of the State of Delaware and its principal place of business

28 is located in Charlotte, North Carolina.  (Waldman Decl., ¶ 9.)

KYL_LB1117667

1    At the time the above captioned action was commenced on July 13, 2007,

2    and the time Defendants filed the Removal Notice on August 27, 2007, and at all times

3    thereafter, Joseph Baratta and TBIG have been citizens of Incline Village, Nevada. (See

4    Declaration of Joseph E. Baratta in Support of Amended Notice of Removal and in

5    Opposition to Plaintiff's Motion to Remand and Motion for Leave to Amend Removal

6    Notice ("Baratta Decl."), ¶¶ 2, 5, filed concurrently herewith.)

7    Baratta and his wife bought their home in Nevada in 2000, and although

8    they still own a second home in California, it is currently leased, and they have been

9    Nevada residents since 2001. (Baratta Decl., ¶ 3.) Baratta files his and TBIG's taxes in

10    Nevada, is registered to vote with the State of Nevada, his daughter attends school full

11    time at the Lake Tahoe School in Incline Village, Nevada, and Baratta is a member of

12    the Board of Trustees and Chairman of the Finance Committee for his daughter's school.

13    (Baratta Decl., ¶¶ 3, 4.)

14    TBIG is a corporation incorporated under the laws of the State of Nevada,

15    having its principal place of business at 756 Lakeshore Boulevard, Incline Village,

16    Nevada. (Baratta Decl., ¶ 5.) Although TBIG had been a California corporation, it

17    ceased to be so on November 27, 2000 when it merged into the Nevada corporation.

18    (Baratta Decl., ¶¶ 5, 6, Exhibits A, B and C.) Baratta is the sole officer and director of

19    TBIG. (Baratta Decl., ¶ 7.)

20    TBIG's form ADV lists a 650 area code cellular phone as TBIG's primary

21    contact information because that number works internationally, whereas TBIG's origi-

22    nal 877 number did not. (Baratta Decl., ¶ 8.) That 650 cellular phone is billed to

23    Baratta's address in Nevada. (Baratta Decl., ¶ 8.) The two 650 telephone and fax

24    numbers on Schedule D, page 1 of the form ADV attached as Exhibit A to Cooke's

25    Declaration relate to the location where TBIG kept certain books and records other than

26    its principal place of business. (Baratta Decl., ¶ 8.) Those numbers are no longer

27    utilized by TBIG. (Baratta Decl., ¶ 8.)

28    ///

- 4 -

KYL_LB1117667

1   Baratta was served with Dr. Ettare's complaint on August 3, 2007 at his
2   home in Nevada. (Baratta Decl., ¶ 9.) At some point soon thereafter, he became aware
3   that TBIG had inadvertently failed to make certain filings required by the Nevada
4   Secretary of State and that TBIG's status as a Nevada corporation had been revoked on
5   November 1, 2002. (Baratta Decl., ¶ 9.) Baratta immediately took the steps necessary
6   to reinstate TBIG's corporate charter, which was accomplished by August 31, 2007.
7   (Baratta Decl., ¶ 9, Exhibit C.)

8
9                               **III.**
10                            **ARGUMENT**
11   A.     **THIS ACTION SHOULD NOT BE REMANDED BECAUSE THE**
12          **REMOVAL NOTICE'S ALLEGATIONS REGARDING WACHOVIA'S**
13          **CITIZENSHIP CAN BE AMENDED.**
14          1.     **Defendants' Motion For Leave To Amend The Removal Notice**
15                 **Is Timely Under 28 U.S.C. § 1653.**
16          "Defective allegations of jurisdiction may be amended, upon terms, in the
17   trial or appellate courts." 28 U.S.C. § 1653. In other words, "28 U.S.C. § 1653 *does not*
18   *impose any time limitations* on the allowance of amendments correcting jurisdictional
19   allegations, and in fact authorizes such amendments in the appellate courts." 61B AM.
20   JUR. 2D *Pleading* § 806 (2007) (emphasis added). Furthermore, 28 U.S.C. § 1653 applies
21   to removed actions. Barrow, 418 F.2d at 317. Accordingly, under 28 U.S.C. § 1653, a
22   notice of removal can be amended to "clarify defective allegations of jurisdiction previ-
23   ously made" at any time. See id. Therefore, this action should not be remanded.
24   Defendants can still cure the Removal Notice's defective allegations regarding
25   Wachovia's citizenship. Indeed, Defendants have sought leave of this Court to do just
26   that. Supra, n.2, at 2.
27
28   ///

