TERRY ROSS, CASB No. 58171
terry.ross@kyl.com
AUDETTE PAUL MORALES, CASB No. 216631
audette.morales@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

Attorneys for Defendants
WACHOVIA SECURITIES, LLC and MARK WIELAND

GILBERT R. SEROTA, No. 75305
gserota@howardrice.com
HOWARD RICE NEMEROVSKI
    CANADY FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: (415) 434-1600
Facsimile: (415) 217-5910

Attorneys for Defendants
JOSEPH E. BARATTA and TBIG FINANCIAL
SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1-25,<br><br>　　　　　　Defendants. | Case No. C-07-04429-JW (PVT)<br><br>**DEFENDANTS' JOINT NOTICE OF LODGMENT OF AUTHORITIES IN SUPPORT OF THEIR JOINT OPPOSITION TO MOTION TO REMAND AND THEIR JOINT MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL**<br><br>Date:　Monday, December 3, 2007<br>Time:　9:00 a.m.<br>Place:　Courtroom 8, 4th Floor |

///

TO PLAINTIFF VIOLETTA ETTARE AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that attorneys for Defendants WACHOVIA SECURITIES, LLC, MARK WIELAND, TBIG FINANCIAL SERVICES, INC. and JOSEPH E. BARATTA hereby lodge true and correct copies of the following authorities in support of their Joint Opposition to Motion to Remand and their Joint Motion for Leave to Amend Notice of Removal.

1. 2007 Nevada Laws Ch. 456 (S.B. 483)
2. Nevada Revised Statute § 78.180(5);
3. 16A WILLIAM M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS, § 3844 (2007);
4. 61B AM. JUR. 2D *Pleading* § 806 (2007).

DATED: October 29, 2007

/s/ Terry Ross
TERRY ROSS
AUDETTE PAUL MORALES
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
WACHOVIA SECURITIES, LLC and
MARK WIELAND

DATED: October 29, 2007

/s/
GILBERT R. SEROTA
HOWARD RICE NEMEROVSKI CANADY
  FALK & RABKIN
Attorneys for Defendants
JOSEPH E. BARATTA and TBIG
FINANCIAL SERVICES, INC.

Westlaw.

NV LEGIS 456 (2007)                FOR EDUCATIONAL USE ONLY                          Page 1
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)


NEVADA 2007 SESSION LAWS
REGULAR SESSION OF THE 74TH LEGISLATURE (2007)

Copr. © 2007 Thomson/West


Additions are indicated by Text; deletions by
~~Text~~.

Ch. 456
S.B. No. 483
CORPORATIONS--PROPERTY--UNIFORM PARTNERSHIP ACT

AN ACT relating to business; revising provisions relating to corporations; revising the provisions relating to the reinstatement, renewal or revival of certain business associations; revising provisions relating to limited-liability companies; revising the applicability of the Uniform Partnership Act (1997); revising provisions relating to professional corporations and associations; revising provisions relating to the exemption of certain property of judgment debtors from attachment or execution; requiring financing statements of a transmitting utility to be filed in the Office of the Secretary of State; revising provisions relating to a trustee's power of sale involving real property; making various other changes relating to business; and providing other matters properly relating thereto.

**Legislative Counsel's Digest:**

Section 1 of this bill expands a corporation's powers to include the specific renunciation of certain business opportunities. (NRS 78.070) Section 2 of this bill clarifies existing law to specify that a board of directors may authorize a transaction by written consent even if the votes of common and interested directors are not counted and regardless of whether the members whose votes are not counted join or abstain from joining in such authorization. (NRS 78.140)

Existing law sets forth provisions relating to the reinstatement, renewal or revival of certain business associations. (NRS 78.180, 78.740, 80.170, 82.5237, 82.546, 84.150, 86.276, 86.5467, 86.580, 87.530, 87.5435, 88.410, 88.594, 88A.650, 88A.737, 89.256) Sections 3, 10-14, 17, 21, 22, 28-33 and 44 of this bill provide that a reinstatement, renewal or revival of certain business associations relate back to the date of forfeiture.

Section 5 of this bill prohibits a corporation from issuing stock certificates in bearer form. (NRS 78.235)

Existing law requires written consent to be signed by all members of a board or committee of a corporation before taking certain actions. (NRS 78.315) Section 6 of this bill establishes provisions exempting certain directors from signing such written consent.

Existing law requires directors of every corporation to be elected by a plurality of votes cast at the annual stockholders' meeting. (NRS 78.330) Section 8 of this bill allows the articles of incorporation or bylaws to require more than a plurality of the vote.

