NV LEGIS 456 (2007)　　　　FOR EDUCATIONAL USE ONLY　　　　　　　　　　Page 14
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

limited-liability company which has forfeited or which forfeits its right to transact business under the provisions of this chapter and shall restore to the foreign limited-liability company its right to transact business in this State, and to exercise its privileges and immunities, if it:

(a) Files with the Secretary of State:

(1) The list required by NRS 86.5461;

(2) The statement required by NRS 86.5462, if applicable; and

(3) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 86.5461 and 86.5465 for each year or portion thereof that its right to transact business was forfeited;

(2) The fee set forth in NRS 86.5462, if applicable; and

(3) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the foreign limited-liability company, he shall issue to the foreign limited-liability company a certificate of reinstatement if the foreign limited-liability company:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to NRS 86.561.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid and the revocation of the right to transact business occurred only by reason of failure to pay the fees and penalties.

4. If the right of a foreign limited-liability company to transact business in this State has been forfeited pursuant to the provisions of this chapter and has remained forfeited for a period of 5 consecutive years, the right must not be reinstated.

5. Except as otherwise provided in NRS 86.5468, a reinstatement pursuant to this section relates back to the date on which the foreign limited-liability company forfeited its right to transact business under the provisions of this chapter and reinstates the foreign limited-liability company's right to transact business as if such right had at all times remained in full force and effect.

Sec. 22. NRS 86.580 is hereby amended to read as follows:

<< NV ST 86.580 >>

86.580 1. A limited-liability company which did exist or is existing pursuant to the laws of this State may, upon complying with the provisions of NRS 86.276, procure a renewal or revival of its charter for any period, together with all the rights, franchises, privileges and immunities, and subject to all its existing and preexisting debts, duties and liabilities secured or imposed by its original charter and amendments thereto, or existing charter, by filing:

(a) A certificate with the Secretary of State, which must set forth:

(1) The name of the limited-liability company, which must be the name of the limited-liability company at the time of the renewal or revival, or its name at the time its original charter expired.

(2) The name of the person lawfully designated as the resident agent of the limited-liability company, his street

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)　　　　FOR EDUCATIONAL USE ONLY　　　　　　　　　　Page 15
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

address for the service of process, and his mailing address if different from his street address.

(3) The date when the renewal or revival of the charter is to commence or be effective, which may be, in cases of a revival, before the date of the certificate.

(4) Whether or not the renewal or revival is to be perpetual, and, if not perpetual, the time for which the renewal or revival is to continue.

(5) That the limited-liability company desiring to renew or revive its charter is, or has been, organized and carrying on the business authorized by its existing or original charter and amendments thereto, and desires to renew or continue through revival its existence pursuant to and subject to the provisions of this chapter.

(b) A list of its managers, or if there are no managers, all its managing members and their mailing or street addresses, either residence or business.

2. A limited-liability company whose charter has not expired and is being renewed shall cause the certificate to be signed by its manager, or if there is no manager, by a person designated by its members. The certificate must be approved by a majority in interest.

3. A limited-liability company seeking to revive its original or amended charter shall cause the certificate to be signed by a person or persons designated or appointed by the members. The signing and filing of the certificate must be approved by the written consent of a majority in interest and must contain a recital that this consent was secured. The limited-liability company shall pay to the Secretary of State the fee required to establish a new limited-liability company pursuant to the provisions of this chapter.

4. The filed certificate, or a copy thereof which has been certified under the hand and seal of the Secretary of State, must be received in all courts and places as prima facie evidence of the facts therein stated and of the existence of the limited-liability company therein named.

==5. Except as otherwise provided in NRS 86.278, a renewal or revival pursuant to this section relates back to the date on which the limited-liability company's charter expired or was revoked and renews or revives the limited-liability company's charter and right to transact business as if such right had at all times remained in full force and effect.==

Sec. 23. NRS 87.020 is hereby amended to read as follows:

<< NV ST 87.020 >>

87.020 As used in NRS 87.010 to 87.430, inclusive, unless the context otherwise requires:

1. "Bankrupt" includes bankrupt under the Federal Bankruptcy Act or insolvent under any state insolvent act.

2. "Conveyance" includes every assignment, lease, mortgage or encumbrance.

3. "Court" includes every court and judge having jurisdiction in the case.

4. "Real property" includes land and any interest or estate in land.

5. "Registered limited-liability partnership" means a partnership formed pursuant to an agreement governed by NRS 87.010 to 87.430, inclusive, ~~for the purpose of rendering a professional service~~ and registered pursuant to and complying with NRS 87.440 to 87.560, inclusive.

Sec. 24. (Deleted by amendment.)

Sec. 25. NRS 87.4311 is hereby amended to read as follows:

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007) FOR EDUCATIONAL USE ONLY Page 16
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

<< NV ST 87.4311 >>

87.4311 "Registered limited-liability partnership" means a partnership formed pursuant to an agreement governed by NRS 87.4301 to 87.4357, inclusive, ~~for the purpose of rendering a professional service~~ and registered pursuant to and complying with NRS 87.440 to 87.560, inclusive.

Sec. 26. NRS 87.4314 is hereby amended to read as follows: 87.4314 The provisions of NRS 87.4301 to 87.4357, inclusive, apply to a partnership:

<< NV ST 87.4314 >>

1. Which ~~was formed before July 1, 2006; or~~

~~2. Which is formed on or after July 1, 2006,~~

~~and which~~ voluntarily elects to be governed by the provisions of NRS 87.4301 to 87.4357, inclusive. **; or**

**2. Which is formed on or after July 1, 2006, and which does not voluntarily elect to be governed by the provisions of NRS 87.010 to 87.430, inclusive.**

Sec. 27. NRS 87.440 is hereby amended to read as follows:

<< NV ST 87.440 >>

87.440 1. To become a registered limited-liability partnership, a partnership shall file with the Secretary of State a certificate of registration stating each of the following:

(a) The name of the partnership.

(b) The street address of its principal office.

(c) The name of the person designated as the partnership's resident agent, the street address of the resident agent where process may be served upon the partnership and the mailing address of the resident agent if it is different than his street address.

(d) The name and business address of each managing partner in this State.

(e) ~~A brief statement of the professional service rendered by the partnership.~~

~~(f)~~ That the partnership thereafter will be a registered limited-liability partnership.

