CHRISTOPHER C. COOKE, ESQ. (#142342)
STEPHEN S. WU, ESQ. (#205091)
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 638-2370
Facsimile: (650) 341-1395
Email: ccooke@ckwlaw.com
        swu@ckwlaw.com

Attorneys for Plaintiff
VIOLETTA ETTARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1-25,<br><br>Defendants. | CASE NO: C-07-04429-JW (PVT)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL**<br><br>Date:    December 3, 2007<br>Time:    9 a.m.<br>Place:    Judge Ware's Courtroom<br>           Courtroom 8, 4th Floor |

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................................................I

I.  INTRODUCTION ............................................................................................................... 1

II. ISSUES PRESENTED ......................................................................................................... 1

III. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ............................. 2

IV. LEGAL ARGUMENT ........................................................................................................ 3

    A.  DEFENDANTS CANNOT AMEND THE NOTICE OF REMOVAL UNDER 28 U.S.C. § 1653 TO ADD TBIG .......................................................... 3

    B.  TBIG HAD NO POWER TO JOIN IN THE NOTICE OF REMOVAL ON AUGUST 27 ................................................................................ 5

    C.  TBIG'S REINSTATEMENT ON AUGUST 31 HAS NO RETROACTIVE EFFECT AND CANNOT TIMELY CURE THE INABILITY OF TBIG TO JOIN IN THE NOTICE OF REMOVAL ................. 7

V.  CONCLUSION .................................................................................................................... 9

**TABLE OF AUTHORITIES**

**CASES**

*Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 313 (9th Cir. 1969) ............................................. 3

*Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314 (M.D. Ala. 2006) ..................... 3, 4

*Clipper Air Cargo, Inc. v. Aviation Prods. Int'l, Inc.*, 981 F.Supp. 956 (D.S.C. 1997) ............... 6

*Fellhauer v. City of Geneva*, 673 F. Supp. 1445 (N.D. Ill. 1987) ............................................ 4, 5

*Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986) ........................................................ 3, 6

*Mayers v. Connell*, 651 F. Supp. 273, 274-75 (M.D. La. 1986) .................................................. 4

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261 (9th Cir. 1999) ..................................... 3, 8

*United States ex rel. Gordon Sel-Way, Inc. v. Washtenaw County*, 1996 Dist. LEXIS 15537 (E.D. Mich. Aug. 22, 1996); ........................................................................................ 5

*Wild v. Subscription Plus, Inc.*, 292 F.3d 526 (7th Cir.), *cert. denied*, 537 U.S. 1045 (2002) ................................................................................................................................. 7

**STATUTES**

28 U.S.C. § 1446(b) ................................................................................................................ 1, 2, 8

28 U.S.C. § 1653 ..................................................................................................................... 1, 3, 4

Cal. Corp. Code § 2205(c) .............................................................................................................. 5

Nev. Rev. Stat. § 78.175(2) ............................................................................................... 1, 5, 6, 8

Nev. Rev. Stat. § 78.180(5) ................................................................................................... 1, 7, 8

**TREATISES**

16A William M. Fletcher, *Fletcher Cyclopedia of the Law of Corporations* (Perm Ed. 2003) .................................................................................................................... 5, 7

2 William Schwarzer, A. Wallace Tashimi & James Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (West 2007) ..................................... 4

## I. INTRODUCTION

Plaintiff Violetta Ettare opposes the defendants' joint motion for leave to amend their notice of removal. Defendants' motion to amend the notice of removal, filed by Wachovia Securities, LLC and Mark Wieland on October 29, 2007, is beyond 28 U.S.C. § 1446(b)'s thirty-day period of removal after the first defendant was served. Defendants' efforts to file an amended joint notice of removal, adding Defendants Joseph Baratta and TBIG Financial Services ("TBIG"), however, is a substantive change and not merely a correction of defective allegations of jurisdiction under 28 U.S.C. § 1653, and therefore is improper. TBIG's attempted joinder in the notice of removal on August 27, 2007 was a nullity, because TBIG's corporate charter was revoked as of August 27, 2007. Nev. Rev. Stat. § 78.175(2) prohibits revoked corporations from doing any acts to "transact business," which would include participating in litigation. Because the joinder was a nullity, any amended notice of removal has the effect of adding TBIG, which is an impermissible substantive amendment. Finally, TBIG's later reinstatement does not retroactively make its putative joinder valid under Nev. Rev. Stat. § 78.180(5). Section 78.180(5), although approved by the Governor on June 13, 2007, did not become effective until October 1, 2007. Therefore, the August 31, 2007 reinstatement did not have retroactive effect and could not, at least until October 1 when 28 U.S.C. § 1446(b)'s thirty-day period had lapsed. It is simply too late to add TBIG to the Notice of Removal, and without unanimity, no removal is possible.

