Case 5:07-cv-04429-JW   Document 33   Filed 11/19/2007   Page 1 of 11

```
 1  TERRY ROSS, CASB No. 58171
    terry.ross@kyl.com
 2  AUDETTE PAUL MORALES, CASB No. 216631
    audette.morales@kyl.com
 3  KEESAL, YOUNG & LOGAN
    A Professional Corporation
 4  400 Oceangate, P.O. Box 1730
    Long Beach, California 90801-1730
 5  Telephone:  (562) 436-2000
    Facsimile:  (562) 436-7416
 6
    Attorneys for Defendants
 7  WACHOVIA SECURITIES, LLC and MARK WIELAND

 8  GILBERT R. SEROTA, No. 75305
    gserota@howardrice.com
 9  HOWARD RICE NEMEROVSKI
       CANADY FALK & RABKIN
10  A Professional Corporation
    Three Embarcadero Center, 7th Floor
11  San Francisco, California 94111-4024
    Telephone:  (415) 434-1600
12  Facsimile:  (415) 217-5910

13  Attorneys for Defendants
    JOSEPH E. BARATTA and TBIG FINANCIAL
14  SERVICES, INC.
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1-25,<br><br>　　　　　Defendants. | Case No. C-07-04429-JW (PVT)<br><br>**DEFENDANTS' JOINT NOTICE OF LODGMENT OF AUTHORITIES IN SUPPORT OF THEIR JOINT REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL**<br><br>Date:  Monday, December 3, 2007<br>Time:  9:00 a.m.<br>Place:  Courtroom 8, 4th Floor |

///

- 1 -   KYL_LB1120257
DEFENDANTS' JT. NOT./LODGMENT/AUTHORITIES/SUP./JT. REPLY I/S/O MOT./LEAVE TO AMEND NOTICE OF REMOVAL – Case No. C-07-04429-JW (PVT)

TO PLAINTIFF VIOLETTA ETTARE AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that attorneys for Defendants WACHOVIA SECURITIES, LLC, MARK WIELAND, TBIG FINANCIAL SERVICES, INC. and JOSEPH E. BARATTA hereby lodge true and correct copies of the following authorities in support of their Joint Opposition to Motion to Remand and their Joint Motion for Leave to Amend Notice of Removal.

1. Redl v. Secretary of State, 120 Nev. 75 (2004)
2. Nevada Revised Statute § 78.175(5); and
3. Nevada Revised Statute § 78.600.

DATED: November 19, 2007

/s/ Terry Ross
TERRY ROSS
AUDETTE PAUL MORALES
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
WACHOVIA SECURITIES, LLC and
MARK WIELAND

DATED: November 19, 2007

/s/
GILBERT R. SEROTA
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
Attorneys for Defendants
JOSEPH E. BARATTA and TBIG
FINANCIAL SERVICES, INC.

Westlaw.

85 P.3d 797                                                                                                Page 1
120 Nev. 75, 85 P.3d 797
(Cite as: 120 Nev. 75, 85 P.3d 797)

C
Redl v. Secretary of State
Nev.,2004.

Supreme Court of Nevada.
Harry REDL, Petitioner,
v.
Dean Heller, SECRETARY OF STATE of the State of Nevada, Respondent,
and 411 New York Owners Corp., a Nevada Corporation, Real Party in Interest.
No. 40610.

March 12, 2004.

**Background:** Defendant in separate breach of land purchase agreement suit with corporation petitioned for writ of mandamus challenging Secretary of State's revival of corporation's previously revoked charter.

**Holdings:** The Supreme Court held that:

(1) revival was not limited to five-year period contained in reinstatement statute;

(2) revival statute applied to existing as well as dissolved corporations; and

(3) revival of corporate charter was not abuse of discretion.

Writ denied.
West Headnotes
**[1] Statutes 361 ⚯184**

361 Statutes
   361VI Construction and Operation
      361VI(A) General Rules of Construction
         361k180 Intention of Legislature
           361k184 k. Policy and Purpose of Act. Most Cited Cases
   (Formerly 361k208)

**Statutes 361 ⚯206**

361 Statutes
   361VI Construction and Operation
      361VI(A) General Rules of Construction
         361k204 Statute as a Whole, and Intrinsic Aids to Construction
           361k206 k. Giving Effect to Entire Statute. Most Cited Cases
Supreme Court reads each sentence, phrase, and word in statute to render it meaningful within the context of the purpose of the legislation.

