CHRISTOPHER C. COOKE, ESQ. (#142342)
STEPHEN S. WU, ESQ. (#205091)
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 638-2370
Facsimile: (650) 341-1395
Email: ccooke@ckwlaw.com
       swu@ckwlaw.com

Attorneys for Plaintiff
VIOLETTA ETTARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1-25,<br><br>　　　　Defendants. | CASE NO: C-07-04429-JW (PVT)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date:　　December 3, 2007<br>Time:　　9 a.m.<br>Place:　　Judge Ware's Courtroom<br>　　　　　Courtroom 8, 4th Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................... II

I. INTRODUCTION ............................................................................................................1
II. REPLY ARGUMENT.......................................................................................................1
   A. TBIG COULD NOT HAVE VALIDLY JOINED IN THE REMOVAL ON AUGUST 27 AND ITS SUBSEQUENT REINSTATENT IS IRRELEVANT ...................................................................1

   B. DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF DEMONSTRATING DIVERSITY OF CITIZENSHIP EXISTS........................4

III. CONCLUSION .................................................................................................................6

# TABLE OF AUTHORITIES

## CASES

*Abrego v. Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006)......................................................3, 4

*Clipper Air Cargo Inc. v. Aviation Products International, Inc.,* 981 F.Supp. 956 (D.S.C. 1997) ..................................................................................................................2

*Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894 (9th Cir. 2006).........................6

*Nickerman v. Remco Hydraulics, Inc.,* 2006 WL 2329516 (N.D. Cal. Aug. 9, 2006)..................4

*Sports Shinko Co. Ltd. v. QK Hotel LLC*, 486 F.Supp.2d 1168 (D. Hawaii 2007) .......................5

*Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2002) ............4, 5

*United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002) ........................3, 4

*United States ex rel. Gordon Sel-Way, Inc. v. Washtenaw County*, 1996 Dist. LEXIS 15537 (E.D. Mich. Aug. 22, 1996)...............................................................................2

*Wild v. Subscription Plus, Inc.*, 292 F.3d 526 (7th Cir. 2002) ......................................................2

## STATUTES

28 U.S.C. § 1446(b)........................................................................................................................1

Nev. Rev. Stat. § 78.175(2) ............................................................................................................1

## RULES

Fed. R. Civ. P. 6(a).........................................................................................................................1

Fed. R. Evid. 602............................................................................................................................6

## TREATISES

16A William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations*, § 7997 at 38-43 (Perm. Ed. 2003) ...................................................................................2, 3

**I.     INTRODUCTION**

Plaintiff's motion for remand should be granted.  First, it is undisputed that TBIG's corporate charter was revoked when TBIG purported to join in the notice of removal of this action on August 27, 2007 and that, under Nevada law, TBIG was forbidden from transacting any business on that date. Defendants have not cited any authority that holds that a revoked corporation whose ability to transact business has been forfeited can nonetheless validly join in a removal of a case from state court to federal court. The majority rule is that an administratively dissolved corporation may not participate in litigation and that its court filings are a nullity. Second, defendants have not met their burden of demonstrating that diversity jurisdiction exists. Defendants' declaration from Mr. Baratta is wholly conclusory and provides no facts on the place of TBIG's operations, which is the relevant inquiry under governing Ninth Circuit law.  The declarations from Mr. Meister and Mr. Waldman, proffered to establish the citizenship of Wachovia's corporate parents, are also conclusory and are not even from persons with personal knowledge of such facts.  Accordingly, the Court should grant plaintiff's motion to remand.

