IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Violetta Ettare, | NO. C 07-04429 JW |
|         Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND; GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL** |
|   v. | |
| Joseph E. Baratta, et al., | |
|         Defendants. | |

## I. INTRODUCTION

Violetta Ettare ("Plaintiff") brings this diversity action against Joseph E. Baratta, TBIG Financial Services, Inc., Wachovia Securities, LLC, and Mark Wieland (collectively, "Defendants") alleging, *inter alia*, fraud in relation to the management of her investment portfolio. Presently before the Court are Plaintiff's Motion to Remand and Defendants' Motion for Leave to Amend the Notice of Removal.[1] The Court found it appropriate to take the motions under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES

---

[1] (Plaintiff's Motion to Remand, hereafter, "Plaintiff's Motion," Docket Item No. 16; Defendants' Motion for Leave to Amend Notice of Removal, hereafter, "Defendants' Motion," Docket Item No. 23.)

Plaintiff's motion to remand and GRANTS Defendants' motion for leave to amend notice of removal.

## II. BACKGROUND

On July 13, 2007, Plaintiff filed a complaint in Santa Clara Superior Court alleging that Defendants mismanaged her investment portfolio. (Notice of Removal, Docket Item No. 1.) Plaintiff's Complaint alleges six causes of action: 1) fraud; 2) breach of fiduciary duty; 3) breach of oral contract; 4) negligence; 5) securities fraud; and 6) unfair business practices. Defendants were served between July 26, 2007 and August 3, 2007. On August 22, 2007, Defendants removed the action to the Northern District of California on the basis of diversity jurisdiction.

Presently before the Court are Plaintiff's motion to remand and Defendants' motion for leave to amend the notice of removal.

## III. STANDARDS

If, prior to final judgment, the district court discovers its lack of subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). If the basis for jurisdiction is diversity, it must exist both at the time the action was commenced in state court and at the time of removal. Strotek Corp. v. Air Transp. Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002). The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Quinones v. Target Stores, 2005 U.S. Dist. LEXIS 31915 (N.D. Cal. 2005). Removal statutes are construed restrictively. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**IV.  DISCUSSION**

Plaintiff moves to remand the action to state court on the grounds that 1) not all defendants properly consented to removal, and 2) the Notice of Removal does not adequately allege subject matter jurisdiction. (Plaintiff's Motion at 1.)

**A.   Defendants' Consent to Removal**

Plaintiff contends that at the time the removal notice was filed, Defendant TBIG Financial Services was a revoked corporation and therefore could not have joined in the removal notice. Therefore, the removal was incomplete because not all Defendants had joined. (Plaintiff's Motion at 5.)

All defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 (9th Cir. 1988). Thus, the issue is whether Defendant TBIG had the capacity to join in the removal. Under Federal Rule of Civil Procedure 17(b), the capacity of a corporation to sue or be sued is determined by the laws of the state in which the corporation is organized. Since TBIG is alleged to be a Nevada corporation, Nevada law applies. (See Docket Item No. 1.) Under Nevada law, when a corporation fails to keep current in its filings with the Secretary of State, "the charter of the corporation is revoked and its right to transact business is forfeited." Nev. Rev. Stat. § 78.175. Nevada law is otherwise silent on whether a revoked corporation can participate in litigation while its charter is revoked.

TBIG's Corporate Charter was revoked as of November 1, 2002 and remained revoked on August 27, 2007, when the removal notice was filed.[2] TBIG's Corporate Charter was reinstated on August 31, 2007. TBIG's revoked status notwithstanding, the Court finds no authority for the proposition that a Nevada court would permit a Nevada corporation to be sued, but strip it of any right to defend itself. The Court's finding is further supported by recent legislation in Nevada that

---

[2] (Declaration of Christopher Cooke in Support of Plaintiff's Motion to Remand, Ex. B, hereafter, "Cooke Decl.," Docket Item No. 18.)

3

1  gives retroactive effect to the reinstatement of a corporate charter.[3]  Although the act was not
2  effective until October 1, 2007,[4] the amendments did not change existing Nevada law but merely
3  added the retroactive provision.