1  **2.    The Removal Notice's Allegations Regarding Wachovia's**
2  **Citizenship Are Merely "Defective" Allegations Requiring**
3  **Clarification.**

4  Defective allegations arise when "the defendant sets forth the proper
5 statutory basis and legal theory of removal, but fails to specify all the facts necessary to
6 support such removal." Smiley v. Citibank (S.D.), N.A., 863 F. Supp. 1156, 1161 (C.D.
7 Cal. 1993) (citations omitted). Accordingly, Defendants' allegations regarding
8 Wachovia's citizenship are merely defective. Defendants set forth the proper statutory
9 basis for removal, 28 U.S.C. § 1446, and the legal theory for removal, i.e., that Wachovia
10 and Plaintiff were citizens of different states. However, the Removal Notice failed to
11 specify all the necessary facts to support the removal, namely, the citizenship of each of
12 Wachovia's members as required by the Ninth Circuit's recent opinion in Johnson.

13  Barrow is particularly instructive on why Defendants should be permitted
14 to cure the Removal Notice's failure to allege each of Wachovia's members' citizenship.
15 In Barrow, defendant corporation (the "Corporation") removed a state court case on
16 diversity grounds. 418 F.2d at 317. The Corporation's removal petition only alleged the
17 Corporation was a New York citizen and that plaintiff (another corporation) was an
18 Alaskan citizen. Id. at n.1. However, the Corporation failed to allege either parties'
19 respective states of incorporation and principal places of business. Id. On appeal, the
20 Ninth Circuit questioned the sufficiency of the Corporation's showing of diversity. Id. at
21 317. The Corporation sought leave to amend its removal petition under 28 U.S.C.
22 § 1653. Id. The Corporation's motion to amend and attached exhibits directly showed
23 the plaintiff and the Corporation were incorporated respectively in Alaska and New
24 York and that each had its principal place of business in its state of incorporation. See
25 id. (noting plaintiff/appellant did not dispute facts appearing in verified exhibits
26 appended to Corporations' motion).

27  The Ninth Circuit found the Corporation's allegation regarding the parties'
28 citizenships merely defective and allowed the amendment. Barrow, supra, 418 F.2d at

1    318. The court conceded the Corporation's removal petition's failure to allege each

2    party's state of incorporation and principal place of business was inadequate under the

3    legal standards for alleging corporate citizenship. Id. Nonetheless, the court treated the

4    Corporation's allegations "as defective in form but not so lacking in substance as to pre-

5    vent their amendment." Id. The court refused to follow authority either requiring strict

6    construction of removal statutes against the Corporation or treating the Corporation's

7    allegations "as legal nullities and hence not susceptible to amendment." Id. (citations

8    omitted). In doing so, the Barrow court explained:

> We are not unmindful of numerous district court opinions
> which question the power to allow such amendments under
> varying circumstances after the time for initially filing
> removal petitions has expired. But if applied to circumstances
> comparable to those of the present case, we believe that their
> reasoning would be too grudging with reference to the control-
> ling statute, too prone to equate imperfect allegations of
> jurisdiction with the total absence of jurisdictional founda-
> tions, *and would tend unduly to exalt form over substance and
> legal flaw-picking over the orderly disposition of cases properly
> committed to federal courts.*

15    418 F.2d at 318 (emphasis added) (citations omitted).