Section 15 of this bill establishes provisions allowing the dissolution of a limited-liability company before the commencement of any business. Section 16 of this bill provides limitations on liability by providing that a limited-liability company is an entity distinct from its managers and members. (NRS 86.201)

Existing law establishes provisions relating to the operating agreement of a limited-liability company. (NRS 86.286) Section 18 of this bill provides that an operating agreement adopted after the filing of the articles of incorporation or after the formation of the limited-liability company may be enforced against the limited-liability

Copr. © West 2007 No Claim to Orig. Govt. Works

EXHIBIT 1

NV LEGIS 456 (2007)　　　　　FOR EDUCATIONAL USE ONLY　　　　　Page 2
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

company whether or not it assents to the agreement.

**Section 20** of this bill expands the class of members which may bring an action on behalf of a limited-liability company to include noneconomic members. (NRS 86.483) **Section 26** of this bill revises the provisions concerning applicability of the Uniform Partnership Act (1997). (NRS 87.025, 87.4314) **Section 27** of this bill revises the filing requirements for a registered limited-liability partnership to exclude the filing of a statement of the professional service rendered by the partnership. (NRS 87.440) **Sections 34-43** of this bill revise the provisions relating to professional corporations and associations to reflect the inclusion of all professional entities and the formation of professional limited-liability companies. (NRS 89.020, 89.025, 89.030-89.110).

Existing law establishes the right of shareholders to dissent from corporate actions. (NRS 92A.380) **Section 45** of this bill prohibits a dissenting shareholder to vote his shares or to receive certain dividends or distributions after his dissent.

Existing law exempts certain property of a judgment debtor from attachment or execution. (NRS 21.075, 21.090, 31.045) **Sections 46-48** of this bill limit the exemption of payments received pursuant to the federal Social Security Act to such payments made for the individual support of the judgment debtor.

Existing law provides that a transmitting utility may file a financing statement in the Office of the Secretary of State or the county recorder of the appropriate county. (NRS 104.9501) **Section 49** of this bill no longer allows such financing statements to be filed in a county recorder's office.

Existing law sets forth certain requirements relating to a trustee's power of sale involving real property. (NRS 107.080) **Section 50** of this bill provides that, except under certain circumstances, for a sale to be declared void within 90 days after the date of the sale, an action must be commenced in the county where the sale took place and, within 30 days after commencing the action, notice of the action must be recorded in the office of the county recorder.

THE PEOPLE OF THE STATE OF NEVADA, REPRESENTED IN SENATE AND ASSEMBLY, DO ENACT AS FOLLOWS:

Section 1. NRS 78.070 is hereby amended to read as follows:

<< NV ST 78.070 >>

78.070 Subject to such limitations, if any, as may be contained in its articles of incorporation, every corporation has the following powers:

1. To borrow money and contract debts when necessary for the transaction of its business, or for the exercise of its corporate rights, privileges or franchises, or for any other lawful purpose of its incorporation and to issue bonds, promissory notes, bills of exchange, debentures, and other obligations and evidences of indebtedness, payable at a specified time or times, or payable upon the happening of a specified event or events, whether secured by mortgage, pledge or other security, or unsecured, for money borrowed, or in payment for property purchased or acquired, or for any other lawful object.

2. To guarantee, purchase, hold, take, obtain, receive, subscribe for, own, use, dispose of, sell, exchange, lease, lend, assign, mortgage, pledge, or otherwise acquire, transfer or deal in or with bonds or obligations of, or shares, securities or interests in or issued by, any person, government, governmental agency or political subdivision of government, and to exercise all the rights, powers and privileges of ownership of such an interest, including the right to vote, if any.

3. To purchase, hold, sell, pledge and transfer shares of its own stock, and use therefor its property or money.

4. To conduct business, have one or more offices, and hold, purchase, lease, mortgage, convey and take by devise or bequest real and personal property in this State, and in any of the several states, territories, possessions and

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)                FOR EDUCATIONAL USE ONLY                                    Page 3
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

dependencies of the United States, the District of Columbia, Puerto Rico and any foreign countries.

5. To do everything necessary and proper for the accomplishment of the objects enumerated in its articles of incorporation or necessary or incidental to the protection and benefit of the corporation, and, in general, to carry on any lawful business necessary or incidental to the attainment of the objects of the corporation, whether or not the business is similar in nature to the objects set forth in the articles of incorporation, except that:

(a) A corporation created under the provisions of this chapter does not possess the power of issuing bills, notes or other evidences of debt for circulation of money; and

(b) This chapter does not authorize the formation of banking corporations to issue or circulate money or currency within this State, or outside of this State, or at all, except the federal currency, or the notes of banks authorized under the laws of the United States.