~~(g)~~ **(f)** Any other information that the partnership wishes to include.

2. The certificate of registration must be signed by a majority in interest of the partners or by one or more partners authorized to sign such a certificate.

3. The certificate of registration must be accompanied by a fee of $75.

4. The Secretary of State shall register as a registered limited-liability partnership any partnership that submits a completed certificate of registration with the required fee.

5. The registration of a registered limited-liability partnership is effective at the time of the filing of the certificate of registration.

Sec. 28. NRS 87.530 is hereby amended to read as follows:

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)          FOR EDUCATIONAL USE ONLY                                    Page 17
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

<< NV ST 87.530 >>

87.530 1. Except as otherwise provided in subsection 3, the Secretary of State shall reinstate the certificate of registration of a registered limited-liability partnership that is revoked pursuant to NRS 87.520 if the registered limited-liability partnership:

(a) Files with the Secretary of State:

(1) The information required by NRS 87.510; and

(2) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The fee required to be paid pursuant to NRS 87.510;

(2) Any penalty required to be paid pursuant to NRS 87.520; and

(3) A reinstatement fee of $300.

2. When the Secretary of State reinstates the registered limited-liability partnership, he shall issue to the registered limited-liability partnership a certificate of reinstatement if the registered limited-liability partnership:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to NRS 87.550.

3. The Secretary of State shall not reinstate the certificate of registration of a registered limited-liability partnership if the certificate was revoked pursuant to the provisions of this chapter at least 5 years before the date of the proposed reinstatement.

4. Except as otherwise provided in NRS 87.455, a reinstatement pursuant to this section relates back to the date on which the registered limited-liability partnership's certificate of registration was revoked and reinstates the registered limited-liability's certificate of registration as if such certificate had at all times remained in full force and effect.

Sec. 29. NRS 87.5435 is hereby amended to read as follows:

<< NV ST 87.5435 >>

87.5435 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate a foreign registered limited-liability partnership which has forfeited or which forfeits its right to transact business under the provisions of this chapter and shall restore to the foreign registered limited-liability partnership its right to transact business in this State, and to exercise its privileges and immunities, if it:

(a) Files with the Secretary of State:

(1) The list required by NRS 87.541; and

(2) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 87.541 and 87.5425 for each year or portion thereof that its right to transact business was forfeited; and

Copr. © West 2007 No Claim to Orig. Govt. Works

Case 5:07-cv-04429-JW    Document 25    Filed 10/29/2007    Page 5 of 20

NV LEGIS 456 (2007)            FOR EDUCATIONAL USE ONLY                          Page 18
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

(2) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the foreign registered limited-liability partnership, he shall issue to the foreign registered limited-liability partnership a certificate of reinstatement if the foreign registered limited-liability partnership:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to NRS 87.550.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid and the revocation of the right to transact business occurred only by reason of failure to pay the fees and penalties.

4. If the right of a foreign registered limited-liability partnership to transact business in this State has been forfeited pursuant to the provisions of this chapter and has remained forfeited for a period of 5 consecutive years, the right to transact business must not be reinstated.

5. Except as otherwise provided in NRS 87.544, a reinstatement pursuant to this section relates back to the date on which the foreign registered limited-liability partnership forfeited its right to transact business under the provisions of this chapter and reinstates the foreign registered limited-liability partnership's right to transact business as if such right had at all times remained in full force and effect.

Sec. 30. NRS 88.410 is hereby amended to read as follows:

<< NV ST 88.410 >>

88.410 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate any limited partnership which has forfeited or which forfeits its right to transact business under the provisions of this chapter and restore to the limited partnership its right to carry on business in this State, and to exercise its privileges and immunities if it:

(a) Files with the Secretary of State:

(1) The list required pursuant to NRS 88.395;

(2) The statement required by NRS 88.397, if applicable; and

(3) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 88.395 and 88.400 for each year or portion thereof during which the certificate has been revoked;

(2) The fee set forth in NRS 88.397, if applicable; and

(3) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the limited partnership, he shall issue to the limited partnership a certificate of reinstatement if the limited partnership:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to NRS 88.415.

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)　　　　FOR EDUCATIONAL USE ONLY　　　　　　　　　　Page 19
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid, and the revocation occurred only by reason of failure to pay the fees and penalties.

4. If a limited partnership's certificate has been revoked pursuant to the provisions of this chapter and has remained revoked for a period of 5 years, the certificate must not be reinstated.

5. Except as otherwise provided in NRS 88.327, a reinstatement pursuant to this section relates back to the date on which the limited partnership forfeited its right to transact business under the provisions of this chapter and reinstates the limited partnership's right to transact business as if such right had at all times remained in full force and effect.

Sec. 31. NRS 88.594 is hereby amended to read as follows:

<< NV ST 88.594 >>

88.594 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate a foreign limited partnership which has forfeited or which forfeits its right to transact business under the provisions of this chapter and shall restore to the foreign limited partnership its right to transact business in this State, and to exercise its privileges and immunities, if it:

(a) Files with the Secretary of State:

(1) The list required by NRS 88.591;

(2) The statement required by NRS 88.5915, if applicable; and

(3) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 88.591 and 88.593 for each year or portion thereof that its right to transact business was forfeited;

(2) The fee set forth in NRS 88.5915, if applicable; and

(3) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the foreign limited partnership, he shall issue to the foreign limited partnership a certificate of reinstatement if the foreign limited partnership:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to NRS 88.415.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid and the revocation of the right to transact business occurred only by reason of failure to pay the fees and penalties.

4. If the right of a foreign limited partnership to transact business in this State has been forfeited pursuant to the provisions of this chapter and has remained forfeited for a period of 5 consecutive years, the right is not subject to reinstatement.

5. Except as otherwise provided in NRS 88.5945, a reinstatement pursuant to this section relates back to the date on which the foreign limited partnership forfeited its right to transact business under the provisions of this chapter and reinstates the foreign limited partnership's right to transact business as if such right had at all times remained in full

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)  FOR EDUCATIONAL USE ONLY  Page 20
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

force and effect.