## II. ISSUES PRESENTED

1.  Whether an amended notice of removal, adding a party that could not have effectively joined in the original notice of removal, is permitted under 28 U.S.C. § 1653.

2.  Whether TBIG, a revoked corporation barred from transacting business, could participate in litigation by filing a joinder in a notice of removal on August 27, 2007, even though it had the capacity to be sued.

3.  Whether the reinstatement of TBIG's corporate charter on August 31, 2007 is retroactive, when the statute creating such retroactive effect did not take effect until October 1, 2007.

**III.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Violetta Ettare filed this action on July 13, 2007 in the Superior Court of California, County of Santa Clara. The Complaint asserts state law causes of action for fraud, breach of fiduciary duty, breach of oral contract, negligence, violations of California Corporations Code, and violations of California Business & Professions Code against all defendants for their actions in handling Plaintiff's investments when she was their customer. (Complaint ¶¶ 29-58). A more comprehensive recitation of the facts appears in Statement of Facts in Plaintiff's Memorandum of Points and Authorities in Support of Motion to Remand, which is incorporated by reference as if set forth herein. The first party to be served was Wachovia Securities, LLC, which was served on July 26, 2007. Thirty days after July 26 was Saturday August 25, and the following Monday was August 27, the deadline for removing this action under 28 U.S.C. § 1446(b).

On August 27, Defendants Wachovia Securities, LLC ("Wachovia") and Mark Wieland filed a notice of removal in this Court. (*See* Notice of Removal, filed August 27, 2007, by Wachovia Securities, LLC and Mark Wieland ("Notice")). Defendants Joseph Baratta and TBIG Financial Services, Inc. filed a separate Joinder in Notice of Filing of Removal of Action on the same day (*See* Joinder in Notice of Filing of Removal of Action, filed August 27, 2007, by Joseph Baratta and TBIG Financial Services, Inc. (Joinder")). As of August 27, 2007, however, TBIG was a revoked corporation. (Cooke Dec. Supporting Mot. to Remand Ex. B at page 1). Mr. Baratta, however, revived TBIG, and its charter was reinstated on August 31, four days after the Notice and Joinder, and four days after the removal deadline. (*Id.* Ex. C at page 2).

On October 29, 2007, over two months after the removal deadline, Defendants filed the instant motion "for leave to amend Wachovia's and Wieland's Notice of Removal" – the original Notice. (Memorandum of Points and Authorities in Support of Motion for Leave to Amend Notice of Renewal at 1 ("Defendants' MPA")). In the motion, Defendants propose filing a "Joint Amended Notice of Removal" ("Amended Notice") on behalf of Mr. Baratta and TBIG, as well as Wachovia and Mr. Wieland. Thus, the original Notice was on behalf of Wachovia and Mr. Wieland, while the proposed Amended Notice purports to be on behalf of all four defendants – by adding Mr. Baratta and TBIG.

## IV. LEGAL ARGUMENT

28 U.S.C. § 1653 provides, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section 1653 has been interpreted to permit the amendment of a notice of removal. Nonetheless, removal must occur within 30 days of service. Moreover, "the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969). Under the "rule of unanimity," each defendant properly named in a state court complaint must join in the action's removal to federal court. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in the removal petition with the exception of nominal parties"). If some defendants have not effectively joined in a notice of removal, an amended notice under 28 U.S.C. § 1653 on behalf of all defendants cannot cure the defect after the 30-day removal period has lapsed. *See Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1321-22 (M.D. Ala. 2006). Any attempt for a defendant to join after the lapse of the thirty-day period would be too late for removal. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (failure to include all defendants in notice of removal or explain their non-joinder could not be cured after lapse of 30-day removal period).