**[2] Corporations 101 ⚯615.5**

101 Corporations
   101XV Dissolution and Forfeiture of Franchise
      101k615.5 k. Reinstatement After Dissolution or Forfeiture. Most Cited Cases
Statute that prohibited reinstatement of corporate charter after five consecutive years of revocation did not prohibit revival of revoked corporate charter, where separate statute specifically governed revival process and contained no five-year limitation. West's NRSA 78.180, subd. 4, 78.730.

**[3] Corporations 101 ⚯615.5**

101 Corporations
   101XV Dissolution and Forfeiture of Franchise
      101k615.5 k. Reinstatement After Dissolution or Forfeiture. Most Cited Cases

**Courts 106 ⚯89**

106 Courts
   106II Establishment, Organization, and Procedure
      106II(G) Rules of Decision
         106k88 Previous Decisions as Controlling or as Precedents
           106k89 k. In General. Most Cited Cases
Revival statute permitted dissolved and existing corporations to apply for revival of corporate charter, even though Attorney General previously issued opinion that revival process only applied to dissolved corporations, in writ of mandamus pro-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT /

ceeding challenging Secretary of State's revival of previously revoked charter of corporation; Attorney General opinions are not precedent, and current version of revival statute specifically permitted revival of dissolved and existing corporations. West's NRSA 78.730.

[4] Corporations 101 €⇒615.5

101 Corporations
    101XV Dissolution and Forfeiture of Franchise
        101k615.5 k. Reinstatement After Dissolution or Forfeiture. Most Cited Cases
Secretary of State lacked discretion to review merits of corporation's application for revival of corporate charter due to corporation's substantial compliance with filing requirements, and thus, Secretary of State did not abuse its discretion in deciding to revive corporation's previously revoked charter; corporation's application included names of officers and met all other statutory requirements but failed to include directors, and corporation fulfilled essential elements necessary to ensure every reasonable objective of revival statute was met. West's NRSA 78.730.

**797 Watson Rounds and Kenneth N. Caldwell, Reno, for Petitioner.
Brian Sandoval, Attorney General, and George G. Campbell, Deputy Attorney General, Carson City, for Respondent.
White Law Chartered and John A. White Jr., Reno; Sharp & Brown, LLP, and John E. Sharp, San Rafael, California, for Real Party in Interest.

Before BECKER, AGOSTI and GIBBONS, JJ.

*76 OPINION

PER CURIAM.
In this petition for a writ of mandamus, petitioner challenges the Secretary of State's revival of a revoked corporate charter after a five-year period. We conclude that under NRS 78.730, the Secretary of State has discretion to revive a corporate charter that has **798 been revoked for a period of five or more years. We therefore deny the petition.

FACTS

Approximately five years ago, petitioner Harry Redl entered into a land purchase agreement with real party in interest 411 New York Owners Corp. (New York Owners). New York Owners is a *77 Nevada Corporation. Redl agreed to sell eleven lots of land in Marin County, California, to New York Owners. When Redl failed to acquire title to three of the eleven lots, New York Owners sued Redl in California for breach of contract. On October 6, 2002, Redl requested a certificate of revocation of New York Owners' corporate charter from the Nevada Secretary of State to prove that it was not a corporation in good standing at the time of the contract. Redl later discovered that the Secretary of State had revived New York Owners' corporate charter. Redl claims that the revival of the corporate charter compromised his position in the breach-of-contract litigation.

New York Owners incorporated in Nevada on September 23, 1994. After 1995, New York Owners failed to file a list of officers and directors and designate a resident agent with the Nevada Secretary of State. New York Owners also failed to pay the appropriate fees and subsequent penalties. As a result, on July 1, 2001, the Nevada Secretary of State permanently revoked New York Owners' charter. Then, on November 6, 2002, New York Owners filed a list of officers and directors and designated a resident agent. New York Owners also paid $1,555 in fees and penalties along with an application for a certificate of revival. The application for revival and the list of officers and directors did not contain any directors; it contained only officers. The Secretary of State accepted New York Owners' application and revived its corporate charter.

Redl petitions for a writ of mandamus, challenging the Secretary of State's issuance of a certificate of revival for New York Owners.

DISCUSSION

Redl petitions this court to issue a writ of mandamus to compel the Secretary of State to revoke New York Owners' revived corporate charter. We have original jurisdiction to issue writs of

FN1 " 'The extraordinary remedy of mandamus is available to compel the performance of an act which the law especially enjoins as a duty resulting from office' " FN2 or to control an arbitrary or capricious exercise of discretion.FN3 A writ of mandamus will not issue, however, if the petitioner has a plain, speedy and adequate remedy in the ordinary course of law.FN4 Further, mandamus is an extraordinary*78 remedy, and it is within this court's discretion to determine if a petition will be considered.FN5

FN1. Nev. Const. art. 6, § 4; NRS 34.160.