**II.    REPLY ARGUMENT**

    **A.    TBIG COULD NOT HAVE VALIDLY JOINED IN THE REMOVAL ON AUGUST 27 AND ITS SUBSEQUENT REINSTATENT IS IRRELEVANT**

As described in plaintiff's opening brief, defendant Wachovia Securities LLC was served with the Complaint on July 26, and filed its notice of removal on August 27.  While Wachovia Securities' removal was within the thirty day period required by 28 U.S.C. § 1446(b),[1] TBIG, who had been served on August 3, did not properly join in the removal within that time period.  TBIG did not properly join in the removal on August 27 because it is undisputed that TBIG was a revoked corporation on August 27, and that under Nevada law, TBIG's "right to transact business" had long been "forfeited."  Nev. Rev. Stat. § 78.175(2).

Faced with these facts, defendants make two principal arguments in opposition to the

---

[1] Thirty days after July 26 was Sunday, August 26; defendants therefore had until Monday, August 27 to file the notice of removal.  *See* Fed. R. Civ. P. 6(a) (excluding Saturdays, Sundays, and legal holidays "when the act to be done is the filing of a paper in court").

1  remand motion to contend that the Court should ignore TBIG's status as a revoked corporation on
2  August 27.  First, defendants argue that TBIG's revoked status is irrelevant because such
3  corporations can sue or be sued (Opp. MPA at 10-11).  Second, citing Nevada Revised Statute
4  Section 78.180(5), defendants argue that TBIG's reinstatement after the joinder, on August 31,
5  should be given retroactive effect under Nevada law and validate its joinder on August 27 (Opp.
6  MPA 11-12). Neither argument is persuasive.

7  As plaintiff discusses in her opposition to defendants' joint motion to amend the removal
8  notice, defendants' first argument confuses the issue of whether a revoked corporation can be sued
9  with whether a revoked corporation can defend itself or otherwise participate in the lawsuit.
10 Defendants' cited authorities — *Wild v. Subscription Plus, Inc.*, 292 F.3d 526 (7th Cir. 2002) and
11 *Clipper Air Cargo Inc. v. Aviation Products International, Inc.,* 981 F.Supp. 956 (D.S.C. 1997)—
12 hold only that a revoked corporation can be sued. *See, e.g. Wild*, 292 F.3d at 529 (under Oklahoma
13 law, a revoked corporation can be sued); *Clipper Air Cargo*, 981 F.Supp. at 959-60 (under Nevada
14 law, a revoked corporation can be sued).  Neither case addresses whether revoked corporation can
15 file a joinder, or otherwise actively participate in litigation, while the corporation's charter remains
16 revoked, or whether the corporation must first reinstate its charter before it can properly engage in
17 such activities.

18 The majority rule is that an administratively dissolved corporation such as TBIG, during the
19 period of its dissolution, "cannot bring, defend, or appeal lawsuits in its corporate name, except for
20 the purpose of winding up or liquidating its business or affairs."  16A William M. Fletcher,
21 *Fletcher Cyclopedia of the Law of Private Corporations*, § 7997 at 38-43 (Perm. Ed. 2003)
22 ("*Fletcher Cyclopedia*").  Any actions that the dissolved corporation purportedly takes in litigation
23 during the period of its disability are a "nullity." *See United States ex rel. Gordon Sel-Way, Inc. v.*
24 *Washtenaw County*, 1996 Dist. LEXIS 15537, at * 4-5, 6-7 (E.D. Mich. Aug. 22, 1996).
25 Defendants have not cited any authorities that indicate that Nevada departs from this majority rule.
26 Defendants' argument regarding the effect of TBIG's reinstatement of its charter on August
27 31 rests on a misunderstanding of Nevada law.  As discussed in plaintiff's opposition to defendants'
28 motion to amend the removal notice, Section 78.180(5) of the Nevada Revised Statutes, the statute

1  that defendants claim provides retroactive effect to TBIG's reinstatement of its corporate charter,
2  did not become the law in Nevada until October 1, 2007. *See* Page 2 of Exhibit A to the Declaration
3  of Christopher Cooke in Opposition to Defendants' Motion to Amend Removal Notice (legislative
4  history of S.B. 483, stating statute is effective "October 1, 2007").  The effective date of Section
5  78.180(5) is more than one month after the time for removal had expired and is even after plaintiff
6  filed her motion for remand. This statute has no bearing on this case, and it is too late for TBIG to
7  join in the removal notice now.