4        The Court declines to apply California law, as urged by Plaintiff, because TBIG is a Nevada
5  corporation. (Plaintiff's Motion at 6-7.)  Accordingly, the Court DENIES Plaintiff's motion to
6  remand, on this ground.

7  **B.**     **<u>Adequacy of Jurisdictional Allegations in the Notice of Removal</u>**

8        In the alternative, Plaintiff moves to remand on the ground that the notice of removal does
9  not adequately allege jurisdiction because it fails to allege the citizenship of each Defendant.
10  (Plaintiff's Motion at 4-5.)

11        When a defendant removes an action to federal court, it must allege the basis of federal
12  jurisdiction in its notice of removal. 28 U.S.C. 1446(a).  When the basis of removal is diversity of
13  citizenship, the notice of removal must allege the citizenship of each defendant. See <u>Queen Victoria</u>
14  <u>Corp. v. Insurance Specialists of Hawaii, Inc.</u>, 711 F. Supp. 553, 554 (D. Haw. 1989).  For the
15  purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which its
16  owners or members are citizens. <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899
17  (9th Cir. 2006).

18        The notice of removal must also be filed no later than thirty days after a defendant is served
19  with the summons and complaint. 28 U.S.C. § 1446(b).  If the notice of removal does not allege an
20  adequate basis for federal jurisdiction, it "cannot be amended to add a separate basis for removal
21  jurisdiction after the thirty day period." <u>O'Halloran v. University of Washington</u>, 856 F.2d 1375,
22  1381 (9th Cir. 1988).  However, a defendant may amend the notice of removal after the thirty day
23  window has closed to correct a "defective allegation of jurisdiction." <u>ARCO Envtl. Remediation,</u>
24  <u>L.L.C. v. Dep't of Health and Envtl. Quality of Montana</u>, 213 F.3d 1108, 1117 (9th Cir. 2000).

---

[3]  <u>See</u> Nev. Rev. Stat. § 78.180(5).

[4]  <u>See</u> Nev. Rev. Stat. § 218.530.

4

In this case, Defendants allege the citizenship of each Defendant. However, with respect to Defendant Wachovia, LLC, the removal notice does not allege the citizenship of each of Wachovia's members, as required under Johnson. The removal notice only states that "[a]t the time said action was commenced and at all times thereafter, Wachovia is and was a Limited Liability Company under the laws of Delaware, having its principle place of business in Richmond, Virginia." (Notice of Removal ¶ 5.) Thus, under Johnson, the notice does not adequately allege diversity of citizenship to establish federal court jurisdiction.

However, Defendants contend that their defective allegation of jurisdiction can be cured by amendment. (Defendants' Motion at 3.) Defendants present declarations regarding the citizenship of Wachovia's members to support their contention that Wachovia's members were citizens of states other than California at the time of the filing of the action and on the date the action was removed. (Id. at 3-5; See also Docket Item No. 23.) Based on the declarations, the Court finds that Defendants can cure the defect of their notice of removal if granted leave to amend. Since the proposed amendment does not add a new basis for jurisdiction, but merely add facts necessary to support the original basis, the Court finds that the proposed amendment does not violate the time restriction of § 1446(b).

Accordingly, the Court DENIES Plaintiff's motion for remand on this ground and GRANTS Defendants' motion for leave to amend the notice of removal.

### V.  CONCLUSION

The Court DENIES Plaintiff's Motion for Remand and GRANTS Defendants' Motion for Leave to Amend. Defendants shall file an Amended Notice of Removal within fifteen (15) days of this Order.

//

5

The parties shall appear for a Case Management Conference on **March 24, 2008 at 10 A.M.** Pursuant to the Civil Local Rules of Court, the parties shall meet and confer and file a Joint Case Management Statement on or before **March 14, 2008.** The statement shall include the parties' discovery plan with a proposed date for close of all discovery.

Dated: February 13, 2008

JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Audette Paul Morales audette.morales@kyl.com
Christopher Charles Cooke ccooke@ckwlaw.com
3  Gilbert Ross Serota gserota@hrice.com
Stephen S. Wu swu@ckwlaw.com
4
**Dated: February 13, 2008**                          **Richard W. Wieking, Clerk**
5

6                                                     **By:   /s/ JW Chambers
                                                          Elizabeth Garcia
7                                                         Courtroom Deputy**