16    In other words, the Ninth Circuit concluded that since complete diversity of

17    the parties existed in fact, it would permit amendment. See also, Harmon v. Oki Sys.,

18    115 F.3d 477, 479 (7th Cir. 1997) (explaining an allegation which fails to "*demonstrate*

19    diversity" is only defective if the "record discloses [a] dispute that [diversity] in fact

20    *existed*.") (citing In re Allstate Ins. Co., 8 F.3d 219, 221 (5th Cir. 1993) (emphasis in

21    original).

22    Under these principles, this Court should deny Plaintiff's request to

23    remand this action. Defendants can, and have, sought leave of this Court to amend the

24    Removal Notice's defective allegations regarding Wachovia's citizenship. Furthermore,

25    it is clear there is no dispute that diversity exists in fact with respect to Plaintiff and

26    Wachovia under the Johnson standard. See 437 F.3d at 899.

27

28    ///

KYL_LB1117667

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT)

1    **3.    This Court Can Consider Later Filed Declarations Which**

2    **Clarify The Removal Notice's Defective Allegations**

3    **Regarding Wachovia's Citizenship.**

4        When reviewing amendments to notices of removal under 28 U.S.C. § 1653,

5    courts should consider evidence that "sheds light on the situation which existed when

6    the case was removed." Harmon, 115 F.3d at 479–80 (finding plaintiff's argument that

7    court's review of defendant's amended removal papers under 28 U.S.C. § 1653 was

8    limited to the evidence in the record when removal is sought "imprudent").

9    Furthermore, limiting a district court's review under 28 U.S.C. § 1653 to the notice of

10   removal and the motion to amend the notice is "erroneous." Audubon Soc'y, 496 F. Supp.

11   at 503. Thus districts courts can review later filed declarations which serve to amend a

12   notice of removal. See id. (explaining how under 28 U.S.C. § 1653 it is proper to treat a

13   notice of removal as if it had been amended to include the relevant information con-

14   tained in later-filed affidavits) (citing Willingham v. Morgan, 395 U.S. 402, 407 n.3

15   (1969)).[3]

16

17   [3] Some Ninth Circuit cases suggest that when ruling on a remand motion, courts
     generally determine removability from the complaint and removal notice as they existed
18   at the time of removal. See 2 SCHWARZER, TASHIMI & WAGSTUTTE, FEDERAL CIVIL
     PROCEDURE BEFORE TRIAL § 2:1096 (2007) (citing Gaus v. Miles, 980 F.2d 564, 567 (9th
19   Cir. 1992), and Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985)). Neither Gaus nor
20   Miller apply to Defendants' motion to amend the Removal Notice, and therefore are of no
     moment with respect to this Opposition. First, neither case reviewed motions to amend
21   removal notices under 28 U.S.C. § 1653. See Gaus, 980 F.2d at 565–66 (in response to
22   court's concerns regarding defendant's "amount in controversy" allegation, defendant
     only responded that Nevada Rule of Civil Procedure 8(a) prohibited plaintiff's demand
23   for a specific amount above $10,000); see also, Miller, 763 F.2d at 373. Second, a closer
     review of the cases reveals they support a court's review of post-removal evidence. See,
24   Gaus, 980 F.2d at 567 ("If [a party's jurisdictional allegations] are challenged by his
25   adversary . . . he must support them by *competent proof*.") (emphasis added). Notably, in
     Miller, even though the Ninth Circuit found that "on the face of the pleadings in [that]
26   case [that there were] substantial [questions] concerning the plaintiff's citizenship at the
     time of removal," the Ninth Circuit remanded the case to the District Court (not the
27   state court) to determine whether "diversity" had been established. Miller, 763 F.2d at
28   373.