6. To make donations for the public welfare or for charitable, scientific or educational purposes.

7. To enter into any relationship with another person in connection with any lawful activities.

8. To renounce in its articles of incorporation or by action by the board of directors any interest or expectancy to participate in specified business opportunities or specified classes or categories of business opportunities that are presented to the corporation or one or more of its officers, directors or stockholders.

Sec. 2. NRS 78.140 is hereby amended to read as follows:

<< NV ST 78.140 >>

78.140 1. A contract or other transaction is not void or voidable solely because:

(a) The contract or transaction is between a corporation and:

(1) One or more of its directors or officers; or

(2) Another corporation, firm or association in which one or more of its directors or officers are directors or officers or are financially interested;

(b) A common or interested director or officer:

(1) Is present at the meeting of the board of directors or a committee thereof which authorizes or approves the contract or transaction; or

(2) Joins in the signing of a written consent which authorizes or approves the contract or transaction pursuant to subsection 2 of NRS 78.315; or

(c) The vote or votes of a common or interested director are counted for the purpose of authorizing or approving the contract or transaction,

if one of the circumstances specified in subsection 2 exists.

2. The circumstances in which a contract or other transaction is not void or voidable pursuant to subsection 1 are:

(a) The fact of the common directorship, office or financial interest is known to the board of directors or committee, and the board or committee authorizes, approves or ratifies the contract or transaction in good faith by a vote sufficient for the purpose without counting the vote or votes of the common or interested director or directors.

(b) The fact of the common directorship, office or financial interest is known to the stockholders, and they approve

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)　　　　　FOR EDUCATIONAL USE ONLY　　　　　　　　　　　Page 4
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

or ratify the contract or transaction in good faith by a majority vote of stockholders holding a majority of the voting power. The votes of the common or interested directors or officers must be counted in any such vote of stockholders.

(c) The fact of the common directorship, office or financial interest is not known to the director or officer at the time the transaction is brought before the board of directors of the corporation for action.

(d) The contract or transaction is fair as to the corporation at the time it is authorized or approved.

3. Common or interested directors may be counted in determining the presence of a quorum at a meeting of the board of directors or a committee thereof which authorizes, approves or ratifies a contract or transaction, and if the votes of the common or interested directors are not counted at the meeting, then a majority of the disinterested directors may authorize, approve or ratify a contract or transaction.

4. The fact that the vote or votes of the common or interested director or directors are not counted for purposes of subsection 2 does not prohibit any authorization, approval or ratification of a contract or transaction to be given by written consent pursuant to subsection 2 of NRS 78.315 regardless of whether the common or interested director signs such written consent or abstains in writing from providing consent.

5. Unless otherwise provided in the articles of incorporation or the bylaws, the board of directors, without regard to personal interest, may establish the compensation of directors for services in any capacity. If the board of directors establishes the compensation of directors pursuant to this subsection, such compensation is presumed to be fair to the corporation unless proven unfair by a preponderance of the evidence.

Sec. 3. NRS 78.180 is hereby amended to read as follows:

## << NV ST 78.180 >>

78.180 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate a corporation which has forfeited or which forfeits its right to transact business pursuant to the provisions of this chapter and shall restore to the corporation its right to carry on business in this State, and to exercise its corporate privileges and immunities, if it:

(a) Files with the Secretary of State:

(1) The list required by NRS 78.150;

(2) The statement required by NRS 78.153, if applicable; and

(3) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 78.150 and 78.170 for each year or portion thereof during which it failed to file each required annual list in a timely manner;

(2) The fee set forth in NRS 78.153, if applicable; and

(3) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the corporation, he shall issue to the corporation a certificate of reinstatement if the corporation:

(a) Requests a certificate of reinstatement; and

Copr. © West 2007 No Claim to Orig. Govt. Works

(b) Pays the required fees pursuant to subsection 8 of NRS 78.785.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid, and the revocation of the charter occurred only by reason of failure to pay the fees and penalties.

4. If a corporate charter has been revoked pursuant to the provisions of this chapter and has remained revoked for a period of 5 consecutive years, the charter must not be reinstated.

5. Except as otherwise provided in NRS 78.185, a reinstatement pursuant to this section relates back to the date on which the corporation forfeited its right to transact business under the provisions of this chapter and reinstates the corporation's right to transact business as if such right had at all times remained in full force and effect.