Sec. 32. NRS 88A.650 is hereby amended to read as follows:

<< NV ST 88A.650 >>

88A.650 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate a business trust which has forfeited or which forfeits its right to transact business pursuant to the provisions of this chapter and shall restore to the business trust its right to carry on business in this State, and to exercise its privileges and immunities, if it:

(a) Files with the Secretary of State:

(1) The list required by NRS 88A.600; and

(2) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 88A.600 and 88A.630 for each year or portion thereof during which its certificate of trust was revoked; and

(2) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the business trust, he shall issue to the business trust a certificate of reinstatement if the business trust:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to NRS 88A.900.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid, and the revocation of the certificate of trust occurred only by reason of the failure to file the list or pay the fees and penalties.

4. If a certificate of business trust has been revoked pursuant to the provisions of this chapter and has remained revoked for a period of 5 consecutive years, the certificate must not be reinstated.

5. Except as otherwise provided in NRS 88A.660, a reinstatement pursuant to this section relates back to the date on which the business trust forfeited its right to transact business under the provisions of this chapter and reinstates the business trust's right to transact business as if such right had at all times remained in full force and effect.

Sec. 33. NRS 88A.737 is hereby amended to read as follows:

<< NV ST 88A.737 >>

88A.737 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate a foreign business trust which has forfeited or which forfeits its right to transact business under the provisions of this chapter and shall restore to the foreign business trust its right to transact business in this State, and to exercise its privileges and immunities, if it:

(a) Files with the Secretary of State:

(1) The list required by NRS 88A.732; and

NV LEGIS 456 (2007)　　　　FOR EDUCATIONAL USE ONLY　　　　Page 21
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

(2) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

(1) The filing fee and penalty set forth in NRS 88A.732 and 88A.735 for each year or portion thereof that its right to transact business was forfeited; and

(2) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the foreign business trust, he shall issue to the foreign business trust a certificate of reinstatement if the foreign business trust:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to NRS 88A.900.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid and the revocation of the right to transact business occurred only by reason of failure to pay the fees and penalties.

4. If the right of a foreign business trust to transact business in this State has been forfeited pursuant to the provisions of this chapter and has remained forfeited for a period of 5 consecutive years, the right to transact business must not be reinstated.

5. Except as otherwise provided in NRS 88A.738, a reinstatement pursuant to this section relates back to the date the foreign business trust forfeited its right to transact business under the provisions of this chapter and reinstates the foreign business trust's right to transact business as if such right had at all times remained in full force and effect.

Sec. 34. NRS 89.020 is hereby amended to read as follows:

<< NV ST 89.020 >>

89.020 As used in this chapter, unless the context requires otherwise:

1. "Articles" means either the articles of incorporation of a professional corporation or the articles of organization of a professional limited-liability company.

2. "Employee" means a person licensed or otherwise legally authorized to render professional service within this State who renders such service through a professional ~~corporation~~ entity or a professional association, but does not include clerks, bookkeepers, technicians or other persons who are not usually considered by custom and practice of the profession to be rendering professional services to the public.

~~2.~~ 3. "Licensed" means legally authorized by the appropriate regulating board of this State to engage in a regulated profession in this State.

~~3.~~ 4. "Professional association" means a common-law association of two or more persons licensed or otherwise legally authorized to render professional service within this State when created by written articles of association which contain in substance the following provisions characteristic of corporate entities:

(a) The death, insanity, bankruptcy, retirement, resignation, expulsion or withdrawal of any member of the association does not cause its dissolution.

(b) The authority to manage the affairs of the association is vested in a board of directors or an executive board or committee, elected by the members of the association.

(c) The members of the association are employees of the association.

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)                FOR EDUCATIONAL USE ONLY                                   Page 22
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

(d) Members' ownership is evidenced by certificates.

4. 5. "Owner" means the owner of stock in a professional corporation or the owner of a member's interest, as defined in NRS 86.091, in a professional limited-liability company.

6. "Owner's interest" means the stock of a professional corporation or a member's interest, as defined in NRS 86.091, of a professional limited-liability company.

7. "Professional corporation" means a corporation organized under this chapter to render a professional service.

5. 8. "Professional entity" means either a professional corporation or a professional limited-liability company.

9. "Professional limited-liability company" means a limited-liability company organized pursuant to this chapter to render professional service.

10. "Professional service" means any type of personal service which may legally be performed only pursuant to a license, certificate of registration or other legal authorization.

6. 11. "Record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

7. 12. "Regulating board" means the body which regulates and authorizes the admission to the profession which a professional ~~corporation~~ entity or a professional association is authorized to perform.

8. 13. "Sign" means to affix a signature to a record.

9. 14. "Signature" means a name, word, symbol or mark executed or otherwise adopted, or a record encrypted or similarly processed in whole or in part, by a person with the present intent to identify himself and adopt or accept a record. The term includes, without limitation, an electronic signature as defined in NRS 719.100.

Sec. 35. NRS 89.025 is hereby amended to read as follows:

<< NV ST 89.025 >>

89.025 Except as otherwise provided in NRS 89.200 to 89.270, inclusive, the fees set forth in NRS 78.755 to 78.785, inclusive, apply to ~~this chapter.~~ professional corporations and the fees set forth in NRS 86.561 apply to professional limited-liability companies.

Sec. 36. NRS 89.030 is hereby amended to read as follows:

<< NV ST 89.030 >>

89.030 The laws applicable to other Nevada ~~private~~ corporations organized under chapter 78 of NRS and limited-liability companies organized under chapter 86 of NRS and all rights, privileges and duties thereunder shall apply to professional corporations ~~,~~ and professional limited-liability companies, respectively, except where such laws are in conflict with or inconsistent with the provisions of this chapter. In case of conflict, the provisions of this chapter shall apply.

Sec. 37. NRS 89.040 is hereby amended to read as follows:

<< NV ST 89.040 >>

89.040 1. One or more persons may organize a professional ~~corporation~~ entity in the manner provided for organizing a ~~private~~ corporation pursuant to chapter 78 of NRS or a limited-liability company pursuant to chapter

Copr. © West 2007 No Claim to Orig. Govt. Works

86 of NRS. Each person organizing the ~~corporation~~ professional entity must, except as otherwise provided in subsection 2 of NRS 89.050, be authorized to perform the professional service for which the ~~corporation~~ professional entity is organized. The articles ~~of incorporation~~ must contain the following additional information:

(a) The profession to be practiced by means of the professional ~~corporation.~~ entity.