### A. DEFENDANTS CANNOT AMEND THE NOTICE OF REMOVAL UNDER 28 U.S.C. § 1653 TO ADD TBIG

Defendants' motion to amend the removal notice must be denied. Although defendants are permitted to clarify defective allegations of jurisdiction, adding TBIG to the Amended Notice is a substantive change. As described more fully in the next subsection, TBIG was a revoked corporation when it attempted to join in the Notice and consequently was barred from participating in litigation. Thus, its purported Joinder was invalid. Accordingly, the original Notice was filed on behalf of or effectively joined in by only three of the four defendants. The Amended Notice, however, is on behalf of all four defendants and, as such, attempts to add TBIG. Under *Prize Frize* and similar cases, however, the 30-day removal period is strictly construed, and it is too late for additional defendants to join in a notice of removal after that period has expired.

"[A]n amendment to the petition for removal after the thirty day period should not be allowed if such amendment is to add a co-defendant to the petition. Such an amendment is a substantial one." *Mayers v. Connell*, 651 F. Supp. 273, 274-75 (M.D. La. 1986); *see also Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1449 (N.D. Ill. 1987) ("it is well settled that the failure to join or gain the consent of all defendants in a timely fashion in a substantive defect."); 2 William Schwarzer, A. Wallace Tashimi & James Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* § 2:1007.5 (West 2007). In *Mayers*, one of the co-defendants had not yet been served as of the date of the notice of removal, but the notice of removal was not joined in by the unserved co-defendant and failed to explain why the unserved co-defendant did not join in the notice. *Id.* at 274. The court held that it was too late for the notice to be amended to add the last defendant. *Id.* at 275.

Likewise, in *Beard v. Lehman Bros. Holdings, Inc.*, the original notice of removal on behalf of all defendants was not signed by the attorney (named Anderson) representing some of the defendants. A legal assistant working for the other defendants' attorney (Jones) signed the form on behalf of Anderson. The court held that Jones' signature on behalf of Anderson and was not effective to create a joinder by Anderson's clients and the notice thus failed to satisfy the "rule of unanimity." 458 F. Supp. 2d at 1319-21. Moreover, the court did not permit defendants to file an amended notice with all the attorney's real signatures to effectively join all defendants, saying that the attempt to amend the notice was beyond the 30-day removal period and thus too late. *Id.* at 1322. The court held that the lack of joinder in the original notice was "a substantial procedural one, not a minor technical defect," and thus "Section 1653 provides not basis" for permitting an amendment. *Id.*

In their memorandum, Defendants take pains to emphasize the technical nature of the amended allegations concerning the citizenship of Wachovia and its members' states of citizenship. (Defendants' MPA at 6-7). Even assuming these amendments regarding Wachovia are merely technical, adding TBIG to the Amended Notice is not a technical amendment. To the contrary, under *Mayers*, *Beard*, and *Fellhauer*, the amendment Defendants seek regarding TBIG is substantive. Moreover, important federalism concerns call for rejecting belated amendments to add

new defendants to notices of removal. *See Fellhauer*, 673 F.Supp. at 1449-50. Therefore, Defendants' arguments about Wachovia's citizenship are unavailing.

Finally, Defendants argue that the Court can consider declarations filed after the notice of removal, and that these declarations show the citizenship of Wachovia and TBIG and diversity of citizenship. (Defendants' MPA at 8-10, 12-13). Even assuming the Defendants have a right to file declarations after they filed the notice of removal in opposition to plaintiff's motion to remand, these declarations are not relevant to whether defendants should be permitted leave to amend their removal notice. Plaintiff therefore, will not address those arguments in this brief but will discuss them in her reply brief in support of her motion to remand.