FN2. *City of Reno v. Nevada First Thrift,* 100 Nev. 483, 487-88, 686 P.2d 231, 234 (1984) (quoting *Board of Comm'rs v. Dayton Dev. Co.,* 91 Nev. 71, 75, 530 P.2d 1187, 1189 (1975)).

FN3. *Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

FN4. NRS 34.170.

FN5. *Poulos v. District Court,* 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also Smith v. District Court,* 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

Reinstatement and revival of a corporate charter are duties resulting from the office of the Secretary of State;FN6 and as discussed below, the Secretary of State has discretion to accept applications for revival that substantially comply with pertinent statutory provisions. Moreover, Redl has no adequate remedy in the ordinary course of law to challenge the Secretary of State's decision. It therefore appears that an original writ proceeding is the appropriate method for challenging the Secretary of State's decision.

FN6. NRS 78.180; NRS 78.730.

Redl contends that the Secretary of State lacked authority to revive New York Owners' revoked corporate charter. Redl bases his contention in part on the reinstatement provisions of NRS 78.180(4),FN7 which does not **799 mention the process of revival. Redl argues, however, that reinstatement and revival are the same.

FN7. NRS 78.180(4) states: "If a corporate charter has been revoked pursuant to the provisions of this chapter and has remained revoked for a period of 5 consecutive years, the charter must not be reinstated."

[1] We have stated that "words in a statute should be given their plain meaning unless this violates the spirit of the act." FN8 We "read each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation." FN9 To determine whether reinstatement and revival are distinguishable, we will analyze each in turn.

FN8. *McKay v. Bd. of Supervisors,* 102 Nev. 644, 648, 730 P.2d 438, 441 (1986), quoted in *White v. Continental Ins. Co.,* 119 Nev. 114, ----, 65 P.3d 1090, 1091-92 (2003).

FN9. *Bd. of County Comm'rs v. CMC of Nevada,* 99 Nev. 739, 744, 670 P.2d 102, 105 (1983).

*Corporate reinstatement*

[2] Under NRS 78.180, the Secretary of State shall reinstate a corporation if the corporation files its list of officers and directors and pays the fees and any penalties.FN10 If the corporate charter "has been revoked ... for a period of 5 consecutive years, the charter must not be reinstated." FN11

FN10. NRS 78.180.

FN11. NRS 78.180(4).

New York Owners applied for revival of its corporate charter. It did not apply for reinstatement. NRS 78.180 only provides the conditions and procedures for reinstatement; it does not mention *79 revival. Because there is another statute specifically governing the revival process, the plain meaning of reinstatement under NRS 78.180 cannot include revival. Since each word should have meaning within the

statute, the word "reinstatement" must be different from the word "revival."[FN12] Therefore, NRS 78.180 does not apply to New York Owners.

>   FN12. *See Bd. of County Comm'rs,* 99 Nev. at 744, 670 P.2d at 105.

*Corporate revival*

NRS 78.730(1) states that "[a]ny corporation which did exist or is existing under the laws of this state may ... procure a renewal or revival of its charter for any period." The corporation must comply with the provisions of NRS 78.180,[FN13] which requires the corporation to pay any fees and penalties and file a list of officers and directors and designation of a resident agent.[FN14] The corporation must also file a certificate with the Secretary of State setting forth: (1) the name of the corporation; (2) the name and address of the resident agent; (3) the date when revival is to be effective, which may be before the date of the certificate; (4) whether the revival is to be perpetual; and (5) that the corporation is, or has been, organized and carrying on the business authorized by its charter.[FN15] Finally, the certificate must be signed by a person representing the majority of the stockholders.[FN16] Upon complying with these procedures, the Secretary of State has the discretion to revive a corporate charter. The reinstatement statute does not contain any of these provisions.[FN17]

>   FN13. NRS 78.730(1).
>
>   FN14. NRS 78.180.
>
>   FN15. NRS 78.730(1).
>
>   FN16. NRS 78.730(3).
>
>   FN17. NRS 78.180.

The process for revival differs substantially from reinstatement in several ways. First, a corporation seeking reinstatement does not need to file a certificate with the Secretary of State.[FN18] Second, a corporation seeking reinstatement does not have to sign a certificate representing the majority of the stockholders.[FN19] Third, a corporation seeking revival may choose the date that the charter becomes effective, which may be any date between the original date of default to the date when the certificate is filed.[FN20] A corporation seeking reinstatement cannot choose an effective date.[FN21] Fourth, a *80 corporation **800 seeking reinstatement cannot be reinstated if its charter has remained revoked for a period of five consecutive years.[FN22] There is no similar restriction on revival.[FN23]

>   FN18. *Compare id., with*NRS 78.730(1).