8        When TBIG reinstated its corporate charter on August 31, Nevada law was silent on
9  whether such a reinstatement should be given prospective or retroactive effect.   A leading treatise
10 states that "[r]einstatement will be applied prospectively when the corporation law is silent on the
11 matter." 16A *Fletcher Cyclopedia* § 8112.30 at 214.  This treatise accurately describes Nevada law
12 on this issue. The Nevada legislature would not have needed to enact Section 78.180(5) if Nevada
13 law had already provided that a revoked corporation's reinstatement of its charter applied
14 retroactively to validate all actions taken during the period of the corporation's disability, rather
15 than prospectively.  *Cf. Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683-84 (9th Cir. 2006) ("In
16 this instance, the statute is not ambiguous.  Instead, it is entirely silent . . . Faced with statutory
17 silence on the burden issue, we presume that Congress is aware of the legal context in which it is
18 legislating").

19       Defendants also assert, in passing, that if TBIG were incapable of participating in the
20 litigation, "including TBIG in this suit would be meaningless" and that "removal to this court
21 would be appropriate."  (Opp. MPA at 11:59).  This assertion is without merit.

22       As already discussed, TBIG's inability to defend itself in the litigation does not mean that it
23 cannot be sued.  The only way in which the Court could properly disregard TBIG, and thus excuse
24 its failure to properly join in the notice of removal, would be if defendants could establish that
25 TBIG were a "sham" or "nominal" defendant who was fraudulently joined in this action and whose
26 presence the Court may disregard for purposes of determining diversity jurisdiction. *See, e.g.*
27 *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 761-2 (9th Cir. 2002), *Nickerman v.*
28 *Remco Hydraulics, Inc.,* 2006 WL 2329516 (N.D. Cal. Aug. 9, 2006).

To invoke the "sham" or nominal" defendant doctrine, defendants would have to demonstrate either that plaintiff had no possible claim against TBIG under state law (*United Computer System*, 298 F.3d at 762) or that TBIG had no assets, operations, and essentially ceased to exist as a business. *Nickerman*, 2006 WL 2329516 at **2-4.  Of course, defendants have not made and cannot make any such showing. TBIG's own Form ADV, filed with the Securities and Exchange Commission on March 27, 2007, indicates that TBIG has $46.7 million in assets under management, in 51 discretionary and 6 non-discretionary accounts.  (*See* Declaration of Christopher Cooke In Support of Motion to Remand, filed Sept. 26, 2007, at Ex. A, page 7).[2]

### B.   DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF DEMONSTRATING DIVERSITY OF CITIZENSHIP EXISTS

The Court should remand this action because defendants have also failed to meet their burden of demonstrating that diversity of citizenship exists.  Defendants' declarations from Joseph Baratta, Kenneth Meister, and Paul Waldman come woefully short of meeting defendants' burden of establishing that diversity jurisdiction exists in this case.[3]

Joseph Baratta's declaration is insufficient to establish that TBIG's principal place of business lies in Nevada and not California because he provides no facts regarding TBIG's business activities that would allow the Court to make this determination. In the Ninth Circuit, a corporation's principal place of business is usually determined by reference to one of two tests, the "nerve center" test or the "place of operations" test.  *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2002).  For an inactive corporation, some courts also look at the place in which the corporation last engaged in business activities before it became inactive, and the period of time it has remained inactive.  *See Sports Shinko Co. Ltd. v. QK Hotel LLC*, 486

---

[2] Defendant Baratta claims that the Form ADV attached to the Cooke Declaration is from 2005.  He is mistaken.  The signature line on the Form ADV indicates that this is the Form ADV that was filed with the Securities & Exchange Commission on March 27, 2007.  (Cooke Dec. Ex. A at page 22).  That Baratta's version of the Form ADV now discloses a Nevada address for TBIG is not surprising, since Baratta himself can change the information appearing in the Form ADV.