                                                                        KYL_LB1117667

1       Paul Waldman and Kenneth Meister's Declarations in support of this

2  Opposition "shed light" on why this Court should deny Plaintiff's request to remand this

3  action. Since before July 13, 2007 and through the present, Wachovia's sole member,

4  WSFH, has been a citizen of state other than California. WSFH was organized under

5  the laws of the State of Delaware. (Waldman Decl., ¶ 5.) WSFH's principal place of

6  business is located in Richmond, Virginia. (Waldman Decl., ¶ 5.) Furthermore, on since

7  before July 13, 2007, WSFH's two members, WSH and PSG were non-California citizens.

8  First, WSH has been organized under the laws of the State of Delaware since before

9  July 13, 2007. (Waldman Decl., ¶ 7.) WSH's principal place of business is located in

10 Charlotte, North Carolina. (Waldman Decl., ¶ 7.) Second, PSG was incorporated under

11 the laws of the State of Delaware. (Meister Decl., ¶ 4.) PSG's principal place of business

12 is located in New York.[4] (Meister Decl., ¶ 4.) Additionally, WSH's sole member, Everen,

13 has been a citizen of state other than California since before July 13, 2007. Everen was

14 incorporated under the laws of the State of Delaware and its principal place of business

15 is located in Charlotte, North Carolina.[5] (Waldman Decl., ¶ 9.) In short, none of these

16 entities, the corporate parents of Wachovia, are citizens of California.

17      Critically, Paul Waldman and Kenneth Meister's Declarations in Support of

18 Opposition to Plaintiff's Motion to Remand and Motion for Leave to Amend Removal

19 Notice provide the same evidence which the Ninth Circuit found sufficient to support

20 diverse citizenship of an LLC in Johnson. See 437 F.3d at 899 (finding affidavit of LLC's

21 officer regarding LLC's members' states of incorporation and principal places of business

22 evidence of diverse citizenship). Therefore, through Paul Waldman and Kenneth

23 

24 [4] As PSG is a corporation, the analysis ends here as to this member. There is no need to look further and examine the citizenship of PSG's members. See United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002) ("a corporation shall be deemed to

25 be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.") (citations omitted); C.T. Carden v. Arkoma Associates,

26 494 U.S. 185, 188–189 (1990) (confirming the well established rule that a corporation

27 may be considered a citizen of the state which created it).

28 [5] As Everen is a corporation, the analysis of its citizenship ends here.

                                                                          KYL_LB1117667

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT )

1   Meister's Declarations, Defendants have met their burden of proving removal of

2   Plaintiff's state court action was appropriate.  See id.; see also, United Computer Sys.,

3   Inc. v. AT&T Corp., 298 F.3d 756, 764 (9th Cir. 2002) (holding affidavits of knowledgea-

4   ble company officials specifying the state of incorporation and principal place of business

5   supported district court's denial of motion to remand).  Accordingly, this Court should

6   deny Plaintiff's Motion to Remand.

7

8   **B.    REMOVAL OF THIS ACTION WAS NOT "PROCEDURALLY**

9   **IMPROPER" BECAUSE TBIG HAD LEGAL CAPACITY TO JOIN IN**

10  **DEFENDANTS' REMOVAL NOTICE.**

11      **1.    TBIG Had Capacity To Join In Defendants' Removal Notice**

12      **Because Revocation Of A Corporation Does Not Terminate Its**

13      **Existence.**

14          Dr. Ettare seeks to have this matter remanded alleging that "TBIG was

15  incapable of filing a notice of joinder on August 27 when this action was removed due to

16  its status as a revoked Nevada corporation on that date."  (See Memorandum of Points

17  and Authorities in Support of Motion to Remand, at p. 5.)  However, the revocation of a

18  corporation's charter by a state's administration does not preclude that company from

19  being sued and defending itself in a lawsuit.  In Clipper Air Cargo Inc. v. Aviation

20  Products International, Inc., the case applying Nevada law cited by Plaintiff, the court

21  held that "revocation does not immediately terminate the corporation's existence."