Sec. 4. NRS 78.185 is hereby amended to read as follows:

<< NV ST 78.185 >>

78.185 1. Except as otherwise provided in subsection 2, if a corporation applies to reinstate or revive its charter but its name has been legally reserved or acquired by another artificial person formed, organized, registered or qualified pursuant to the provisions of this title whose name is on file with the Office of the Secretary of State or reserved in the Office of the Secretary of State pursuant to the provisions of this title, the corporation shall in its application for reinstatement submit in writing to the Secretary of State some other name under which it desires its corporate existence to be reinstated or revived. If that name is distinguishable from all other names reserved or otherwise on file, the Secretary of State shall ~~reinstatement~~ reinstate the corporation under that new name. Upon the issuance of a certificate of reinstatement or revival under that new name, the articles of incorporation of the applying corporation shall be deemed to reflect the new name without the corporation having to comply with the provisions of NRS 78.385, 78.390 or 78.403.

2. If the applying corporation submits the written, acknowledged consent of the artificial person having a name, or the person who has reserved a name, which is not distinguishable from the old name of the applying corporation or a new name it has submitted, it may be reinstated or revived under that name.

3. For the purposes of this section, a proposed name is not distinguishable from a name on file or reserved name solely because one or the other contains distinctive lettering, a distinctive mark, a trademark or a trade name, or any combination of these.

4. The Secretary of State may adopt regulations that interpret the requirements of this section.

Sec. 5. NRS 78.235 is hereby amended to read as follows:

<< NV ST 78.235 >>

78.235 1. Except as otherwise provided in subsection 4, every stockholder is entitled to have a certificate, signed by officers or agents designated by the corporation for the purpose, certifying the number of shares ~~owned by him~~ in the corporation ~~owned by the stockholder. A corporation has no power to issue a certificate in bearer form, and any such certificate that is issued is void and of no force or effect.~~

2. Whenever any certificate is countersigned or otherwise authenticated by a transfer agent or transfer clerk, and by a registrar, then a facsimile of the signatures of the officers or agents, the transfer agent or transfer clerk or the registrar of the corporation may be printed or lithographed upon the certificate in lieu of the actual signatures. If a corporation uses facsimile signatures of its officers and agents on its stock certificates, it cannot act as registrar of its own stock, but its transfer agent and registrar may be identical if the institution acting in those dual capacities countersigns or otherwise authenticates any stock certificates in both capacities.

3. If any officer or officers who have signed, or whose facsimile signature or signatures have been used on, any certificate or certificates for stock cease to be an officer or officers of the corporation, whether because of death,

resignation or other reason, before the certificate or certificates have been delivered by the corporation, the certificate or certificates may nevertheless be adopted by the corporation and be issued and delivered as though the person or persons who signed the certificate or certificates, or whose facsimile signature or signatures have been used thereon, had not ceased to be an officer or officers of the corporation.

4. Unless otherwise provided in the articles of incorporation or bylaws, the board of directors may authorize the issuance of uncertificated shares of some or all of the shares of any or all of its classes or series. The issuance of uncertificated shares has no effect on existing certificates for shares until surrendered to the corporation, or on the respective rights and obligations of the stockholders. Unless otherwise provided by a specific statute, the rights and obligations of stockholders are identical whether or not their shares of stock are represented by certificates.

5. Within a reasonable time after the issuance or transfer of shares without certificates, the corporation shall send the stockholder a written statement containing the information required on the certificates pursuant to subsection 1. At least annually thereafter, the corporation shall provide to its stockholders of record, a written statement confirming the information contained in the informational statement previously sent pursuant to this subsection.

6. Unless otherwise provided in the articles of incorporation or bylaws, a corporation may issue a new certificate of stock or, if authorized by the board of directors pursuant to subsection 4, uncertificated shares in place of a certificate previously issued by it and alleged to have been lost, stolen or destroyed. A corporation may require an owner or legal representative of an owner of a lost, stolen or destroyed certificate to give the corporation a bond or other security sufficient to indemnify it against any claim that may be made against it for the alleged loss, theft or destruction of a certificate, or the issuance of a new certificate or uncertificated shares.

Sec. 6. NRS 78.315 is hereby amended to read as follows:

<< NV ST 78.315 >>

78.315 1. Unless the articles of incorporation or the bylaws provide for a greater or lesser proportion, a majority of the board of directors of the corporation then in office, at a meeting duly assembled, is necessary to constitute a quorum for the transaction of business, and the act of directors holding a majority of the voting power of the directors, present at a meeting at which a quorum is present, is the act of the board of directors.