(b) The names and addresses, either residence or business, of the original stockholders and directors of the professional corporation or the original members and managers of the professional limited-liability company.

(c) Except as otherwise provided in paragraph (d) of this subsection, a certificate from the regulating board of the profession to be practiced showing that each of the directors, ~~and each of the~~ stockholders, managers or members who is a natural person, is licensed to practice the profession.

(d) For a professional ~~corporation~~ entity organized pursuant to this chapter and practicing pursuant to the provisions of NRS 623.349, a certificate from the regulating board or boards of the profession or professions to be practiced showing that control and two-thirds ownership of the ~~corporation~~ professional entity is held by persons registered or licensed pursuant to the applicable provisions of chapter 623, 623A or 625 of NRS. As used in this paragraph, "control" has the meaning ascribed to it in NRS 623.349.

2. The corporate name of a professional corporation must contain the words "Professional Corporation" or the abbreviation "Prof. Corp.," "P.C." or "PC," or the word "Chartered" or the abbreviation "Chtd.," or "Limited" or the abbreviation "Ltd." The corporate name must contain the last name of one or more of its current or former stockholders. ~~The corporation~~

3. The name of a professional limited-liability company must contain the words "Professional Limited-Liability Company" or the abbreviations "Prof. L.L.C.," "Prof. LLC," "P.L.L.C.," "PLLC," or the word "Chartered" or the abbreviation "Chtd.," or "Limited" or the abbreviation "Ltd." The name of a professional limited-liability company must contain the last name of one or more of its current or former members.

4. The professional entity may render professional services and exercise its authorized powers under a fictitious name if the ~~corporation~~ professional entity has first registered the name in the manner required by chapter 602 of NRS.

Sec. 38. NRS 89.050 is hereby amended to read as follows:

<< NV ST 89.050 >>

89.050 1. Except as otherwise provided in subsection 2, a professional ~~corporation~~ entity may be organized only for the purpose of rendering one specific type of professional service and may not engage in any business other than rendering the professional service for which it was organized and services reasonably related thereto, except that a professional ~~corporation~~ entity may own real and personal property appropriate to its business and may invest its money in any form of real property, securities or any other type of investment.

2. A professional ~~corporation~~ entity may be organized to render a professional service relating to:

(a) Architecture, interior design, residential design, engineering and landscape architecture, or any combination thereof, and may be composed of persons:

(1) Engaged in the practice of architecture as provided in chapter 623 of NRS;

(2) Practicing as a registered interior designer as provided in chapter 623 of NRS;

(3) Engaged in the practice of residential design as provided in chapter 623 of NRS;

Copr. © West 2007 No Claim to Orig. Govt. Works

(4) Engaged in the practice of landscape architecture as provided in chapter 623A of NRS; and

(5) Engaged in the practice of professional engineering as provided in chapter 625 of NRS.

(b) Medicine, homeopathy and osteopathy, and may be composed of persons engaged in the practice of medicine as provided in chapter 630 of NRS, persons engaged in the practice of homeopathic medicine as provided in chapter 630A of NRS and persons engaged in the practice of osteopathic medicine as provided in chapter 633 of NRS. Such a professional ~~corporation~~ entity may market and manage additional professional ~~corporations~~ entities which are organized to render a professional service relating to medicine, homeopathy and osteopathy.

(c) Mental health services, and may be composed of the following persons, in any number and in any combination:

(1) Any psychologist who is licensed to practice in this State;

(2) Any social worker who holds a master's degree in social work and who is licensed by this State as a clinical social worker;

(3) Any registered nurse who is licensed to practice professional nursing in this State and who holds a master's degree in the field of psychiatric nursing; and

(4) Any marriage and family therapist who is licensed by this State pursuant to chapter 641A of NRS.

Such a professional ~~corporation~~ entity may market and manage additional professional ~~corporations~~ entities which are organized to render a professional service relating to mental health services pursuant to this paragraph.

3. A professional ~~corporation~~ entity may render a professional service only through its officers, managers and employees who are licensed or otherwise authorized by law to render the professional service.

Sec. 39. NRS 89.060 is hereby amended to read as follows:

<< NV ST 89.060 >>

89.060 The provisions of this chapter relating to professional ~~corporations~~ entities do not modify any law applicable to the relationship between a person furnishing professional service and a person receiving such service, including liability arising out of such professional service, but nothing contained in this section renders:

1. A person personally liable in tort for any act in which he has not personally participated.

2. A director, officer or employee of a professional ~~corporation~~ entity liable in contract for any contract which he signs on behalf of a professional ~~corporation~~ entity within the limits of his actual authority.

Sec. 40. NRS 89.070 is hereby amended to read as follows:

<< NV ST 89.070 >>

89.070 1. Except as otherwise provided in this section and NRS 623.349:

(a) No ~~corporation organized under the provisions of this chapter~~ professional entity may issue any of its ~~stock~~ owner's interest to anyone other than a natural person who is licensed to render the same specific professional services as those for which the ~~corporation~~ professional entity was ~~incorporated.~~ formed.

(b) No ~~stockholder of a corporation organized under this chapter~~ owner may enter into a voting trust agreement or any other type of agreement vesting another person with the authority to exercise the voting power of any or all of his ~~stock~~ owner's interest, unless the other person is licensed to render the same specific professional services as those for which the ~~corporation~~ professional entity was ~~incorporated.~~ formed.

Copr. © West 2007 No Claim to Orig. Govt. Works

Case 5:07-cv-04429-JW    Document 25    Filed 10/29/2007    Page 12 of 20

NV LEGIS 456 (2007)            FOR EDUCATIONAL USE ONLY                     Page 25
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

(c) No ~~shares of a corporation organized under this chapter~~ owner's interest may be sold or transferred except to a natural person who is eligible to be ~~a stockholder of the corporation~~ an owner or to the personal representative or estate of a deceased or legally incompetent stockholder. The personal representative or estate of the ~~stockholder~~ owner may continue to own ~~shares~~ the owner's interest for a reasonable period, but may not participate in any decisions concerning the rendering of professional services.