### B. TBIG HAD NO POWER TO JOIN IN THE NOTICE OF REMOVAL ON AUGUST 27

TBIG's purported Joinder in the original Notice of Removal was invalid. Under Nev. Rev. Stat. § 78.175(2), the month after informational filings are overdue, "the charter of the corporation is revoked and *its right to transact business is forfeited*." The Nevada statute does not clarify the scope of the expression "right to transact business." Nonetheless, the courts have held that the counterpart California statute removing suspended corporations' powers, rights, and privileges, Cal. Corps. Code § 2205(c), precludes suspended corporations from participating in litigation. Moreover, the courts of other states have held that delinquent corporations cannot initiate actions, and complaints filed by delinquent corporations are a nullity. *See United States ex rel. Gordon Sel-Way, Inc. v. Washtenaw County*, 1996 Dist. LEXIS 15537, at * 4-5, 6-7 (E.D. Mich. Aug. 22, 1996); 16A William M. Fletcher, *Fletcher Cyclopedia of the Law of Corporations*, § 7997, at 38-43 (Perm Ed. 2003) ("A delinquent corporation during the period of its suspension or dissolution . . . cannot bring, defend, or appeal lawsuits in its corporate name, except for the purpose of winding up or liquidating its business or affairs.") [hereinafter "*Fletcher Cyclopedia*"]; *id.* § 8142 (Supp. 2007).

Here, Defendants concede that TBIG was a revoked corporation on August 27, the date that it filed the Joinder. They admit that reinstatement was not accomplished until August 31, 2007. (Defendants' MPA at 5). Therefore, a Nevada state court would likely hold that Section 78.175(2)'s bar against transacting business prevented TBIG from participating in litigation while

its charter was revoked and that TBIG's Joinder was a nullity. Without TBIG's Joinder, there is no way Defendants could satisfy the "rule of unanimity" that they must satisfy to remove this action. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

Defendants, however, argue that revocation does not terminate corporate existence. Although this statement is true (s*ee Clipper Air Cargo, Inc. v. Aviation Prods. Int'l, Inc.*, 981 F.Supp. 956, 959 n.3 (D.S.C. 1997)), it is irrelevant. Contrary to Defendants' characterization of Plaintiff's argument, Mrs. Ettare does not claim that TBIG disappeared, but instead simply points out that TBIG had no authority to "transact business" under Nev. Rev. Stat. 78.175(2) by filing any court documents to defend itself while its corporate status remained revoked.

Defendants next confuse the ability to be sued with the right to defend litigation, citing *Clipper Air Cargo* for the proposition that TBIG could defend itself on August 27 by filing the Joinder. They also say that if Plaintiff is correct, then including TBIG in the suit would be meaningless. Apparently, they believe Mrs. Ettare's argument depends on the claim that TBIG cannot sue or be sued. Defendants, however, missed the point of Mrs. Ettare's argument.

Revoked corporations can still be sued. *See Clipper Air Cargo*, 981 F. Supp. at 958-59 (holding that a revoked corporation is a proper party to be sued). They just cannot defend themselves, because participating in litigation would constitute "transacting business." The ability of a corporation to be sued is not the same as the ability to defend the suit. These are two different concepts.

Moreover, *Clipper Air Cargo* does not hold that a revoked corporation is entitled to join in a notice of removal. The court's holding could not have included that principle, because the revoked corporation in that case (API), unlike here, had not tried to join in the petition for removal. 981 F. Supp. at 957. Defendants also argue that under *Clipper Air Cargo*, revoked corporations should be treated as dissolved corporations. This argument, even if true, is irrelevant to whether TBIG's joinder in a removal notice was valid. In *Clipper Air Cargo*, the court's holding was limited to equating revoked corporations and dissolved corporations only for purposes of saying that revoked corporations can be sued.