>
>   FN19. *Compare*NRS 78.180, *with*NRS 78.730(3).
>
>   FN20. NRS 78.730(1)(a)(3).
>
>   FN21. NRS 78.180.
>
>   FN22. NRS 78.180(4).
>
>   FN23. NRS 78.730.

By its plain terms, NRS 78.730 allows *any* Nevada corporation now existing or that did exist to apply for revival of its charter. The Legislature, by putting a limit on reinstatement and not on revival, knew that it could limit revival and chose not to. In the instant case, New York Owners applied for revival under NRS 78.730 and was a corporation at the time of revival. Therefore, it existed as required by statute. New York Owners provided the Secretary of State with its list of officers and paid the fees and penalties. It complied with all other procedures that NRS 78.730 requires, and the Secretary of State accepted New York Owners' certificate of revival.

*Corporate revival after five years*

New York Owners applied for a revival of its corporate charter under NRS 78.730. It did not apply under NRS 78.180. Since New York Owners did not apply for reinstatement, it is not subject to the five-year limitation. The plain meaning of the statute is that the five-year limitation applies only to reinstatement, not revival.[FN24] Although a corporation cannot be reinstated after five years, there is no provision under NRS 78.730 that prevents a cor-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

porate revival after five years. The Secretary of State has the discretion to revive a revoked corporate charter after any amount of time.

>   FN24. NRS 78.180(4).

*Corporate revival after dissolution*

Redl also argues that the Secretary of State can revive only a dissolved corporation. Redl relies on a 1951 opinion from the Nevada Attorney General that discusses the statutes preceding NRS 78.730.FN25

>   FN25. 51-119 Op. Att'y Gen. 269 (1951).

[3] The Attorney General opined that the revival provision could apply only to a dissolved corporation because the statute refers to stockholders instead of a president or secretary.FN26 We note that the Attorney General's opinions are not precedent.FN27 Moreover, the current*81 statute specifically states that it applies to any corporation that did exist or is now existing.FN28 Consequently, we conclude that the plain meaning of NRS 78.730 must include all Nevada corporations, both those that existed and those that now exist. New York Owners incorporated in Nevada and qualified as an existing corporation because it had not been dissolved. New York Owners would have also qualified for revival if it had no longer existed at the time of revival.

>   FN26. *Id.* at 270.

>   FN27. *University System v. DR Partners,* 117 Nev. 195, 203, 18 P.3d 1042, 1048 (2001).

>   FN28. NRS 78.730(1).

*Failure to file list of directors*

Redl contends that because New York Owners failed to file its list of directors with the Secretary of State, the corporation should not have been revived. New York Owners claims that it did file its list of directors, as evidenced by the certificate of revival. However, the certificate of revival contains only the names and addresses of the corporate officers. The areas indicated for names and addresses of directors are blank.

[4] Under NRS 78.730(1)(b), the corporation must file a certificate with the Secretary of State that includes "[a] list of its president, secretary and treasurer and all of its directors." We agree with the 1951 Attorney General's opinion to the extent that "[w]hen papers are presented to the Secretary of State for filing and such papers substantially comply with the statutes, his discretion does not extend to the merits of the application." FN29 The Secretary of State thus has the discretion to accept applications that substantially comply with NRS 78.730.FN30 We have "defined substantial compliance as compliance**801 with essential matters necessary to ensure that every reasonable objective of the statute is met." FN31 For the reasons set forth below, the Secretary of State's decision to revive New York Owners' corporate charter was not a manifest abuse of discretion.

>   FN29. 51-119 Op. Att'y Gen. 269, 271 (1951).

>   FN30. *Id.*

>   FN31. *Williams v. Clark County Dist. Attorney,* 118 Nev. 473, 480, 50 P.3d 536, 541 (2002).

On November 6, 2002, New York Owners filed a certificate of revival pursuant to NRS 78.730. New York Owners paid the fees and penalties assessed by the Secretary of State. The certificate listed the names and addresses of New York Owners' president, secretary, and treasurer. It also listed the name and address of its resident agent; however, it did not list any directors. Since the directors must be listed under NRS 78.730(1)(b) for the purpose of *82 revival, and no directors were listed on New York Owners' certification, Redl argues that New York Owners' corporate charter should not have been revived. However, the Secretary of State stated that it " does not validate the information in the document, only that the information requisite for filing is present. [New York Owners'] docu-

ments clearly contain the information necessary for filing by this office."