[3] Plaintiff assumes that the Court can properly consider these declarations even though they present facts beyond those alleged in the Removal Notice and the complaint.  The Ninth Circuit has held that the court can consider "summary-judgment-type" of evidence, such as declarations from percipient witnesses, to determine whether the "amount in controversy" requirement has been satisfied.  *See Abrego*, 443 F.3d at 690.

1  F.Supp.2d 1168 (D. Hawaii 2007) (noting split among 2nd, 3rd, 4th and 5th Circuits, and following
2  other district courts in the Ninth Circuit in adopting the "case by case" approach of the 4th and 5th
3  Circuit, which examines whether corporation has been inactive for a substantial period of time and
4  the location of its activities and assets when it was last active).

While Mr. Baratta clarifies that TBIG's offices are now located at his residence in Incline Village, Nevada, he does not provide any facts regarding where it has conducted its activities, when it has conducted them, and where its customers are located and serviced.  Mr. Baratta also does not deny Mrs. Ettare's assertion that he met and solicited her as a customer when she was in California in 2002.  These omissions regarding the location of TBIG's business activities are telling: "Where a majority  of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state. *The "nerve center" test should be used only when no state contains a substantial predominance of the corporation's business activities.*" *Tosco Corp.*, 236 F.3d at 500 (italics in original).  The Court should infer, from defendants absence of evidence on this issue, that a majority of TBIG's business activities have taken place in California, its former corporate home, and not Nevada.

The declarations from Messrs. Meister and Waldman, proffered to establish that diversity of jurisdiction exists with respect to Wachovia Securities LLC, are similarly deficient.  These declarations do not establish that Wachovia Securities's ultimate corporate parents —Everen Capital Corporation and Prudential Securities Group, Inc. —are citizens of states other than California, because Mr. Meister and Mr. Waldman are not officers of those two corporations. Mr. Meister states that he is an officer of "Prudential Equity Group, LLC." (*See* Declaration of Kenneth Meister In Support of Defendants' Joint Opposition to Plaintiff's Motion to Remand, ¶ 1 at 1, filed on Oct. 29, 2007 ("Meister Dec.")) His employer is not a party in this case and is not one of the apparent owners of defendant Wachovia Securities LLC.  (Meister Dec. ¶¶2-3).

Similarly, Mr. Waldman states that he is an officer of Wachovia Securities LLC, but he is not, apparently, an officer of Everen Capital Corporation or Prudential Securities Group, Inc., the

only two relevant entities for purposes of determining the citizenship of Wachovia Securities LLC.[4] (Declaration of Paul Waldman In Support of Defendants' Joint Opposition to Plaintiff's Motion to Remand, ¶ 1 at 1, filed Oct. 29, 2007).

Mr. Meister and Mr. Waldman do not provide any facts to explain how they know the locations of the principal places of business of two corporations that are not their employers. As such, these declarations are inadmissible. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). In addition, each declaration is wholly conclusory and does not provide any facts from which the Court may determine the principal place of business of either corporation under the place of operations or the nerve center tests followed in the Ninth Circuit.

### III.   CONCLUSION

For the reasons set forth, this Court should grant Plaintiff's Motion to Remand.

Date:  November 19, 2007                    COOKE KOBRICK & WU LLP

                                            By   /s/
                                               CHRISTOPHER COOKE
                                               Attorneys for Plaintiff
                                               VIOLETTA ETTARE

---

[4] These two declarations and defendants' proposed amended removal notice are replete with facts regarding the laws under which various limited liability companies are organized and where these entities are located. This information is irrelevant. Under *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894 (9th Cir. 2006), the Court is required to treat a limited liability company like a partnership, and look to the citizenship of the owners of the limited liability company. Here, the relevant non-LLC owners are apparently the two corporations Prudential Securities Group, Inc. and Everen Capital Corp.