22  981 F. Supp. 956 (D.S.C. 1997).  Indeed, Clipper Air held that a revoked corporation

23  should be treated as a dissolved corporation, which retained the capacity to sue and be

24  sued.  Id. at 958–59 n.3, 4 & 5.  Therefore, TBIG had capacity to appear in this matter

25  and join in the Removal Notice.  See Wild v. Subscription Plus, Inc., 292 F.3d 526, 528–

26  29 (7th Cir. 2002) (finding that the revocation of Subscription Plus's corporate charter

27  did not affect its status for diversity purposes, and that "[m]ost states sensibly permit a

28  corporation whose charter has been revoked to continue nevertheless to operate as a

1   corporation, specifically for the purpose of suing and being sued."). <u>See also</u>

2   16A WILLIAM M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS, § 3844

3   (2007).

4          If Dr. Ettare were correct in her allegation at page 5 of the Memorandum of

5   Points and Authorities in Support of Motion to Remand, and "TBIG was incapable of

6   filing a notice of joinder, or otherwise participating in this litigation," including TBIG in

7   this suit would be meaningless.  In that case, it would be irrelevant that TBIG didn't

8   have legal capacity to join Defendants' Removal Notice, complete diversity of the parties

9   would still exist, and removal to this court would be appropriate.

10         **2.      The Reinstatement Of TBIG'S Corporate Status In Nevada Is**

11               **Retroactive And Validates Its Joinder In The Notice Of**

12               **Removal.**

13         Dr. Ettare concedes that TBIG reinstated its corporate charter shortly after

14  removal, on August 31, 2007, but sustains that Nevada law is silent of that point, and

15  therefore, reinstatement should apply prospectively, and not retrospectively.  Dr. Ettare

16  is mistaken.  Under Nevada law, even if TBIG lacked capacity to join in Defendants'

17  Notice of Removal on August 27, 2007, the reinstatement of TBIG's Nevada corporate

18  status on August 31, 2007 operates retroactively and validates TBIG's joinder in the

19  Removal.  NEV. REV. STAT. § 78.180(5).[6]

20         Nevada Revised Statute section 78.180(5) establishes that reinstatement of

21  a corporation pursuant to that statute "*relates back* to the date on which the corporation

22  forfeited its right to transact business under the provisions of this chapter and reinstates

23  the corporation's right to transact business *as if such right had at all times remained in*

24  *full force and effect.*"  (NEV. REV. STAT. § 78.180(5) (emphasis added).)  Thus, the rein-

25  statement of TBIG's corporate status on August 31, 2007 relates back to November 1,

26  ///

27  _____

28  [6] Subsection (5) of Nevada Revised Statute section 78.180 was approved by the Governor
    of Nevada on June 13, 2007.  <u>See</u> 2007 Nevada Laws Ch. 456 (S.B. 483).

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT )

1   2002, the date it was revoked, and validates TBIG's acts as if the corporation had never

2   fallen out of status—including its joining the Removal Notice.

3         The retroactive effect of Nevada law is not contrary to 28 U.S.C. § 1446(b)

4   because it does not extend the 30-day period to seek removal. TBIG did in fact seek

5   removal on August 27. Assuming for sake of the argument that TBIG did not have

6   capacity to join Wachovia and Wieland on that day, it gained such capacity on

7   August 31, when it reinstated its right to transact business "as if such right had at all

8   times remained in full force and effect" NEV. REV. STAT. § 78.180(5). Thus, TBIG's

9   August 27 joinder had the same effect it would if TBIG's status had never been revoked.

10         Lastly, it is undisputed that TBIG's corporate charter now has been rein-

11   stated. Therefore, it was fully capable of joining Defendants' request for leave to amend

12   the Removal Notice.