2. Unless otherwise restricted by the articles of incorporation or bylaws, any action required or permitted to be taken at a meeting of the board of directors or of a committee thereof may be taken without a meeting if, before or after the action, a written consent thereto is signed by all the members of the board or of the committee *, except that such written consent is not required to be signed by:*

*(a) A common or interested director who abstains in writing from providing consent to the action. If a common or interested director abstains in writing from providing consent:*

*(1) The fact of the common directorship, office or financial interest must be known to the board of directors or committee before a written consent is signed by all the members of the board of the committee;*

*(2) Such fact must be described in the written consent;*

*(3) The board of directors or committee must approve, authorize or ratify the action in good faith by unanimous consent without counting the abstention of the common or interested director.*

*(b) A director who is a party to an action, suit or proceeding who abstains in writing from providing consent to the action of the board of directors or committee. If a director who is a party to an action, suit or proceeding abstains in writing from providing consent on the basis that he is a party to an action, suit or proceeding, the board of directors or committee must:*

*(1) Make a determination pursuant to NRS 78.751 that indemnification of the director is proper under the circumstances.*

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)	FOR EDUCATIONAL USE ONLY	Page 7
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

(2) Approve, authorize or ratify the action of the board of directors or committee, in good faith by unanimous consent without counting the abstention of the director who is a party to an action, suit or proceeding.

3. Unless otherwise restricted by the articles of incorporation or bylaws, members of the board of directors or the governing body of any corporation, or of any committee designated by such board or body, may participate in a meeting of the board, body or committee by means of a telephone conference or similar methods of communication by which all persons participating in the meeting can hear each other. Participation in a meeting pursuant to this subsection constitutes presence in person at the meeting.

Sec. 7. NRS 78.320 is hereby amended to read as follows:

<< NV ST 78.320 >>

78.320 1. Unless this chapter, the articles of incorporation or the bylaws provide for different proportions:

(a) A majority of the voting power, which includes the voting power that is present in person or by proxy, regardless of whether the proxy has authority to vote on all matters, constitutes a quorum for the transaction of business; and

(b) Action by the stockholders on a matter other than the election of directors is approved if the number of votes cast in favor of the action exceeds the number of votes cast in opposition to the action.

2. Unless otherwise provided in the articles of incorporation or the bylaws, any action required or permitted to be taken at a meeting of the stockholders may be taken without a meeting if, before or after the action, a written consent thereto is signed by stockholders holding at least a majority of the voting power, except that if a different proportion of voting power is required for such an action at a meeting, then that proportion of written consents is required.

3. In no instance where action is authorized by written consent need a meeting of stockholders be called or notice given.

4. Unless otherwise restricted by the articles of incorporation or bylaws, stockholders may participate in a meeting of stockholders by means of a telephone conference or similar methods of communication by which all persons participating in the meeting can hear each other. Participation in a meeting pursuant to this subsection constitutes presence in person at the meeting.

5. Unless ~~otherwise provided in~~ this chapter, the articles of incorporation or the bylaws ~~provide for different proportions,~~ if voting by a class or series of stockholders is permitted or required ~~,a:~~

(a) A majority of the voting power of the class or series that is present in person or by proxy, regardless of whether the proxy has authority to vote on all matters, constitutes a quorum for the transaction of business; and

(b) An act by the stockholders of each class or series is approved if a majority of the voting power of a quorum of the class or series votes for the action.

Sec. 8. NRS 78.330 is hereby amended to read as follows:

<< NV ST 78.330 >>

78.330 1. Unless elected pursuant to NRS 78.320, or unless the articles of incorporation or the bylaws require more than a plurality of the votes cast, directors of every corporation must be elected at the annual meeting of the stockholders by a plurality of the votes cast at the election. Unless otherwise provided in this chapter or in the bylaws, the board of directors has the authority to set the date, time and place for the annual meeting of the stockholders. If for any reason directors are not elected pursuant to NRS 78.320 or at the annual meeting of the stockholders, they may be elected at any special meeting of the stockholders which is called and held for that

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)  FOR EDUCATIONAL USE ONLY  Page 8
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

purpose. Unless otherwise provided in the articles of incorporation or bylaws, each director holds office after the expiration of his term until his successor is elected and qualified, or until he resigns or is removed.