The articles~~, of incorporation or~~ bylaws or operating agreement of the professional entity may provide specifically for additional restrictions on the transfer of ~~shares~~ an owner's interest and may provide for the redemption or purchase of the ~~shares~~ owner's interest by the ~~corporation~~ professional entity, its ~~stockholders~~ owners or an eligible individual account plan complying with the requirements of subsection 2 at prices and in a manner specifically set forth. ~~A stockholder~~ An owner may transfer his ~~shares~~ owner's interest in the ~~corporation~~ professional entity or any other interest in the assets of the ~~corporation~~ professional entity to a revocable trust if he acts as trustee of the revocable trust and any person who acts as cotrustee and is not licensed to perform the services for which the ~~corporation~~ professional entity was ~~incorporated~~ formed does not participate in any decisions concerning the rendering of those services.

2. Except as otherwise provided in NRS 623.349, a person not licensed to render the professional services for which the ~~corporation~~ professional entity was ~~incorporated~~ formed may own a beneficial interest in any of the assets, including ~~corporate shares,~~ an owner's interest, held for his account by an eligible individual account plan sponsored by the professional ~~corporation~~ entity for the benefit of its employees, which is intended to qualify under section 401 of the Internal Revenue Code, 26 U.S.C. § 401, if the terms of the trust are such that the total number of shares which may be distributed for the benefit of persons not licensed to render the professional services for which the ~~corporation~~ professional entity was ~~incorporated~~ formed is less than a controlling interest and:

(a) The trustee of the trust is licensed to render the same specific professional services as those for which the ~~corporation~~ professional entity was ~~incorporated;~~ formed; or

(b) The trustee is not permitted to participate in any ~~corporate~~ decisions concerning the rendering of professional services in his capacity as trustee.

A trustee who is individually ~~a stockholder of the corporation~~ an owner may participate in his individual capacity as ~~a stockholder,~~ an owner, manager, director or officer in any ~~corporate~~ decision.

3. Except as otherwise provided in subsection 4, a professional ~~corporation~~ entity in which all the ~~stockholders~~ owners who are natural persons are licensed to render the same specific professional service may acquire and hold ~~stock~~ an owner's interest in another professional ~~corporation,~~ entity, or in a similar ~~corporation~~ entity organized pursuant to the corresponding law of another state, only if all the ~~stockholders~~ owners who are natural persons of the ~~corporation~~ professional entity whose stock is acquired are licensed in that ~~corporation's~~ professional entity's state of ~~incorporation~~ formation to render the same specific professional service as the ~~stockholders~~ owners who are natural persons of the professional ~~corporation~~ entity that acquires the ~~stock.~~ owner's interest.

4. A professional ~~corporation~~ entity practicing pursuant to NRS 623.349 in which all the ~~stockholders~~ owners are natural persons, regardless of whether or not the natural persons are licensed to render the same specific professional service, may acquire and hold ~~stock~~ an owner's interest in another professional ~~corporation~~ entity or in a similar ~~corporation~~ entity organized pursuant to the corresponding law of another state if control and two-thirds ownership of the business organization or association that is acquired is held by persons registered or licensed pursuant to the applicable provisions of chapter 623, 623A or 625 of NRS. As used in this subsection, "control" has the meaning ascribed to it in NRS 623.349.

5. Any act in violation of this section is void and does not pass any rights or privileges or vest any powers, except to an innocent person who is not ~~a stockholder~~ an owner and who has relied on the effectiveness of the action.

Sec. 41. NRS 89.080 is hereby amended to read as follows:

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)           FOR EDUCATIONAL USE ONLY                       Page 26
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

<< NV ST 89.080 >>

89.080 1. If any officer, stockholder, director, member, manager or employee of ~~a corporation~~ a professional entity organized under this chapter who has been rendering professional service to the public becomes legally disqualified to render such professional services within this State, he shall sever within a reasonable period all professional service with and financial interest in the ~~corporation,~~ professional entity, but this chapter does not prevent a ~~corporation~~ professional entity formed under this chapter from entering into a contract with an employee which provides for severance pay or for compensation for past services upon termination of professional service, whether by death or otherwise.

2. Except as otherwise provided in NRS 623.349, a natural person may not be an officer, ~~or~~ director or manager of a ~~corporation organized~~ professional entity formed under this chapter unless he is licensed to render the same specific professional services as those for which the ~~corporation~~ professional entity was ~~incorporated.~~ formed.

3. Upon the death of ~~a stockholder~~ an owner of a ~~corporation~~ professional entity who has transferred his interest in the ~~corporation~~ professional entity to a revocable trust as permitted by NRS 89.070, the trustee of the revocable trust may continue to retain any interest so transferred ~~, including corporate shares,~~ for a reasonable period, but may not exercise any authority concerning the rendering of professional services and may not, except as otherwise provided in NRS 623.349, distribute the ~~corporate~~ owner's interest to any person not licensed to render the services for which the ~~corporation~~ professional entity was ~~incorporated.~~ formed.

4. A ~~corporation's~~ professional entity's failure to require compliance with the provisions of this section is a ground for the forfeiture of its charter.

Sec. 42. NRS 89.100 is hereby amended to read as follows:

<< NV ST 89.100 >>

89.100 The provisions of this chapter relating to professional ~~corporations~~ entities do not bar the regulating board of any profession from taking any action otherwise within its power, nor do they affect the rules of ethics or practice of any profession.

Sec. 43. NRS 89.110 is hereby amended to read as follows:

<< NV ST 89.110 >>

89.110 No professional ~~corporation~~ entity may do any act which is prohibited to be done by natural persons licensed to practice the profession which the professional ~~corporation~~ entity is organized to practice.

Sec. 44. NRS 89.256 is hereby amended to read as follows:

<< NV ST 89.256 >>

89.256 1. Except as otherwise provided in subsections 3 and 4, the Secretary of State shall reinstate any professional association which has forfeited its right to transact business under the provisions of this chapter and restore the right to carry on business in this State and exercise its privileges and immunities if it:

(a) Files with the Secretary of State:

(1) The list and certification required by NRS 89.250; and

(2) A certificate of acceptance of appointment signed by its resident agent; and

(b) Pays to the Secretary of State:

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)        FOR EDUCATIONAL USE ONLY        Page 27
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

(1) The filing fee and penalty set forth in NRS 89.250 and 89.252 for each year or portion thereof during which the articles of association have been revoked; and

(2) A fee of $300 for reinstatement.