Finally, Defendants' other cited authorities do not undercut Mrs. Ettare's position. Defendants cite broad language in two authorities containing statements that revoked corporations can sue or be sued. (Defendants' MPA at 5 (citing *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528-29 (7th Cir.), *cert. denied*, 537 U.S. 1045 (2002); *Fletcher Cyclopedia*, *supra*, § 3844)). Again, Mrs. Ettare does not deny that revoked corporations can be sued. Moreover, while Section 3844 of *Fletcher Cyclopedia* discusses the de facto corporation doctrine, Defendants cite no authority suggesting that the de facto corporation doctrine applies to Nevada corporations. The *Fletcher Cyclopedia* sections addressing the power of a delinquent corporation to sue say that a delinquent corporation generally cannot bring suit, except "for the purpose of winding up or liquidating its business or affairs." *Fletcher Cyclopedia*, *supra*, § 7997; *see id.* § 8142 ("A rational relationship between the suit and a legitimate winding up activity may be required to sue after the corporate charter has been forfeited"). In this case, TBIG's Joinder was not a suit on its behalf, and was not part of a dispute over the winding up of its affairs. Accordingly, to the extent a limited right of revoked corporations to file suit exists, it does not apply to, much less validate, TBIG's attempt to file a Joinder in the Notice of Removal.

### C. TBIG'S REINSTATEMENT ON AUGUST 31 HAS NO RETROACTIVE EFFECT AND CANNOT TIMELY CURE THE INABILITY OF TBIG TO JOIN IN THE NOTICE OF REMOVAL

The reinstatement of TBIG's corporate charter cannot cure the defect in TBIG's invalid Joinder in the Notice of Removal. Defendants rely on Nev. Rev. Stat. § 78.180(5) to say that the August 31, 2007 reinstatement of TBIG's corporate charter has retroactive effect and relates back to the date of revocation. They point out that the bill adding subsection (5) of Nev. Rev. Stat. § 78.180(5), S.B. 483, was only recently approved by Nevada's Governor – on June 13, 2007. Nonetheless, they cite to that section to say that TBIG's August 31 reinstatement means that its Joinder on August 27 became valid retroactively.

The effective date of S.B. 483, however, was October 1, 2007, more than a month after the reinstatement. The history of S.B. 483 is attached to the Declaration of Christopher Cooke in opposition to defendants' motion to amend, as Exhibit A. This legislative history shows that S.B. 483 took effect on October 1. Because Section 78.180(5) was not in effect on August 31, it did not

apply to TBIG's reinstatement on that date. Since S.B. 483 does not apply to TBIG's reinstatement on August 31, that reinstatement did not have retroactive effect.

At best, even if TBIG's reinstatement did have retroactive effect, the retroactive effect could not have existed until October 1 when S.B. 483 took effect. Therefore, the earliest that TBIG could have taken advantage of S.B. 483 to join in the Wachovia's Notice of Removal was October 1, more than a month after the 30-day removal period had lapsed. TBIG would have been barred from filing a joinder anytime sooner than that under Nev. Rev. Stat. § 78.175(2). A Joinder by TBIG on October 1, however, would have been too late. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). Any amendment that the Court could grant now to excuse TBIG from its lack of corporate diligence would be even later and thus time-barred as well.

In addition, even if the reinstatement applied retroactively under Nevada law, the removal process is not controlled by Nevada law. To the contrary, removal is governed by the removal statute, 28 U.S.C. § 1446(b), and that statute has a strict 30-day limit. Any substantive defect in a removal notice must be cured within the 30-day limit, and joining after expiration of the 30-day removal limit is too late. *See Prize Frize, Inc.*, 167 F.3d at 1266. The plain language of Section 1446 sets a 30-day limit, and it contains no provision for retroactive validation of corporate actions of the kind appearing in Nev. Rev. Stat. § 78.180(5). Nevada law cannot contradict or create an exception to the federal removal statute. *See* U.S. Const. Art. VI (Supremacy Clause means federal law trumps inconsistent state laws). Therefore, even if Nev. Rev. Stat. § 78.180(5) could permit after-the-fact addition of parties or curing of defects in state court under state statutes or procedural rules, it could have no such effect on the federal removal statute. For all these reasons, Defendants' reliance on Section 78.180(5) is unavailing.

**V.     CONCLUSION**

For the reasons set forth, this Court should deny Defendants' motion for leave to amend their Notice of Removal.

Date:  November 12, 2007                                COOKE KOBRICK & WU LLP

By /s/
　　CHRISTOPHER COOKE
　　Attorneys for Plaintiff
　　VIOLETTA ETTARE