By listing its president, secretary, treasurer, and resident agent along with their addresses, New York Owners has fulfilled the essential elements necessary to ensure that every reasonable objective of NRS 78.730 has been met. New York Owners omitted only the list of directors, but met all other statutory requirements. Because New York Owners substantially complied with NRS 78.730, the Secretary of State lacked the discretion to review the merits of New York Owners' revival application. The Secretary of State made the decision to revive New York Owners' charter because New York Owners filed the necessary information. The Secretary of State's decision to revive New York Owners' corporate charter was not an arbitrary or capricious exercise of discretion. Accordingly, we deny the petition for a writ of mandamus.

Nev.,2004.
Redl v. Secretary of State
120 Nev. 75, 85 P.3d 797

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

▶            **This document has been updated. Use KEYCITE.**

*WEST'S* NEVADA REVISED STATUTES ANNOTATED
TITLE 7. BUSINESS ASSOCIATIONS; SECURITIES; COMMODITIES
CHAPTER 78. PRIVATE CORPORATIONS
ANNUAL LIST; DEFAULTING CORPORATIONS
→ **78.175. Defaulting corporations: Duties of secretary of state; revocation of charter and forfeiture of right to transact business; distribution of assets**

1. The Secretary of State shall notify, by providing written notice to its resident agent, each corporation deemed in default pursuant to NRS 78.170. The written notice:

(a) Must include a statement indicating the amount of the filing fee, penalties incurred and costs remaining unpaid.

(b) At the request of the resident agent, may be provided electronically.

2. On the first day of the first anniversary of the month following the month in which the filing was required, the charter of the corporation is revoked and its right to transact business is forfeited.

3. The Secretary of State shall compile a complete list containing the names of all corporations whose right to transact business has been forfeited.

4. The Secretary of State shall forthwith notify, by providing written notice to its resident agent, each corporation specified in subsection 3 of the forfeiture of its charter. The written notice:

(a) Must include a statement indicating the amount of the filing fee, penalties incurred and costs remaining unpaid.

(b) At the request of the resident agent, may be provided electronically.

5. If the charter of a corporation is revoked and the right to transact business is forfeited as provided in subsection 2, all the property and assets of the defaulting domestic corporation must be held in trust by the directors of the corporation as for insolvent corporations, and the same proceedings may be had with respect thereto as are applicable to insolvent corporations. Any person interested may institute proceedings at any time after a forfeiture has been declared, but, if the Secretary of State reinstates the charter, the proceedings must at once be dismissed and all property restored to the officers of the corporation.

6. Where the assets are distributed, they must be applied in the following manner:

(a) To the payment of the filing fee, penalties incurred and costs due the State;

(b) To the payment of the creditors of the corporation; and

(c) Any balance remaining, to distribution among the stockholders.

   [FN1] See Historical and Statutory Notes below for effective date information.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 2

Page 2

N.R.S. 78.175

Current through the 2005 73rd Regular Session and the 22nd Special Session of the Nevada Legislature, statutory and constitutional provisions effective as a result of approval and ratification by the voters at the November 2006 General Election, and technical corrections received from the Legislative Counsel Bureau (2006).

Copr. © 2007 Thomson/West

Copr. © 2007. The text of the Nevada Revised Statutes appearing in this database was produced from computer tapes provided by the Nevada Legislative Counsel Bureau and is subject to a claim of copyright by the State of Nevada.

END OF DOCUMENT

Westlaw.
Page 1

N.R.S. 78.600

C
*WEST'S* NEVADA REVISED STATUTES ANNOTATED
TITLE 7. BUSINESS ASSOCIATIONS; SECURITIES; COMMODITIES
CHAPTER 78. PRIVATE CORPORATIONS
SALE OF ASSETS; DISSOLUTION AND WINDING UP
→ **78.600. Trustees or receivers for dissolved corporations: Appointment; powers**

When any corporation organized under this chapter shall be dissolved or cease to exist in any manner whatever, the district court, on application of any creditor or stockholder of the corporation, at any time, may either continue the directors trustees as provided in NRS 78.590 , or appoint one or more persons to be receivers of and for the corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation. The powers of the trustees or receivers may be continued as long as the district court shall think necessary for the purposes aforesaid.

Current through the 2005 73rd Regular Session and the 22nd Special Session
of the Nevada Legislature, statutory and constitutional provisions effective
as a result of approval and ratification by the voters at the November 2006
General Election, and technical corrections received from the Legislative
Counsel Bureau (2006).
Copr. © 2007 Thomson/West

Copr. © 2007. The text of the Nevada Revised Statutes appearing in this

database was produced from computer tapes provided by the Nevada Legislative

Counsel Bureau and is subject to a claim of copyright by the State of Nevada.

END OF DOCUMENT
© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 3