13

14   **C.**    **PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED**

15           **BECAUSE DEFENDANTS HAVE ESTABLISHED COMPLETE**

16           **DIVERSITY OF THE PARTIES.**

17         The doubts cast by Dr. Ettare concerning TBIG's citizenship are nothing

18   but speculations, and are nevertheless rebutted by Baratta's Declaration in Support of

19   Defendants' Motion for Leave to Amend and Opposition to Plaintiff's Motion to Remand.

20         Dr. Ettare alleges that at the time removal was sought, TBIG was a citizen

21   of California because its principal place of business has been in California, and not

22   Nevada. Dr. Ettare bases that allegation on the fact that TBIG's form ADV from 2005,

23   attached to Cooke's Declaration in Support of the Motion to Remand, sets forth 650 area

24   code telephone numbers, but does not identify a business address in California or

25   Nevada. Dr. Ettare also alleges that she first encountered TBIG and Baratta in

26   California, where she resides, and where Baratta maintains a residence.

27         As set forth in the Removal Notice, and confirmed by Baratta's Declaration

28   filed concurrently herewith, TBIG is a citizen of Nevada, and Nevada only, because it is

KYL_LB1117667

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT )

1   both incorporated in that state *and* maintains its principal place of business in Incline

2   Village, Nevada. (Baratta Decl., ¶¶ 5, 6; Exhibits A, B and C.) TBIG does not, and has

3   not in a very long time, conducted its business from California. In fact, TBIG's

4   California corporation merged into the Nevada corporation in November 2000, and

5   Baratta has been a Nevada resident since at least 2001. (Baratta Decl., ¶¶ 3, 6;

6   Exhibit C.)

7        Like TBIG's corporate filings with the State of Nevada, TBIG's form ADV

8   does set forth its principal place of business in Incline Village, Nevada. (Baratta Decl.,

9   Exhibit B.) The fact that the form ADV lists a 650 area code number is irrelevant. That

10  is a cellular phone billed to Baratta's address in Nevada, which works internationally

11  and replaced TBIG's previous 877 number. (Baratta Decl., ¶ 8.) The 650 numbers con-

12  tained on Schedule D, page 1 of the form ADV, attached as Exhibit A to Cooke's

13  Declaration, relate to the location where TBIG kept certain books and records *other* than

14  its principal place of business. Those numbers are no longer utilized by TBIG. (Baratta

15  Decl., ¶ 8.)

16       That Plaintiff alleges she first met TBIG and Baratta in California is not

17  surprising since she resides in California and Baratta spent considerable time there in

18  2001 when she opened her Wachovia account. But that bears no relevance to TBIG's or

19  Baratta's citizenship at the time the Complaint was filed and on the date removal was

20  sought. See Stortek Corp. v. Air Transport Ass. of Am., 300 F.3d 1129, 1131 (9th Cir.

21  1986).

22       Since none of the Defendants are California residents Dr. Ettare's Motion

23  to Remand should be denied.

24  ///

25

26

27

28  ///

KYL_LB1117667

DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case No. C-07-04429-JW (PVT )

1

## IV.

## CONCLUSION

In light of the foregoing, Defendants request that this Court deny

Dr. Ettare's motion to remand.

DATED:  October 29, 2007                    /s/ Terry Ross
                                            _____
                                            TERRY ROSS
                                            AUDETTE PAUL MORALES
                                            KEESAL, YOUNG & LOGAN
                                            Attorneys for Defendants
                                            WACHOVIA SECURITIES, LLC and
                                            MARK WIELAND


DATED:  October 29, 2007                    /s/
                                            _____
                                            GILBERT R. SEROTA
                                            HOWARD RICE NEMEROVSKI CANADY
                                                FALK & RABKIN
                                            Attorneys for Defendants
                                            JOSEPH E. BARATTA and TBIG
                                            FINANCIAL SERVICES, INC.

KYL_LB1117667
DEFENDANTS' JOINT OPPOSITION TO MOTION TO REMAND – Case  No. C-07-04429-JW (PVT )