2. The articles of incorporation or the bylaws may provide for the classification of directors as to the duration of their respective terms of office or as to their election by one or more authorized classes or series of shares, but at least one-fourth in number of the directors of every corporation must be elected annually. If an amendment reclassifying the directors would otherwise increase the term of a director, unless the amendment is to the articles of incorporation and otherwise provides, the term of each incumbent director on the effective date of the amendment terminates on the date it would have terminated had there been no reclassification.

3. The articles of incorporation may provide that the voting power of individual directors or classes of directors may be greater than or less than that of any other individual directors or classes of directors, and the different voting powers may be stated in the articles of incorporation or may be dependent upon any fact or event that may be ascertained outside the articles of incorporation if the manner in which the fact or event may operate on those voting powers is stated in the articles of incorporation. If the articles of incorporation provide that any directors may have voting power greater than or less than other directors, every reference in this chapter to a majority or other proportion of directors shall be deemed to refer to a majority or other proportion of the voting power of all of the directors or classes of directors, as may be required by the articles of incorporation.

Sec. 9. NRS 78.565 is hereby amended to read as follows:

<< NV ST 78.565 >>

78.565 1. Unless otherwise provided in the articles of incorporation, every corporation may, by action taken at any meeting of its board of directors, sell, lease or exchange all of its property and assets, including its goodwill and its corporate franchises, upon such terms and conditions as its board of directors may approve, when and as authorized by the affirmative vote of stockholders holding stock in the corporation entitling them to exercise at least a majority of the voting power [given at a stockholders' meeting called for that purpose.]

2. Unless otherwise provided in the articles of incorporation, a vote of stockholders is not necessary:

(a) For a transfer of assets by way of mortgage, or in trust or in pledge to secure indebtedness of the corporation; or

(b) To abandon the sale, lease or exchange of assets.

Sec. 10. NRS 78.740 is hereby amended to read as follows:

<< NV ST 78.740 >>

78.740 [1.] Any corporation existing on or incorporated after April 1, 1925, desiring to renew or revive its corporate existence, upon complying with the provisions of this chapter, is and continues for the time stated in its certificate of renewal to be a corporation, and in addition to the rights, privileges and immunities conferred by its original charter, possesses and enjoys all the benefits of this chapter that are applicable to the nature of its business, and is subject to the restrictions and liabilities by this chapter imposed on such corporations.

2. Except as otherwise provided in NRS 78.185, a renewal or revival pursuant to NRS 78.730 relates back to the date on which the corporation's charter expired or was revoked and renews or revives the corporation's charter and right to transact business as if such right had at all times remained in full force and effect.

Sec. 11. NRS 80.170 is hereby amended to read as follows:

<< NV ST 80.170 >>

80.170 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate a corporation which has forfeited or which forfeits its right to transact business under the provisions of this chapter and shall

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)      FOR EDUCATIONAL USE ONLY      Page 9
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

restore to the corporation its right to transact business in this State, and to exercise its corporate privileges and immunities, if it:

(a) Files with the Secretary of State:

(1) The list as provided in NRS 80.110 and 80.140;

(2) The statement required by NRS 80.115, if applicable; and

(3) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 80.110 and 80.150 for each year or portion thereof that its right to transact business was forfeited;

(2) The fee set forth in NRS 80.115, if applicable; and

(3) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the corporation, he shall issue to the corporation a certificate of reinstatement if the corporation:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to subsection 8 of NRS 78.785.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid and the revocation of the right to transact business occurred only by reason of failure to pay the fees and penalties.

4. If the right of a corporation to transact business in this State has been forfeited pursuant to the provisions of this chapter and has remained forfeited for a period of 5 consecutive years, the right is not subject to reinstatement.

5. Except as otherwise provided in NRS 80.175, a reinstatement pursuant to this section relates back to the date on which the corporation forfeited its right to transact business under the provisions of this chapter and reinstates the corporation's right to transact business as if such right had at all times remained in full force and effect.

Sec. 12. NRS 82.5237 is hereby amended to read as follows:

<< NV ST 82.5237 >>

82.5237 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate a foreign nonprofit corporation which has forfeited or which forfeits its right to transact business pursuant to the provisions of NRS 82.523 to 82.5239, inclusive, and restore to the foreign nonprofit corporation its right to transact business in this State, and to exercise its corporate privileges and immunities, if it:

(a) Files with the Secretary of State a list as provided in NRS 82.523; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 82.523 and 82.5235 for each year or portion thereof that its right to transact business was forfeited; and

(2) A fee of $100 for reinstatement.