2. When the Secretary of State reinstates the professional association, he shall issue to the professional association a certificate of reinstatement if the professional association:

(a) Requests a certificate of reinstatement; and

(b) Pays the required fees pursuant to subsection 8 of NRS 78.785.

3. The Secretary of State shall not order a reinstatement unless all delinquent fees and penalties have been paid, and the revocation of the articles of association occurred only by reason of the failure to pay the fees and penalties.

4. If the articles of association of a professional association have been revoked pursuant to the provisions of this chapter and have remained revoked for 10 consecutive years, the articles must not be reinstated.

5. A reinstatement pursuant to this section relates back to the date on which the professional association forfeited its right to transact business under the provisions of this chapter and reinstates the professional association's right to transact business as if such right had at all times remained in full force and effect.

Sec. 45. NRS 92A.380 is hereby amended to read as follows:

<< NV ST 92A.380 >>

92A.380 1. Except as otherwise provided in NRS 92A.370 and 92A.390, any stockholder is entitled to dissent from, and obtain payment of the fair value of his shares in the event of any of the following corporate actions:

(a) Consummation of a conversion or plan of merger to which the domestic corporation is a constituent entity:

(1) If approval by the stockholders is required for the conversion or merger by NRS 92A.120 to 92A.160, inclusive, or the articles of incorporation, regardless of whether the stockholder is entitled to vote on the conversion or plan of merger; or

(2) If the domestic corporation is a subsidiary and is merged with its parent pursuant to NRS 92A.180.

(b) Consummation of a plan of exchange to which the domestic corporation is a constituent entity as the corporation whose subject owner's interests will be acquired, if his shares are to be acquired in the plan of exchange.

(c) Any corporate action taken pursuant to a vote of the stockholders to the extent that the articles of incorporation, bylaws or a resolution of the board of directors provides that voting or nonvoting stockholders are entitled to dissent and obtain payment for their shares.

(d) Any corporate action not described in paragraph (a), (b) or (c) that will result in the stockholder receiving money or scrip instead of fractional shares –except where the stockholder would not be entitled to receive such payment pursuant to NRS 78.205, 78.2055 or 78.207.

2. A stockholder who is entitled to dissent and obtain payment pursuant to NRS 92A.300 to 92A.500, inclusive, may not challenge the corporate action creating his entitlement unless the action is unlawful or fraudulent with respect to him or the domestic corporation.

3. From and after the effective date of any corporate action described in subsection 1, no stockholder who has exercised his right to dissent pursuant to NRS 92A.300 to 92A.500, inclusive, is entitled to vote his shares for any purpose or to receive payment of dividends or any other distributions on shares. This subsection does not apply to

Copr. © West 2007 No Claim to Orig. Govt. Works

dividends or other distributions payable to stockholders on a date before the effective date of any corporate action from which the stockholder has dissented.

Sec. 46. NRS 21.075 is hereby amended to read as follows:

<< NV ST 21.075 >>

21.075 1. Execution on the writ of execution by levying on the property of the judgment debtor may occur only if the sheriff serves the judgment debtor with a notice of the writ of execution pursuant to NRS 21.076 and a copy of the writ. The notice must describe the types of property exempt from execution and explain the procedure for claiming those exemptions in the manner required in subsection 2. The clerk of the court shall attach the notice to the writ of execution at the time the writ is issued.

2. The notice required pursuant to subsection 1 must be substantially in the following form:

NOTICE OF EXECUTION

YOUR PROPERTY IS BEING ATTACHED OR YOUR WAGES ARE BEING GARNISHED

A court has determined that you owe money to .................... (name of person), the judgment creditor. He has begun the procedure to collect that money by garnishing your wages, bank account and other personal property held by third persons or by taking money or other property in your possession.

Certain benefits and property owned by you may be exempt from execution and may not be taken from you. The following is a partial list of exemptions:

1. Payments for your individual support received pursuant to the federal Social Security Act, including, without limitation, retirement and survivors' benefits, supplemental security income benefits and disability insurance benefits.

2. Payments for benefits or the return of contributions under the Public Employees' Retirement System.

3. Payments for public assistance granted through the Division of Welfare and Supportive Services of the Department of Health and Human Services or a local governmental entity.

4. Proceeds from a policy of life insurance.

5. Payments of benefits under a program of industrial insurance.

6. Payments received as disability, illness or unemployment benefits.

7. Payments received as unemployment compensation.

8. Veteran's benefits.

9. A homestead in a dwelling or a mobile home, not to exceed $350,000, unless:

(a) The judgment is for a medical bill, in which case all of the primary dwelling, including a mobile or manufactured home, may be exempt.

(b) Allodial title has been established and not relinquished for the dwelling or mobile home, in which case all of the dwelling or mobile home and its appurtenances are exempt, including the land on which they are located, unless a valid waiver executed pursuant to NRS 115.010 is applicable to the judgment.

10. A vehicle, if your equity in the vehicle is less than $15,000.

Copr. © West 2007 No Claim to Orig. Govt. Works

Case 5:07-cv-04429-JW    Document 25    Filed 10/29/2007    Page 16 of 20

NV LEGIS 456 (2007)                FOR EDUCATIONAL USE ONLY                    Page 29
2007 Nevada Laws Ch. 456 (S.B. 483)
(Publication page references are not available for this document.)

11. Seventy-five percent of the take-home pay for any workweek, unless the weekly take-home pay is less than 50 times the federal minimum hourly wage, in which case the entire amount may be exempt.

12. Money, not to exceed $500,000 in present value, held in:

(a) An individual retirement arrangement which conforms with the applicable limitations and requirements of section 408 or 408A of the Internal Revenue Code, 26 U.S.C. § 408 and 408A;

(b) A written simplified employee pension plan which conforms with the applicable limitations and requirements of section 408 of the Internal Revenue Code, 26 U.S.C. § 408;

(c) A cash or deferred arrangement that is a qualified plan pursuant to the Internal Revenue Code;

(d) A trust forming part of a stock bonus, pension or profit-sharing plan that is a qualified plan pursuant to sections 401 et seq. of the Internal Revenue Code, 26 U.S.C. § 401 et seq.; and

(e) A trust forming part of a qualified tuition program pursuant to chapter 353B of NRS, any applicable regulations adopted pursuant to chapter 353B of NRS and section 529 of the Internal Revenue Code, 26 U.S.C. § 529, unless the money is deposited after the entry of a judgment against the purchaser or account owner or the money will not be used by any beneficiary to attend a college or university.

13. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support, education and maintenance of a child, whether collected by the judgment debtor or the State.

14. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support and maintenance of a former spouse, including the amount of any arrearages in the payment of such support and maintenance to which the former spouse may be entitled.

15. A vehicle for use by you or your dependent which is specially equipped or modified to provide mobility for a person with a permanent disability.

16. A prosthesis or any equipment prescribed by a physician or dentist for you or your dependent.

17. Payments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received.

18. Payments received as compensation for the wrongful death of a person upon whom the judgment debtor was dependent at the time of the wrongful death, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

19. Payments received as compensation for the loss of future earnings of the judgment debtor or of a person upon whom the judgment debtor is dependent at the time the payment is received, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

20. Payments received as restitution for a criminal act.

These exemptions may not apply in certain cases such as a proceeding to enforce a judgment for support of a person or a judgment of foreclosure on a mechanic's lien. You should consult an attorney immediately to assist you in determining whether your property or money is exempt from execution. If you cannot afford an attorney, you may be eligible for assistance through .................... (name of organization in county providing legal services to indigent or elderly persons).

PROCEDURE FOR CLAIMING EXEMPT PROPERTY

Copr. © West 2007 No Claim to Orig. Govt. Works

NV LEGIS 456 (2007)           FOR EDUCATIONAL USE ONLY                           Page 30
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

If you believe that the money or property taken from you is exempt, you must complete and file with the clerk of the court a notarized affidavit claiming the exemption. A copy of the affidavit must be served upon the sheriff and the judgment creditor within 8 days after the notice of execution is mailed. The property must be returned to you within 5 days after you file the affidavit unless you or the judgment creditor files a motion for a hearing to determine the issue of exemption. If this happens, a hearing will be held to determine whether the property or money is exempt. The motion for the hearing to determine the issue of exemption must be filed within 10 days after the affidavit claiming exemption is filed. The hearing to determine whether the property or money is exempt must be held within 10 days after the motion for the hearing is filed.

IF YOU DO NOT FILE THE AFFIDAVIT WITHIN THE TIME SPECIFIED, YOUR PROPERTY MAY BE SOLD AND THE MONEY GIVEN TO THE JUDGMENT CREDITOR, EVEN IF THE PROPERTY OR MONEY IS EXEMPT.

Sec. 47. NRS 21.090 is hereby amended to read as follows:

<< NV ST 21.090 >>

21.090 1. The following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law:

(a) Private libraries, works of art, musical instruments and jewelry not to exceed $5,000 in value, belonging to the judgment debtor or a dependent of the judgment debtor, to be selected by the judgment debtor, and all family pictures and keepsakes.

(b) Necessary household goods, furnishings, electronics, wearing apparel, other personal effects and yard equipment, not to exceed $12,000 in value, belonging to the judgment debtor or a dependent of the judgment debtor, to be selected by the judgment debtor.

(c) Farm trucks, farm stock, farm tools, farm equipment, supplies and seed not to exceed $4,500 in value, belonging to the judgment debtor to be selected by him.

(d) Professional libraries, equipment, supplies, and the tools, inventory, instruments and materials used to carry on the trade or business of the judgment debtor for the support of himself and his family not to exceed $10,000 in value.

(e) The cabin or dwelling of a miner or prospector, his cars, implements and appliances necessary for carrying on any mining operations and his mining claim actually worked by him, not exceeding $4,500 in total value.

(f) Except as otherwise provided in paragraph (o), one vehicle if the judgment debtor's equity does not exceed $15,000 or the creditor is paid an amount equal to any excess above that equity.

(g) For any workweek, 75 percent of the disposable earnings of a judgment debtor during that week, or 50 times the minimum hourly wage prescribed by section 6(a)(1) of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 206(a)(1), and in effect at the time the earnings are payable, whichever is greater. Except as otherwise provided in paragraphs (n), (r) and (s), the exemption provided in this paragraph does not apply in the case of any order of a court of competent jurisdiction for the support of any person, any order of a court of bankruptcy or of any debt due for any state or federal tax. As used in this paragraph:

(1) "Disposable earnings" means that part of the earnings of a judgment debtor remaining after the deduction from those earnings of any amounts required by law to be withheld.

(2) "Earnings" means compensation paid or payable for personal services performed by a judgment debtor in the regular course of business, including, without limitation, compensation designated as income, wages, tips, a salary, a commission or a bonus. The term includes compensation received by a judgment debtor that is in the possession of the judgment debtor, compensation held in accounts maintained in a bank or any other financial institution or, in the

Copr. © West 2007 No Claim to Orig. Govt. Works

case of a receivable, compensation that is due the judgment debtor.

(h) All fire engines, hooks and ladders, with the carts, trucks and carriages, hose, buckets, implements and apparatus thereunto appertaining, and all furniture and uniforms of any fire company or department organized under the laws of this State.

(i) All arms, uniforms and accouterments required by law to be kept by any person, and also one gun, to be selected by the debtor.

(j) All courthouses, jails, public offices and buildings, lots, grounds and personal property, the fixtures, furniture, books, papers and appurtenances belonging and pertaining to the courthouse, jail and public offices belonging to any county of this State, all cemeteries, public squares, parks and places, public buildings, town halls, markets, buildings for the use of fire departments and military organizations, and the lots and grounds thereto belonging and appertaining, owned or held by any town or incorporated city, or dedicated by the town or city to health, ornament or public use, or for the use of any fire or military company organized under the laws of this State and all lots, buildings and other school property owned by a school district and devoted to public school purposes.

(k) All money, benefits, privileges or immunities accruing or in any manner growing out of any life insurance, if the annual premium paid does not exceed $15,000. If the premium exceeds that amount, a similar exemption exists which bears the same proportion to the money, benefits, privileges and immunities so accruing or growing out of the insurance that the $15,000 bears to the whole annual premium paid.

(l) The homestead as provided for by law, including a homestead for which allodial title has been established and not relinquished and for which a waiver executed pursuant to NRS 115.010 is not applicable.

(m) The dwelling of the judgment debtor occupied as a home for himself and family, where the amount of equity held by the judgment debtor in the home does not exceed $350,000 in value and the dwelling is situated upon lands not owned by him.