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)        FOR EDUCATIONAL USE ONLY                         Page 10
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

2. When the Secretary of State reinstates the foreign nonprofit corporation, he shall issue to the foreign nonprofit corporation a certificate of reinstatement if the foreign nonprofit corporation:

(a) Requests a certificate of reinstatement; and

(b) Pays the fees as provided in subsection 8 of NRS 78.785.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid and the revocation of the right to transact business occurred only by reason of failure to pay the fees and penalties.

4. If the right of a foreign nonprofit corporation to transact business in this State has been forfeited pursuant to the provisions of this chapter and has remained forfeited for a period of 5 consecutive years, the right to transact business must not be reinstated.

5. Except as otherwise provided in NRS 82.5239, a reinstatement pursuant to this section relates back to the date on which the foreign nonprofit corporation forfeited its right to transact business under the provisions of this chapter and reinstates the foreign nonprofit corporation's right to transact business as if such right had at all times remained in full force and effect.

Sec. 13. NRS 82.546 is hereby amended to read as follows:

<< NV ST 82.546 >>

82.546  1. Any corporation which did exist or is existing pursuant to the laws of this State may, upon complying with the provisions of NRS 78.150 and 82.193, procure a renewal or revival of its charter for any period, together with all the rights, franchises, privileges and immunities, and subject to all its existing and preexisting debts, duties and liabilities secured or imposed by its original charter and amendments thereto, or its existing charter, by filing:

(a) A certificate with the Secretary of State, which must set forth:

(1) The name of the corporation, which must be the name of the corporation at the time of the renewal or revival, or its name at the time its original charter expired.

(2) The name and street address of the lawfully designated resident agent of the filing corporation, and his mailing address if different from his street address.

(3) The date when the renewal or revival of the charter is to commence or be effective, which may be, in cases of a revival, before the date of the certificate.

(4) Whether or not the renewal or revival is to be perpetual, and, if not perpetual, the time for which the renewal or revival is to continue.

(5) That the corporation desiring to renew or revive its charter is, or has been, organized and carrying on the business authorized by its existing or original charter and amendments thereto, and desires to renew or continue through revival its existence pursuant to and subject to the provisions of this chapter.

(b) A list of its president, secretary and treasurer and all of its directors and their mailing or street addresses, either residence or business.

2. A corporation whose charter has not expired and is being renewed shall cause the certificate to be signed by an officer of the corporation. The certificate must be approved by a majority of the last-appointed surviving directors.

3. A corporation seeking to revive its original or amended charter shall cause the certificate to be signed by its president or vice president and secretary or assistant secretary. The signing and filing of the certificate must be approved unanimously by the last-appointed surviving directors of the corporation and must contain a recital that

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)                FOR EDUCATIONAL USE ONLY                                Page 11
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

unanimous consent was secured. The corporation shall pay to the Secretary of State the fee required to establish a new corporation pursuant to the provisions of this chapter.

4. The filed certificate, or a copy thereof which has been certified under the hand and seal of the Secretary of State, must be received in all courts and places as prima facie evidence of the facts therein stated and of the existence and incorporation of the corporation named therein.

5. Except as otherwise provided in NRS 78.185, a renewal or revival pursuant to this section relates back to the date on which the corporation's charter expired or was revoked and renews or revives the corporation's charter and right to transact business as if such right had at all times remained in full force and effect.

Sec. 14. NRS 84.150 is hereby amended to read as follows:

<< NV ST 84.150 >>

84.150 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate any corporation sole which has forfeited its right to transact business under the provisions of this chapter and restore the right to carry on business in this State and exercise its corporate privileges and immunities, if it:

(a) Files with the Secretary of State a certificate of acceptance of appointment signed by the resident agent of the corporation; and

(b) Pays to the Secretary of State:

(1) The filing fees and penalties set forth in this chapter for each year or portion thereof during which its charter has been revoked; and

(2) A fee of $25 for reinstatement.

2. When the Secretary of State reinstates the corporation to its former rights, he shall:

(a) Immediately issue and deliver to the corporation a certificate of reinstatement authorizing it to transact business, as if the fees had been paid when due; and

(b) Upon demand, issue to the corporation a certified copy of the certificate of reinstatement.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid, and the revocation of its charter occurred only by reason of its failure to pay the fees and penalties.

4. If a corporate charter has been revoked pursuant to the provisions of this chapter and has remained revoked for 10 consecutive years, the charter must not be reinstated.

5. A reinstatement pursuant to this section relates back to the date on which the corporation forfeited its right to transact business under the provisions of this chapter and reinstates the corporation's right to transact business as if such right had at all times remained in full force and effect.