(n) All property in this State of the judgment debtor where the judgment is in favor of any state for failure to pay that state's income tax on benefits received from a pension or other retirement plan.

(o) Any vehicle owned by the judgment debtor for use by him or his dependent that is equipped or modified to provide mobility for a person with a permanent disability.

(p) Any prosthesis or equipment prescribed by a physician or dentist for the judgment debtor or a dependent of the debtor.

(q) Money, not to exceed $500,000 in present value, held in:

(1) An individual retirement arrangement which conforms with the applicable limitations and requirements of section 408 or 408A of the Internal Revenue Code, 26 U.S.C. § 408 and 408A;

(2) A written simplified employee pension plan which conforms with the applicable limitations and requirements of section 408 of the Internal Revenue Code, 26 U.S.C. § 408;

(3) A cash or deferred arrangement which is a qualified plan pursuant to the Internal Revenue Code;

(4) A trust forming part of a stock bonus, pension or profit-sharing plan which is a qualified plan pursuant to sections 401 et seq. of the Internal Revenue Code, 26 U.S.C. § 401 et seq.; and

(5) A trust forming part of a qualified tuition program pursuant to chapter 353B of NRS, any applicable regulations adopted pursuant to chapter 353B of NRS and section 529 of the Internal Revenue Code, 26 U.S.C. § 529, unless the money is deposited after the entry of a judgment against the purchaser or account owner or the money will not be used by any beneficiary to attend a college or university.

Copr. © West 2007 No Claim to Orig. Govt. Works

(r) All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support, education and maintenance of a child, whether collected by the judgment debtor or the State.

(s) All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support and maintenance of a former spouse, including the amount of any arrearages in the payment of such support and maintenance to which the former spouse may be entitled.

(t) Payments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received.

(u) Payments received as compensation for the wrongful death of a person upon whom the judgment debtor was dependent at the time of the wrongful death, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

(v) Payments received as compensation for the loss of future earnings of the judgment debtor or of a person upon whom the judgment debtor is dependent at the time the payment is received, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

(w) Payments received as restitution for a criminal act.

(x) Payments for individual support received pursuant to the federal Social Security Act, including, without limitation, retirement and survivors' benefits, supplemental security income benefits and disability insurance benefits.

2. Except as otherwise provided in NRS 115.010, no article or species of property mentioned in this section is exempt from execution issued upon a judgment to recover for its price, or upon a judgment of foreclosure of a mortgage or other lien thereon.

3. Any exemptions specified in subsection (d) of section 522 of the Bankruptcy Act of 1978, 11 U.S.C. § 522(d), do not apply to property owned by a resident of this State unless conferred also by subsection 1, as limited by subsection 2.

Sec. 48. NRS 31.045 is hereby amended to read as follows:

<< NV ST 31.045 >>

31.045 1. Execution on the writ of attachment by attaching property of the defendant may occur only if:

(a) The judgment creditor serves the defendant with notice of the execution when the notice of the hearing is served pursuant to NRS 31.013; or

(b) Pursuant to an ex parte hearing, the sheriff serves upon the judgment debtor notice of the execution and a copy of the writ at the same time and in the same manner as set forth in NRS 21.076.

If the attachment occurs pursuant to an ex parte hearing, the clerk of the court shall attach the notice to the writ of attachment at the time the writ is issued.

2. The notice required pursuant to subsection 1 must be substantially in the following form:

NOTICE OF EXECUTION

YOUR PROPERTY IS BEING ATTACHED OR YOUR WAGES ARE BEING GARNISHED

NV LEGIS 456 (2007)          FOR EDUCATIONAL USE ONLY          Page 33
2007 Nevada Laws Ch. 456 (S.B. 483)
**(Publication page references are not available for this document.)**

Plaintiff, .................... (name of person), alleges that you owe him money. He has begun the procedure to collect that money. To secure satisfaction of judgment the court has ordered the garnishment of your wages, bank account or other personal property held by third persons or the taking of money or other property in your possession.

Certain benefits and property owned by you may be exempt from execution and may not be taken from you. The following is a partial list of exemptions:

1. Payments for your individual support received pursuant to the federal Social Security Act, including, without limitation, retirement and survivors' benefits, supplemental security income benefits and disability insurance benefits.

2. Payments for benefits or the return of contributions under the Public Employees' Retirement System.

3. Payments for public assistance granted through the Division of Welfare and Supportive Services of the Department of Health and Human Services or a local governmental entity.

4. Proceeds from a policy of life insurance.

5. Payments of benefits under a program of industrial insurance.

6. Payments received as disability, illness or unemployment benefits.

7. Payments received as unemployment compensation.

8. Veteran's benefits.

9. A homestead in a dwelling or a mobile home, not to exceed $350,000, unless:

(a) The judgment is for a medical bill, in which case all of the primary dwelling, including a mobile or manufactured home, may be exempt.

(b) Allodial title has been established and not relinquished for the dwelling or mobile home, in which case all of the dwelling or mobile home and its appurtenances are exempt, including the land on which they are located, unless a valid waiver executed pursuant to NRS 115.010 is applicable to the judgment.

10. A vehicle, if your equity in the vehicle is less than $15,000.

11. Seventy-five percent of the take-home pay for any workweek, unless the weekly take-home pay is less than 50 times the federal minimum hourly wage, in which case the entire amount may be exempt.

12. Money, not to exceed $500,000 in present value, held in:

(a) An individual retirement arrangement which conforms with the applicable limitations and requirements of section 408 or 408A of the Internal Revenue Code, 26 U.S.C. § 408 and 408A;

(b) A written simplified employee pension plan which conforms with the applicable limitations and requirements of section 408 of the Internal Revenue Code, 26 U.S.C. § 408;

(c) A cash or deferred arrangement that is a qualified plan pursuant to the Internal Revenue Code;

(d) A trust forming part of a stock bonus, pension or profit-sharing plan that is a qualified plan pursuant to sections 401 et seq. of the Internal Revenue Code, 26 U.S.C. § 401 et seq.; and

(e) A trust forming part of a qualified tuition program pursuant to chapter 353B of NRS, any applicable regulations adopted pursuant to chapter 353B of NRS and section 529 of the Internal Revenue Code, 26 U.S.C. § 529, unless

Copr. © West 2007 No Claim to Orig. Govt. Works