Sec. 15. Chapter 86 of NRS is hereby amended by adding thereto a new section to read as follows:

1. Before the commencement of business by any limited-liability company where management is vested in one or more managers and where no member's interest in the limited-liability company has been issued, at least two-thirds of the organizers or the managers of the limited-liability company may dissolve the limited-liability company by filing with the Secretary of State a certificate of dissolution to dissolve the limited-liability company.

2. A certificate of dissolution filed with the Secretary of State pursuant to subsection 1 must state that:

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)     FOR EDUCATIONAL USE ONLY     Page 12
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

(a) The management of the limited-liability company is vested in one or more managers;

(b) The limited-liability company has not commenced business; and

(c) No member's interest in the limited-liability company has been issued.

Sec. 16. NRS 86.201 is hereby amended to read as follows:

<< NV ST 86.201 >>

86.201 1. A limited-liability company is considered legally organized pursuant to this chapter upon:

(a) Filing the articles of organization with the Secretary of State or upon a later date specified in the articles of organization;

(b) Filing the certificate of acceptance of the resident agent with the Secretary of State; and

(c) Paying the required filing fees to the Secretary of State.

2. A limited-liability company must not transact business or incur indebtedness, except that which is incidental to its organization or to obtaining subscriptions for or payment of contributions, until the company is considered legally organized pursuant to subsection 1.

3. A limited-liability company is an entity distinct from its managers and members.

Sec. 17. NRS 86.276 is hereby amended to read as follows:

<< NV ST 86.276 >>

86.276 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate any limited-liability company which has forfeited or which forfeits its right to transact business pursuant to the provisions of this chapter and shall restore to the company its right to carry on business in this State, and to exercise its privileges and immunities, if it:

(a) Files with the Secretary of State:

(1) The list required by NRS 86.263;

(2) The statement required by NRS 86.264, if applicable; and

(3) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 86.263 and 86.272 for each year or portion thereof during which it failed to file in a timely manner each required annual list;

(2) The fee set forth in NRS 86.264, if applicable; and

(3) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the limited-liability company, he shall issue to the company a certificate of reinstatement if the limited-liability company:

(a) Requests a certificate of reinstatement; and

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)　　　　　FOR EDUCATIONAL USE ONLY　　　　　Page 13
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

(b) Pays the required fees pursuant to NRS 86.561.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid, and the revocation of the charter occurred only by reason of failure to pay the fees and penalties.

4. If a company's charter has been revoked pursuant to the provisions of this chapter and has remained revoked for a period of 5 consecutive years, the charter must not be reinstated.

5. Except as otherwise provided in NRS 86.278, a reinstatement pursuant to this section relates back to the date on which the company forfeited its right to transact business under the provisions of this chapter and reinstates the company's right to transact business as if such right had at all times remained in full force and effect.

Sec. 18. NRS 86.286 is hereby amended to read as follows:

<< NV ST 86.286 >>

86.286 1. A limited-liability company may, but is not required to, adopt an operating agreement. An operating agreement may be adopted only by the unanimous vote or unanimous written consent of the members, or by the sole member, and the operating agreement must be in writing. Unless otherwise provided in the operating agreement, amendments to the agreement may be adopted only by the unanimous vote or unanimous written consent of the persons who are members at the time of amendment.

2. An operating agreement may be adopted before, after or at the time of the filing of the articles of organization and, whether entered into before, after or at the time of the filing, may become effective at the formation of the limited-liability company or at a later date specified in the operating agreement. If an operating agreement is adopted ~~before~~:

(a) Before the filing of the articles of organization or before the effective date of formation specified in the articles of organization, the operating agreement is not effective until the effective date of formation of the limited-liability company.

(b) After the filing of the articles of organization or after the effective date of formation specified in the articles of organization, the operating agreement binds the limited-liability company and may be enforced whether or not the limited-liability company assents to the operating agreement.

3. An operating agreement may provide that a certificate of limited-liability company interest issued by the limited-liability company may evidence a member's interest in a limited-liability company.

Sec. 19. (Deleted by amendment.)

Sec. 20. NRS 86.483 is hereby amended to read as follows:

<< NV ST 86.483 >>

86.483 A member, ~~when permitted~~ including a noneconomic member unless otherwise prohibited by the terms of the articles of organization or operating agreement, may bring an action in the right of a limited-liability company to recover a judgment in its favor if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed.

Sec. 21. NRS 86.5467 is hereby amended to read as follows:

<< NV ST 86.5467 >>

86.5467 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate a foreign

Copr. © West 2007 No Claim to Orig. Govt. Works