1 TERRY ROSS, CASB No. 58171
terry.ross@kyl.com
2 AUDETTE PAUL MORALES, CASB No. 216631
audette.morales@kyl.com
3 KEESAL, YOUNG & LOGAN
A Professional Corporation
4 400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
5 Telephone: (562) 436-2000
Facsimile: (562) 436-7416
6
Attorneys for Defendants
7 WACHOVIA SECURITIES, LLC and MARK WIELAND

8

9
**UNITED STATES DISTRICT COURT**
10
**NORTHERN DISTRICT OF CALIFORNIA**
11
**SAN JOSE DIVISION**
12

13

VIOLETTA ETTARE,                              )  Case No. C-07-04429-JW (PVT)
14                                             )
                          Plaintiff,           )
15                                             )  **DECLARATION OF TERRY ROSS IN**
           vs.                                 )  **SUPPORT OF DEFENDANTS' JOINT**
16                                             )  **AMENDED NOTICE OF REMOVAL**
JOSEPH E. BARATTA, an individual,             )  **OF ACTION**
17 TBIG FINANCIAL SERVICES, INC., form )
of business unknown, WACHOVIA                 )
18 SECURITIES, LLC, a Delaware Limited         )
Liability Company, MARK WIELAND, an )
19 individual, and DOES 1-25,                  )
                                               )
20                        Defendants.          )
                                               )
21

22          I, TERRY ROSS, declare as follows:

23          1.      I am an attorney at law duly licensed to practice before this Court

24 and am a member of the law firm of Keesal, Young & Logan, attorneys of record for

25 Defendants WACHOVIA SECURITIES, LLC ("Wachovia") and MARK WIELAND

26 ("Wieland") (collectively, "Defendants") in this matter. I have personal knowledge of the

27 facts set forth below except for those stated upon information and belief and, if called

28 upon to testify as a witness, could and would testify competently thereto.

- 1 -                                                    KYL_LB1133829v3

1    2.    On July 26, 2007, Wachovia was served with the Summons and a

2  copy of the Complaint filed by Plaintiff Dr. VIOLETTA ETTARE on July 13, 2007, in the

3  Superior Court of the State of California for the County of Santa Clara, Case

4  No. 107CV089814, entitled <u>VIOLETTA ETTARE v. JOSEPH E. BARATTA, an indi-</u>

5  <u>vidual, TBIG FINANCIAL SERVICES, INC., a form of business unknown, WACHOVIA</u>

6  <u>SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an</u>

7  <u>individual, and DOES 1–25</u> (the "Complaint").  A true and correct copy of the Proof of

8  Service of Summons on Wachovia is attached hereto as Exhibit "A."  A true and correct

9  copy of the Summons and Complaint is attached hereto as Exhibit "B."

10    3.    On August 1, 2007, Wieland was served with the Summons and a

11  copy of the Complaint.  A true and correct copy of the Proof of Service of Summons on

12  Wieland is attached hereto as Exhibit "C."

13    4.    Based on discussions I have had with Gilbert R. Serota, counsel for

14  Defendants TBIG FINANCIAL SERVICES, INC. ("TBIG") and JOSEPH E. BARATTA

15  ("Baratta"), I am informed and believe TBIG and Baratta were both served with the

16  Summons and a copy of the Complaint on August 3, 2007.

17    5.    I am informed and believe Wachovia is a limited liability company

18  under the laws of Delaware, having its principal place of business in Richmond, Virginia.

19    6.    I am informed and believe Wieland is a citizen of the State of

20  Pennsylvania.

21    7.    Based on discussions I have had with counsel for TBIG and Baratta,

22  I am informed and believe TBIG is a corporation incorporated under the laws of Nevada,

23  having its principal place of business in Incline Village, Nevada and that Baratta is a

24  citizen of the State of Nevada.

25    8.    Based on a review of the Complaint, I am informed and believe

26  Plaintiff was at all material times a citizen of the State of California and a resident

27  Santa Clara County.  <u>See</u> Complaint ¶ 1.

28  ///

1    9.    Based on a review of the Complaint, I am informed and believe that
2 Plaintiff's alleged damages exceed $75,000.  See, e.g., Complaint ¶ 39.

3    10.    No further proceedings have been had in the above-referenced state
4 court action.

5    11.    Defendants' original Notice of Removal (in which TBIG and Baratta
6 joined) was filed on August 27, 2007.

7    12.    Defendants provided the original Notice of Removal to the Clerk of
8 the Superior Court of the State of California for the County of Santa Clara on August 27,
9 2007.  A true and correct copy of that Notice is attached hereto as Exhibit "D."

10    13.    As counsel for Defendants Wachovia and Wieland, I provided the
11 Defendants' Joint Amended Notice of Removal to the Clerk of the Superior Court of the
12 State of California for the County of Santa Clara on February 28, 2008.  A true and
13 correct copy of that Notice is attached hereto as Exhibit "E."

14    Executed this 28th day of February, 2008 at Long Beach, California.

15    I declare under penalty of perjury under the laws of the United States of
16 America that the foregoing is true and correct.

17

18    _____
    TERRY ROSS
19

20

21

22

23

24

25

26

27

28

KYL_LB1133829v3
DECL./ROSS/SUPPORT/AMENDED NOT./REMOVAL/ ACTION – Case No. C-07-04429-JW (PVT)

STEPHEN S. WU (SBN 20509)
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: 650-638-2370
Attorney for: Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA

Plaintiff : VIOLETTA ETTARE

Defendant : JOSEPH E. BARATTA etc., et al.

**FILED**

AUG 1 3 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
Q. FUJIHARA

Ref#: 218852    **PROOF OF SERVICE OF SUMMONS**    Case No.: 107CV089814

1. At the time of service I was at least eighteen years of age and not a party to this action.

2. I served copies of:
   SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET

3. a. Party served    : WACHOVIA SECURITIES LLC

   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made:
      Rhonda McCarty, Authorized Agent

4. Address where the party was served:
      CSC-Lawyers Incorporating Service
      2730 Gateway Oaks Drive #100
      Sacramento, CA 95833

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: July 26, 2007 (2) at: 1:06 PM

**PROOF OF SERVICE OF SUMMONS**

**EXHIBIT "A"**

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of: WACHOVIA SECURITIES LLC
      under the following Code of Civil Procedure section:
      under: other: Limited Liability Company

7. Person who served papers:
   a. DARIN FAIN
   b. SPECIALIZED LEGAL SERVICES, INC.
      1112 Bryant Street, Suite 200
      San Francisco, CA 94103
   c. Telephone number: (415) 357-0500
   d. The fee for service was: $120.00
   e. I am:
      (3) a registered California process server:
          (i) owner, employee or independent contractor
          (ii) Registration no.: 2006-45
          (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 26, 2007

DARIN FAIN

POS-010 Rev. January 1, 2007

218852

## PROOF OF SERVICE OF SUMMONS

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED

2007 JUL 17 A 7 54

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA

BY: _____ G. FUJIHARA
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOSEPH E. BARATTA, TBIG FINANCIAL SERVICES, INC.,
WACHOVIA SECURITIES LLC, MARK WIELAND and DOES 1
through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VIOLETTA ETTARE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 107CV089814 |
| --- | --- |

Santa Clara County Superior Court
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher Cooke and Stephen Wu, COOKE KOBRICK & WU LLP
177 Bovet Rd., Suite 600, San Mateo, CA 94402, Tel. No. (650) 638-2370

G. FUJIHARA

DATE: *(Fecha)* JUL 17 2007    Kiri Torre    Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wachovia Securities LLC

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☒ other *(specify):* limited liability company

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

EXHIBIT "B"

1    CHRISTOPHER C. COOKE, ESQ. (#142342)
2    STEPHEN S. WU, ESQ. (#205091)
   **COOKE KOBRICK & WU LLP**
3    177 Bovet Road, Suite 600
   San Mateo, CA 94402
4    Telephone: (650) 638-2370
   Facsimile: (650) 341-1395

5

6    Attorneys for Plaintiff VIOLETTA ETTARE

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8       FOR THE COUNTY OF SANTA CLARA - UNLIMITED CIVIL JURISDICTION

9

10   VIOLETTA ETTARE,                 CASE NO.: **107CV089814**

11           Plaintiff,        (Unlimited Civil)

12       v.                **COMPLAINT FOR:**

13   JOSEPH E. BARATTA, an individual, TBIG   1)  **Fraud**
  FINANCIAL SERVICES, INC., form of     2)  **Breach of Fiduciary Duty**
14   business unknown, WACHOVIA SECURITIES,   3)  **Breach of Oral Contract**
  LLC, a Delaware Limited Liability Company,   4)  **Negligence**
15   MARK WIELAND, an individual, and DOES 1-   5)  **Securities Fraud [Violations of Corp.**
  25,                           **Code 25,400]**
16                    6)  **Unfair Business Practices [Violation of**
         Defendants.         **California Business & Professions Code**
17                      § 17200 et seq.]

18

19

20       Plaintiff VIOLETTA ETTARE alleges as follows:

21        1.    At all times relevant to this Complaint, Plaintiff has been a resident of Morgan Hill,

22   Santa Clara County, California.

23        2.    Defendant Joseph E. Baratta ("BARATTA"), at all times relevant herein, has resided

24   in the Town of Los Altos Hills, Santa Clara County, California and in Incline Village, Nevada.

25        3.    Plaintiff is informed and believes that Defendant TBIG Financial Services, Inc.

26   ("TBIG") at all relevant times, has been an investment advisory firm, registered with the United

27   States Securities & Exchange Commission, operating from BARATTA's residences in Los Altos

28   Hills, Santa Clara County, California and Incline Village, Nevada. TBIG was, until 1998, a

-1-
**COMPLAINT**

1   California Corporation; its present form of business organization is unknown.

2       4.    Plaintiff is informed and believes that Defendant Wachovia Securities LLC,

3   ("WACHOVIA") is Delaware Limited Liability Company that maintains its headquarters in

4   Richmond, Virginia. WACHOVIA is securities brokerage firm registered with the United States

5   Securities & Exchange Commission and the National Association of Securities Dealers, Inc.

6   ("NASD"), and is a member of the New York Stock Exchange.

7       5.    Plaintiff is informed and believes that defendant Mark Wieland ("WIELAND"), at

8   all relevant times, has been a resident of Pennsylvania and, until some date in 2007, was the

9   registered representative (i.e. "stock broker") employed by WACHOVIA who oversaw Plaintiff's

10   account at WACHOVIA.

11      6.    Defendants DOES 1 through 25, inclusive, are sued herein by such fictitious names

12   in that Plaintiff does not at this time know their true names, capacities, nor specific activities of said

13   Defendants, but alleges that each of said Defendants is or may be legally liable to Plaintiff, and

14   therefore Plaintiff prays that the true names, capacities and activities of these Defendants may be

15   inserted herein when the same is ascertained.

16      7.    Plaintiff is informed and believe and thereon allege that at all times herein

17   mentioned, each Defendant was an agent, servant, franchisee, joint venturer, partner, employee,

18   and/or co-conspirator of the other Defendants herein named, and at all said times, each of said

19   Defendants was acting within the course and scope of said agency, service, franchise, joint venture,

20   partnership, employment and/or conspiracy.

21                 **GENERAL ALLEGATIONS**

22      8.    Plaintiff is a widow whose husband died in 2001. When her husband died, Plaintiff

23   received $1 million death benefit from a life insurance policy that her husband had purchased and

24   which named her as the beneficiary.

25      9.    Defendant BARATTA is a relative of a close personal friend of Plaintiff, and

26   through that relative, BARATTA met Plaintiff and socialized with her and her husband before her

27   husband died. BARATTA held himself out to Plaintiff as an expert on securities and investments,

28   and presented himself as a highly successful money manager.

10. After BARATTA learned that Plaintiff was to receive substantial life insurance proceeds from the death of her husband, BARATTA repeatedly sought to have Plaintiff invest this money with his firm, TBIG, an investment advisory firm.

11. Plaintiff was initially reluctant to invest with TBIG and BARATTA. Plaintiff is an unsophisticated investor and is unfamiliar with the stock market, securities, or investment matters. Defendant BARATTA, however, repeatedly assured Plaintiff that he could obtain a much better rate of return for her than what her funds would earn at a bank (where Plaintiff had intended to hold the insurance proceeds), because of BARATTA's expertise and success in investing in the stock market for other clients.

12. In or about November 2001, Plaintiff agreed to become a client of TBIG and BARATTA and transferred $900,000 to a stock brokerage account that BARATTA had opened in Plaintiff's name at FIRST UNION SECURITIES INC. ("FIRST UNION"), a stock brokerage firm that became WACHOVIA during 2001, following a corporate merger. The stock broker on Plaintiff's account when it was opened at FIRST UNION was WIELAND, who continued as Plaintiff's stock broker after the merger.

13. Due to Plaintiff's lack of familiarity with the securities markets, her other limited financial resources, and her aversion to risk, she explicitly instructed BARATTA and TBIG that they should invest no more than $100,000 of Plaintiff's funds (11 percent) in the stock market and that the rest of her funds should be invested in safe, low risk investments that would preserve capital and provide her with a moderate return.

A. **Defendants' Unsuitable and Highly Speculative Investment Purchases**

14. Contrary to Plaintiff's instructions, and without her knowledge or consent, defendants TBIG and BARATTA, with the knowledge and assistance of WACHOVIA and WIELAND, used Plaintiff's funds to purchase and sell millions of dollars of highly risky, speculative securities that were unsuitable for Plaintiff, in light of her stated investment objectives, financial situation, and ability to tolerate financial risk.

15. Among other speculative and unsuitable trades, BARATTA and TBIG, with assistance of WACHOVIA and WIELAND, caused Plaintiff's account to:

-3-
COMPLAINT

a.  take significant short positions in volatile technology securities, which exposed Plaintiff's account to risk of loss if the price of the securities increased[1]

b.  purchase short-term "call" or "put" option contracts in securities, which exposed Plaintiff's account to market risk with the respect to the security for which the option contract was written, and to the risk of loss of the entire investment in the option contract, in the event that the security for which the option contract was issued declined in price (for the call options) or rose in price (for the put options) and/or if the option contract was not exercised or sold prior to the contract's expiration date.[2]

c.  take short positions in put and call options, which exposed the account to the risk of loss if the price of the security for which the option contract was issued declined in price (for the short put option positions) or rose in price (for the short call option positions).

16.     Defendants compounded the risk to Plaintiff's investments and magnified the losses that she suffered by opening a margin account for Plaintiff with WACHOVIA, and using funds borrowed from WACHOVIA through this margin account in order to effect many of these trades. By using borrowed funds to effect these trades, Defendants TBIG and BARATTA caused Plaintiff's account to take larger positions in the stocks and options than the cash position in her account would have permitted, and thereby risked a larger financial loss to Plaintiff if the trades made with these borrowed funds turned out to be unprofitable.  The margin debt that Defendants caused Plaintiff's account to incur further drained Plaintiff's account due to substantial interest charges on the funds borrowed from WACHOVIA.

17.     In addition, Defendants TBIG and BARATTA allowed options contracts in Plaintiff's account to expire without selling or exercising them prior to option contract's expiration

---

[1] A "short position" is a sale of a security by an account holder who does not own the security; the account holder "borrows" the security and is essentially making a bet that the price will decline by the time he or she must repay the "loan" by purchasing the underlying security that he or she sold "short").
[2] An option contract is the right to buy or sell a security at a specified price, for a certain period of time. A "call" option is the right to buy the security at a specified price; a "put" option is the right to sell a security at a specified price.

1    date, and thereby caused Plaintiff to lose her entire investment in these option contracts.

2        18.    Moreover, Defendants TBIG and BARATTA consistently exceeded Plaintiff's

3    instructions not to invest more than $100,000 of her funds in the stock market, and thereby

4    subjected her investment account to much greater risk inherent in investing in the stock market than

5    Plaintiff was willing to assume.

6        19.    Although the exact date in which defendants TBIG and BARATTA began making

7    these improper and unsuitable investments for Plaintiff is not known to Plaintiff, Defendants'

8    highly improper and unsuitable investments occurred throughout 2005 and 2006.

9    **B.    Defendants' Churning of Plaintiff's Portfolio**

10        20.    In addition to making unsuitable investments for Plaintiff and exceeding plaintiff's

11    express directions not to invest more than $100,000 of her account in the stock market, Defendants

12    TBIG and BARATTA, with the assistance and knowledge of WACHOVIA and WIELAND, also

13    "churned" the stocks and options positions in Plaintiff's account during 2005 and continued this

14    improper practice during 2006.

15        21.    "Churning" is the practice of excessively trading securities in an investment account,

16    often for the purpose of generating commissions for the stock broker and firm who execute the

17    trades.  It is considered a form of securities fraud under federal and state laws applicable to stock

18    brokers and investment advisers (such as Defendants).

19        22.    During 2005, for example, TBIG and BARATTA, with the knowledge and

20    assistance of WACHOVIA and WIELAND, caused Plaintiff's account to purchase over $4 million

21    in securities, and to sell over $4.3 million in securities.  During 2006, TBIG and BARATTA, with

22    the knowledge and assistance of WACHOVIA and WIELAND, caused Plaintiff's account to

23    purchase over $3.2 million in securities and to sell over $3.6 million in securities.

24        23.    Although TBIG and BARATTA have not admitted to Plaintiff why they "churned"

25    her account, Plaintiff is informed and believes, based upon the commission rates that WACHOVIA

26    charged Plaintiff for the trades in her account, that TBIG and BARATTA were receiving substantial

27    "soft dollars" from WACHOVIA as a result of the trading in Plaintiff's account, and were

28    motivated to place these trades to obtain such soft dollars from WACHOVIA.  WIELAND and

1    WACHOVIA, by contrast, profited enormously from TBIG and BARATTA's churning of

2    Plaintiff's accounts due to the commissions they received from the many trades that they executed

3    in the account.

4        24.   "Soft dollars" are credits that an investment adviser (such as TBIG) receives from

5    stock brokerage firms (such as WACHOVIA) as a result of securities trades that the investment

6    adviser places through the stock brokerage firms. "Soft dollars" can be used by the investment

7    adviser, in lieu of cash, to pay for many services that the investment adviser wishes for its business.

8    The SEC requires registered investment advisers to disclose their policies on, and receipt of, soft

9    dollars to their clients. Despite these requirements, TBIG and BARATTA never disclosed to

10    Plaintiff whether they received soft dollars from WACHOVIA.

11        25.   Plaintiff is informed and believes, based on information she learned only this month,

12    that WACHOVIA had reviewed TBIG's and BARATTA's investment advisory accounts during

13    2002, and had placed restrictions TBIG's and BARATTA's ability to trade their investment adviser

14    clients' accounts. WACHOVIA had discovered that TBIG and BARATTA had "churned" another

15    WACHOVIA customer's account. Plaintiff is informed and believes that WACHOVIA, despite

16    knowing of BARATTA and TBIG's history of churning, lifted these restrictions on BARATTA and

17    TBIG in late 2004.

18        26.   The impact of Defendants' misconduct on Plaintiff's account has been devastating.

19    For example, as of December 31, 2004, Plaintiff's investment account at WACHOVIA had total net

20    assets of $1,151,790, with stocks and options valued at $230,452 (excluding preferred stocks, and

21    mutual fund investments), and the majority invested in fixed income securities. By December 31,

22    2006, Plaintiff's account had total net assets of $368,271, with unrealized losses on stocks and

23    options of $196,801. By July 2007, when Plaintiff closed her account with WACHOVIA, her

24    portfolio had less than $315,000 in assets (after deducting the margin debt and losses on her options

25    positions).

26        27.   Plaintiff's first hint that anything was wrong with her account and that Defendants'

27    handling of her investments had been improper, came in July 2006, when she received a letter from

28    a Senior Vice President of WACHOVIA. This letter, which was dated July 13, 2006, advised

1  Plaintiff that the market value of her account was $319,491 that her account had incurred

2  "significant trading losses in 2005 and 2006," and that BARATTA had been employing "extremely

3  risky" uncovered options trading strategies in her account. The letter asked Plaintiff to sign a

4  statement acknowledging that she was aware of this information and had approved of the strategies

5  employed by BARATTA. Plaintiff has been informed and believes that WACHOVIA sent this

6  letter to her because its compliance department had become concerned about BARATTA's and

7  WIELAND's handling of Plaintiff's and other customers accounts WACHOVIA, and had

8  undertaken a review of all of such accounts.

9      28.    Upon receipt of this letter, Plaintiff called BARATTA, her friend of many years. Far

10  from admitting that he had employed "risky" trading strategies that had decimated her life savings,

11  BARATTA dismissed the truth of letter's allegations by telling Plaintiff that WACHOVIA was

12  "just trying to get you" to sue him, and that the losses only existed on paper and did not matter if

13  she kept her funds invested in the market for the long-term.

14

15                    **FIRST CAUSE OF ACTION**
                      **[Fraud Against All Defendants]**

16      29.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 28 as

17  though fully alleged herein.

18      30.    TBIG, BARATTA, WIELAND and WACHOVIA made repeated false

19  representations to, and concealed material information from, Plaintiff, when Defendants

20      (a) misrepresented to Plaintiff that they would adhere to her conservative investment goals,

21  and failed to disclose to Plaintiff the unsuitable, improper and highly investments they were, in fact,

22  causing her account to make (as described in paragraphs 13 through 19 above);

23      (b) failed to disclose to Plaintiff that many of the trades in her account were financed using

24  "borrowed" funds (via the margin account) that magnified the risks and substantial costs involved

25  in using a margin account to effect such trades ( as described in paragraph 16 above);

26      (c) failed to disclose that Defendants had ignored Plaintiff's express instructions to invest no

27  more than $100,000 (11 percent) of her funds in the stock market, and had invested much more than

28  that amount in stocks and options ( as described in paragraph 18 above);

(d) failed to disclose that the trading in Plaintiff's account, especially during 2005 and 2006, was excessive, given her conservative investment goals, financial circumstances, and low risk tolerance, and the substantial transaction costs involved in trading her account so frequently, and that WACHOVIA had placed restrictions on BARATTA and TBIG during 2002, because of prior acts of churning (as described in paragraphs 20 through 22 above);

(e) failed to disclose TBIG and BARATTA's receipt of "soft dollars" from WACHOVIA resulting from the trades in her account, and the conflict of interest that this created (as described in paragraphs 23 through 25 above); and

(f) misrepresented the nature of BARATTA and TBIG's conduct and mislead Plaintiff by BARATTA's urging of Plaintiff to ignore the letter from WACHOVIA about Defendants' risky trading strategy and losses in her account (as decribed in Paragraphs 27 and 28 above)

31. Defendants knew that these representations were false at the time the representations were made, or Defendants recklessly disregarded the truth or falsity of the statements. Defendants further knew that they were withholding material facts from Plaintiff regarding her account. Defendants made these representations, and withheld material facts, so that Plaintiff would continue to keep her funds invested with Defendants, permitting them to continue their trading activity, and otherwise to defraud Plaintiffs as set out herein.

32. Plaintiff did not know the representations were false when they were made, and did not know of the material information concealed from her regarding her account, and justifiably and reasonably relied upon these representations by, among other things, transferring $900,000 to WACHOVIA, maintaining these funds at WACHOVIA from November 2001 until July 2007.

33. Plaintiff was not aware that Defendants' representations were false when they were made to Plaintiffs, nor was Plaintiff aware that material information concerning her account, TBIG and BARATTA, and TBIG/BARATTA's relationship with WACHOVIA was being concealed from her. Had Plaintiffs been aware of the true facts, Plaintiffs would have closed her account at WACHOVIA before she incurred the substantial losses that she did during 2005 and 2006.

34. As a direct and proximate result of Defendants' misrepresentations, failures to disclose, and concealment of facts, Plaintiffs have suffered damages in an amount which will be

-8-
COMPLAINT

proven at trial, but in excess of $700,000.00.

35.   In doing the above acts, Defendants, and each of them, acted with malice, fraud, oppression, or in conscious disregard of the rights of Plaintiff, thereby entitling Plaintiff to an award of exemplary and punitive damages.

### SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (Against All Defendants)

36.   Plaintiff incorporates the allegations set forth in Paragraphs 1 through 35 as though fully alleged herein.

37.   Based on the relationship which developed between Plaintiff, on the one hand, and TBIG, BARATTA, WACHOVIA, and WIELAND, on the other hand (as described above), each Defendant owed Plaintiff the duties of a fiduciary, including, but not limited to, the following:

a)   The duty to deal fairly and honestly with Plaintiff, to act with the highest good faith toward Plaintiffs and to put Plaintiffs' interests over their own;

b)   The duty to manage Plaintiff's accounts in the best interest of Plaintiff;

c)   To only recommend to Plaintiff the purchase of suitable investments for Plaintiff;

d)   To only purchase investments, and otherwise use Plaintiff's funds, as authorized by Plaintiff;

e)   To trade Plaintiff's account in a manner that is reasonable and appropriate in light of Plaintiff's conservative investment goals, financial circumstances, and low risk tolerance;

f)   To inform Plaintiff of all material facts regarding the investments that TBIG and BARATTA purchased for Plaintiff;

g)   To tell Plaintiff if TBIG, BARATTA, WACHOVIA, or WIELAND believed Plaintiff, or any of the Defendants, may be taking actions which may be hazardous or extremely risky to Plaintiff; and

h)   To disclose all material conflicts of interest which exist in their relationship with Plaintiff.

38.   TBIG, BARATTA, WACHOVIA, and WIELAND breached their fiduciary duty to

Plaintiff by, among other things:

    a)     Failing to deal fairly and honestly with Plaintiff, and not acting in good faith or placing Plaintiff's interests above their own;

    b)     Failing to manage Plaintiff's money in the best interest of Plaintiff;

    c)     Recommending and purchasing investments for Plaintiff which were unsuitable for Plaintiff;

    d)     Failing to disclose material facts regarding the churning of Plaintiff's account, the margin debt, the risky and unsuitable nature of the stocks and options that TBIG and BARATTA were purchasing for Plaintiff's account, the soft dollars that WACHOVIA paid to TBIG and BARATTA, TBIG and BARATTA's prior excessive trading of other customers' accounts and the restrictions WACHOVIA placed on TBIG and BARATTA during 2002 because of this improper trading, and not expressly warning Plaintiff that TBIG and BARATTA were exceeding her express instructions to invest her funds conservatively and not to invest more than $100,000 of such funds in the stock market; and

    e)     Churning Plaintiff's account by engaging in securities trading that was excessive light of Plaintiff's assets, conservative investment goals, financial circumstances and low risk tolerance, and the substantial transactions costs involved with such trading.

    39.    As a direct and proximate result of TBIG's, BARATTA's, WACHOVIA's and WIELAND's breaches of their fiduciary duties to Plaintiff, Plaintiff has suffered damages in an amount greater than $700,000.00. Because of Defendants' callousness toward their client, and wanton disregard for Plaintiff's rights and welfare, and in that Defendants' actions rose to the level of fraud, Plaintiff requests an award of exemplary and punitive damages against each Defendant.

### THIRD CAUSE OF ACTION
**(Breach of Oral Contract)**
**(Against Defendants TBIG and BARATTA)**

    40.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 39 as though fully alleged herein.

    41.    As set out above, Plaintiff orally agreed to invest $900,000 she received from the

1 death benefit from her late husband's insurance policy with BARATTA and TBIG. In exchange,

2 TBIG and BARATTA agreed to invest her funds. As part of this agreement, TBIG/BARATTA

3 agreed that Plaintiff's funds would be invested in safe low risk investments, with no more than

4 $100,000 invested in stock market, and in a manner that was suitable for her, given her aversion to

5 risk and her financial situation.

6     42.    Plaintiff has performed all conditions, covenants and promises required by her on

7 her part to be performed in accordance with the terms and conditions of the agreement.

8     43.    TBIG and BARATTA breached the agreement by, among other things, investing

9 more than $100,000 in the stock market, making highly risky, unsuitable investments for Plaintiff,

10 causing Plaintiff's account to accrue significant margin liabilities and to incur significant

11 commissions, and excessively trading Plaintiff's account.

12     44.    As a result of TBIG and BARATTA's breaches of the oral agreement, Plaintiff has

13 suffered damages, as she has lost most of her capital, and has further suffered consequential

14 damages related to not receiving the investment return that a prudent investment manager would

15 have earned for her.

## FOURTH CAUSE OF ACTION
### (Negligence)
### (Against All Defendants)

18     45.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 44 as

19 though fully alleged herein.

20     46.    TBIG and BARATTA owed Plaintiff a duty to invest her funds properly, in

21 accordance with the practices that a reasonably prudent investment adviser would employ in

22 handling the investments of a client with similar investment objectives and in similar financial

23 circumstances.

24     47.    As her stock broker, WACHOVIA and WIELAND owed Plaintiff a duty of care that

25 obligated them to insure that Plaintiff's funds were invested properly, in investments that were

26 suitable for her, and generally to follow practices that a reasonable stock broker would follow with

27 respect to like clients in her circumstances with similar investment objectives.

28     48.    TBIG and BARATTA breached their duty of care toward Plaintiff by making highly

1  risky trades with her funds, and by causing her account to incur substantial commission charges and

2  interest costs from the excessive trading and margin debt.

3       49.    WACHOVIA and WIELAND breached their duty of care toward Plaintiff by

4  executing the improper trades for TBIG and BARATTA, without advising Plaintiff of the

5  unsuitable nature of these trades for her, the substantial risks involved with these trades, and the

6  substantial commission and interest charges her account would incur due to the excessive trading

7  and margin debt.

8       50.    As a result of each Defendant's negligent conduct, Plaintiff has sustained damages,

9  in an amount to proven at trial.

10       51.    It was foreseeable that Plaintiff would suffer the type of damages she has suffered as

11  a result of the failure of each Defendant to act as a reasonably prudent investment professional with

12  respect to Plaintiff's account, and each Defendant's actions and omissions were the legal and

13  proximate cause of Plaintiff's damages.

14

15                 **FIFTH CAUSE OF ACTION**
      **(Violations of California Corporations Code Sections 25,400 et seq.)**

16                      **(Against All Defendants)**

17       52.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 51

18  above as though fully alleged herein.

19       53.    By TBIG, BARATTA, WACHOVIA, and WIELAND's acts and omissions, as set

20  forth above, each defendant violated California Corporations Code Sections 25,400 et seq. in that

21  Defendants induced Plaintiff to purchase fraudulent investments by means of written or oral

22  communications containing false or misleading statements or omissions.

23       54.    As a consequence of Defendants' violations of Corporations Code Sections 25,400

24  et seq. as alleged herein, Plaintiff has been damaged in an amount to be proven at trial, but no less

25  than the sum of $700,000.00.

26       55.    In violating California Corporations Code Sections 25,400 et seq., Defendants have

27  acted with fraud, oppression, and malice, and evidenced a conscious disregard of Plaintiff's rights,

28  whereby Plaintiff is entitled to an award of punitive and exemplary damages according to proof at

1   the time of trial.

2

**SIXTH CAUSE OF ACTION**
3   (Violation of California Business & Professions Code
Section 17200, et seq.)
4   (Against All Defendants]

5      56.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 55

6   above as though fully alleged herein.

7      57.    The acts of BARATTA, TBIG, WACHOVIA and WIELAND alleged in Paragraphs

8   1 through 55 above were unlawful, unfair and/or fraudulent business acts or practices as defined in

9   California Business & Professions Code Section 17200 et seq.

10      58.    As a direct, proximate and foreseeable result of Defendants' conduct, Plaintiff has

11   been harmed as set forth herein.

12   WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

13   **As to the First, Second, and Fifth Cause of Action:**

14   1)    For general damages according to proof at the time of trial.

15   2)    For interest on Plaintiff's capital from the dates of loss.

16   3)    For exemplary and punitive damages according to proof at the time of trial.

17   4)    For costs of suit herein incurred.

18   5)    For such other and further relief as the Court may deem just and proper.

19   **As to the Third Cause of Action:**

20   1)    For general damages according to proof at the time of trial.

21   2)    For interest on Plaintiffs' capital from the dates of loss.

22   3)    For consequential economic losses according to proof at the time of trial.

23   4)    For costs of suit herein incurred.

24   5)    For such other and further relief as the Court may deem just and proper.

25   **As to the Fourth Cause of Action:**

26   1)    For actual damages in an amount according to proof;

27   2)    For prejudgment interest;

28   3)    For costs of suit incurred herein; and,

1       4)     For such other and further relief as the Court may deem just and proper.

2    **As to the Sixth Cause of Action:**

3       1)     For any order or judgment as may be necessary to prevent the use of the practices

4  alleged herein which constitute unfair competition.

5       2)     For any order or judgment as may be necessary to restore to Plaintiff any money or

6  property which may have been acquired by means of such unfair competition.

7       3)     For attorney's fees as provided by California Business & Professions Code section

8  17200 et seq.; and

9       4)     For such other and further relief as the Court may deem just and proper.

10

11  Dated:  July 13, 2007

12                  COOKE KOBRICK & WU LLP

13

14                  By_____

15                    CHRISTOPHER COOKE

16                  Attorneys for Plaintiff
                     VIOLETTA ETTARE

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Christopher Cooke (SBN 142342)<br>COOKE KOBRICK & WU LLP<br>177 Bovet Road, Suite 600, San Mateo, CA 94402<br>TELEPHONE NO.: (650) 638-2370    FAX NO.: (650) 341-1395<br>ATTORNEY FOR (Name): Plaintiff Violetta Ettare | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown

2008 JUL 13 P 3:10

Trang Vu

CASE NAME:
Ettare v. Baratta, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 107CV089814 |
| | | | | JUDGE<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☑ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): Six
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 13, 2007

Christopher Cooke
(TYPE OR PRINT NAME)                              ▶ _____
                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **107 CV 089814**    **ATTACHMENT A**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

**_PLAINTIFFS_** (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

> **_DEFENDANTS_** (the person(s) being sued): **You must do each of the following to protect your rights:**
>
> 1.  You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
>
> 2.  You must send a copy of your written response to the plaintiff; and
>
> 3.  You must attend the first Case Management Conference.
>
> **Warning: If you do not do these three things, you may automatically lose this case.**

**_RULES AND FORMS_**:  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**_CASE MANAGEMENT CONFERENCE (CMC)_**:  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.  You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

> Your *Case Management Judge* is:  Joseph Huber                                      **DEPT**: 8
>
> The first *CMC is scheduled as follows:* (Completed by Clerk of Court)
>     Date: 11/20/07    Time: 1:30 PM    Dept.: 8
>
> The next *CMC is scheduled as follows:* (Completed by party if the first CMC was continued or has passed)
>     Date: _____    Time: _____    Dept.: _____

**_ALTERNATIVE DISPUTE RESOLUTION (ADR)_**:  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

**_WARNING_**: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What Is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
 < The parties want a non-adversary procedure
 < The parties have a continuing business or personal relationship
 < Communication problems are interfering with a resolution
 < There is an emotional element involved
 < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

<     **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
<     The action is for personal injury, property damage, or breach of contract
<     Only monetary damages are sought
<     Witness testimony, under oath, is desired
<     An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<     **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
<     The parties are far apart in their view of the law or value of the case
<     The case involves a technical issue in which the evaluator has expertise
<     Case planning assistance would be helpful and would save legal fees and costs
<     The parties are interested in an injunction, consent decree, or other form of equitable relief

<     **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<     **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

    **Contact:**

| | |
|---|---|
| Santa Clara County Superior Court<br>ADR Administrator<br>408-882-2530 | Santa Clara County DRPA Coordinator<br>408-792-2704 |

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

STEPHEN S. WU (SBN 20209)
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: 650-638-2370
Attorney for: Plaintiff



*FOR COURT USE ONLY*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA

Plaintiff : VIOLETTA ETTARE

Defendant : JOSEPH E. BARATTA etc., et al.

**FILED** ucs

AUG 1 3 2007

C. FUJIHARA

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

BY_____DEPUTY

Ref#: 218839   **PROOF OF SERVICE OF SUMMONS**       Case No.: 107CV089814

1.  At the time of service I was at least eighteen years of age and not a party
    to this action.

2.  I served copies of:
    SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL LAWSUIT NOTICE; ADR
    INFORMATION SHEET

3.  a. Party served  : MARK WIELAND

4.  Address where the party was served:
                      Morgan Stanley
                      100 Front Street
                      Conshohocken, PA 19428

# PROOF OF SERVICE OF SUMMONS

**EXHIBIT** "C"



FILED

AUG 13 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

BY _____ DEPUTY

5.  I served the party
    b.  by substituted service. On: July 31, 2007 at: 3:30 PM I left the
        documents listed in item 2 with or in the presence of:
        "JANE "DOE", 51 YRS, 5'4", 131 LBS., BRN HAIR, GLASSES, PERSON APPARENTLY
        IN CHARGE OF BUSINESS AT TIME OF SERVICE
        (1)  (business) a person at least 18 years of age apparently in charge at
             the office or usual place of business of the person served. I
             informed him or her of the general nature of the papers.

        (4)  A declaration of mailing is attached.

        (5)  I attach a declaration of diligence stating actions taken first to
             attempt personal service.
6.  The "Notice to the Person Served" (on the summons) was completed as
    follows:
    a.  as an individual defendant

7.  Person who served papers:
    a.  DONALD DOUGHERTY
    b.  SPECIALIZED LEGAL SERVICES, INC.
        1112 Bryant Street, Suite 200
        San Francisco, CA 94103
    c.  Telephone number: (415) 357-0500
    d.  The fee for service was: $195.00
    e.  I am:
        (1)  not a registered California process server

Sworn to and subscribed before me
this _____ day of _____ 20___

NOTARIAL SEAL
VICTOR G. FINNEGAN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires April 17, 2011

8.  I declare under penalty of perjury under the laws of the State of California
    that the foregoing is true and correct.

COMMONWEALTH OF PENNSYLVANIA

Date: August 1, 2007

DONALD DOUGHERTY

218839

POS-010 Rev. January 1, 2007

# PROOF OF SERVICE OF SUMMONS

** TOTAL PAGE.04 **

STEPHEN S. WU (SBN 202091)
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: 650 638-2370
Attorney for: Plaintiff

```
                    F I L E D
                    AUG 13 2007        G. FUJIHARA
                    KIRI TORRE
            Chief Executive Officer/Clerk
       Superior Court of CA County of Santa Clara
       BY _____ DEPUTY
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA

Plaintiff : VIOLETTA ETTARE
Defendant : JOSEPH E. BARATTA etc., et al.          Case No.: 107CV089014
Ref#: 219539        DECLARATION RE DILIGENCE

I am and was on the dates herein mentioned, over the age of eighteen and not
a party to the within action. My business address is: 1112 Bryant Street,
Suite 200, San Francisco, CA 94103. I received the within process on July 26,
2007 and after due and diligent effort I have been unable to effect personal
service on the within named: MARK WIKLAND

Residence address (R) : UNKNOWN
Business address   (B) : 100 Front Street, Conshohocken, PA 19428

Below is a list of dates, times and details regarding efforts to effect service.

7/27/2007 @ 9:31 AM (R) Not in per employee at time of attempt.
7/30/2007 @ 12:40 PM (B) Not in per employee at time of attempt.
7/31/2007 @ 3:30 PM (B) Effected substitute service per CCP § 415.20(b) "Jane "Doe", 51 yrs,
- 5'4", 131 lbs., brn hair, glasses.

```
         COMMONWEALTH OF PENNSYLVANIA
              NOTARIAL SEAL
       VICTOR G. FINNEGAN, Notary Public
         City of Philadelphia, Phila. County
        My Commission Expires April 17, 2011
```

Sworn to and subscribed before me
this 2nd day of NOV 20.07

Fee for service: $195.00
Registered California process server.
(i) Employee or Independent Contractor
(ii) Registration no.:
(iii) County:

Declarant:
RONALD DOUGHERTY
SPECIALIZED LEGAL SERVICES
1112 Bryant Street, Suite 200
San Francisco, CA 94103
Telephone: (415) 357-0500

I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

Date: August 1, 2007

Signature _____

STEPHEN S. WU (SBN 202091)
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: 650-638-2370
Attorney for: Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA

**F I L E D**

AUG 13 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____DEPUTY
Q. FUJIHARA

Plaintiff : VIOLETTA ETTARE

Defendant : JOSEPH E. BARATTA etc., et al.

Ref#: 218839        *  **DECLARATION OF MAILING**  *  Case No.: 107CV089814

At the time of service I was at least eighteen years of age and not a party
to this action and I served copies of the:

SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET

in the within action by placing true copies thereof in a sealed envelope with
first class postage fully prepaid thereon in the United States mail at San
Francisco, California , addressed as follows:

        MARK WIELAND

        Morgan Stanley
        100 Front Street
        Conshohocken, PA 19428

        Date of Mailing: August 1, 2007

Person who served papers:
APRIL JIMENEZ
SPECIALIZED LEGAL SERVICES, INC.
1112 Bryant Street, Suite 200
San Francisco, CA 94103
Telephone: (415) 357-0500

Fee for service: $195.00
Registered California process server.
(i) Employee or Independent Contractor
(ii) Registration no.: 880
(iii) County: San Francisco

I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

Date: August 1, 2007                    Signature _____

1  TERRY ROSS, CASB No. 58171
   terry.ross@kyl.com
2  AUDETTE PAUL MORALES, CASB No. 216631
   audette.morales@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, P.O. Box 1730
   Long Beach, California  90801-1730
5  Telephone:   (562) 436-2000
   Facsimile:    (562) 436-7416
6
   Attorneys for Defendants
7  WACHOVIA SECURITIES, LLC and MARK WIELAND

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10   FOR THE COUNTY OF SANTA CLARA – UNLIMITED CIVIL JURISDICTION

11

12  VIOLETTA ETTARE,                        )  Case No. 107CV089814
                                            )
13                          Plaintiff,      )  Action Filed: July 13, 2007
                                            )
14            vs.                           )  ASSIGNED FOR ALL PURPOSES TO:
                                            )  Judge Joseph Huber, Dept. 8
15  JOSEPH E. BARATTA, an individual,       )
    TBIG FINANCIAL SERVICES, INC., form)   NOTICE TO THE CLERK OF THE
16  of business unknown,                    )  SUPERIOR COURT OF THE FILING
    WACHOVIA SECURITIES, LLC, a             )  OF REMOVAL AND REMOVAL OF
17  Delaware Limited Liability Company,     )  ACTION TO FEDERAL COURT
    MARK WIELAND, an individual, and        )
18  DOES 1-25,                              )
                                            )
19                          Defendants.     )
                                            )

20

21  TO THE CLERK OF THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

22  FOR THE COUNTY OF SANTA CLARA:

23

24          PLEASE TAKE NOTICE that on August 27, 2007, the Notice of Filing of

25  Removal and the Notice of Removal attached hereto as Exhibit "A" were filed in the

26  United States District Court for the Northern District of California in connection with

27  the above-entitled action.

28  ///

ENDORSED
FILED

2007 AUG 27  A 11: 43

BY _____
        DEPUTY CLERK

BY FAX

-1-

NOT./CLERK/SUPERIOR COURT/FILING/REMOVAL & REMOVAL/ACTION TO FEDERAL COURT

KYL_LB1109564

EXHIBIT "D"

1          PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d),

2    the filing of the attached Notice of Removal with the federal court effects removal of this

3    action, and this Court may proceed no further unless and until the case is remanded.

4

5    DATED:  August 27, 2007

6                                     TERRY ROSS

                                      AUDETTE PAUL MORALES

7                                        KEESAL, YOUNG & LOGAN

                                    Attorneys for Defendants

8                                        WACHOVIA SECURITIES, LLC and

                                    MARK WIELAND

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_LB1109564

NOT./CLERK/SUPERIOR COURT/FILING/REMOVAL & REMOVAL/ACTION TO FEDERAL COURT

1    TERRY ROSS, CASB No. 58171
     terry.ross@kyl.com
2    AUDETTE PAUL MORALES, CASB No. 216631
     audette.morales@kyl.com
3    KEESAL, YOUNG & LOGAN
     A Professional Corporation
4    400 Oceangate, P.O. Box 1730
     Long Beach, California  90801-1730
5    Telephone:   (562) 436-2000
     Facsimile:    (562) 436-7416
6
     Attorneys for Defendants
7    WACHOVIA SECURITIES, LLC and MARK WIELAND

8    GILBERT R. SEROTA, CASB No. 75305
     gserota@howardrice.com
9    HOWARD RICE NEMEROVSKI
       CANADY FALK & RABKIN
10   A Professional Corporation
     Three Embarcadero Center, 7th Floor
11   San Francisco, California  94111-4024
     Telephone:   (415) 434-1600
12   Facsimile:    (415) 217-5910

13   Attorneys for Defendants
     JOSEPH E. BARATTA and TBIG FINANCIAL
14   SERVICES, INC.

15

16           SUPERIOR COURT OF THE STATE OF CALIFORNIA

17   FOR THE COUNTY OF SANTA CLARA – UNLIMITED CIVIL JURISDICTION

18

19   VIOLETTA ETTARE,                        )  Case No. 107CV089814
                                             )
20                         Plaintiff,        )  *Action Filed: July 13, 2007*
                                             )
21            vs.                            )  *ASSIGNED FOR ALL PURPOSES TO:*
                                             )     *Judge Joseph Huber, Dept. 8*
22   JOSEPH E. BARATTA, an individual,       )
     TBIG FINANCIAL SERVICES, INC., form     )  **NOTICE TO THE CLERK OF THE**
23   of business unknown,                    )  **SUPERIOR COURT OF THE FILING**
     WACHOVIA SECURITIES, LLC, a             )  **OF DEFENDANTS' JOINT AMENDED**
24   Delaware Limited Liability Company,     )  **NOTICE OF REMOVAL AND**
     MARK WIELAND, an individual, and        )  **REMOVAL OF ACTION TO FEDERAL**
25   DOES 1-25,                              )  **COURT**
                                             )
26                         Defendants.       )
                                             )
27   _____ )

28   ///

                              EXHIBIT *E*

                                   - 1 -                    KYL_LB1133812V3
     NOT./CLERK/SUPERIOR COURT/FILING OF DEFTS' JOINT AMENDED NOTICE OF REMOVAL &
     REMOVAL/ACTION TO FEDERAL COURT

1   TO THE CLERK OF THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

2   FOR THE COUNTY OF SANTA CLARA:

3          PLEASE TAKE NOTICE that on February 28, 2008, the Notice of Filing of

4   Removal and the Defendants' Joint Amended Notice of Removal attached hereto as

5   Exhibit "A" were filed in the United States District Court for the Northern District of

6   California in connection with the above-entitled action.

7          PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d),

8   the filing of the attached Joint Amended Notice of Removal with the federal court effects

9   removal of this action, and this Court may proceed no further unless and until the case

10  is remanded.

11

12

13  DATED:  February 28, 2008

14  _____
    TERRY ROSS
15  AUDETTE PAUL MORALES
    KEESAL, YOUNG & LOGAN
    Attorneys for Defendants
16  WACHOVIA SECURITIES, LLC and
    MARK WIELAND

17

18  DATED:  February 28, 2008

19  _____
    GILBERT R. SEROTA
20  HOWARD RICE NEMEROVSKI CANADY
     FALK & RABKIN
    Attorneys for Defendants
21  JOSEPH E. BARATTA and TBIG
    FINANCIAL SERVICES, INC.

22

23

24

25

26

27

28

                                                         KYL_LB1133812V3
NOT./CLERK/SUPERIOR COURT/FILING OF DEFTS' JOINT AMENDED NOTICE OF REMOVAL &
REMOVAL/ACTION TO FEDERAL COURT

# EXHIBIT A

1  TERRY ROSS, CASB No. 58171
   terry.ross@kyl.com
2  AUDETTE PAUL MORALES, CASB No. 216631
   audette.morales@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, P.O. Box 1730
   Long Beach, California  90801-1730
5  Telephone:  (562) 436-2000
   Facsimile:  (562) 436-7416
6
   Attorneys for Defendants
7  WACHOVIA SECURITIES, LLC and MARK WIELAND

8  GILBERT R. SEROTA, CASB No. 75305
   gserota@howardrice.com
9  HOWARD RICE NEMEROVSKI
     CANADY FALK & RABKIN
10 A Professional Corporation
   Three Embarcadero Center, 7th Floor
11 San Francisco, California  94111-4024
   Telephone:  (415) 434-1600
12 Facsimile:  (415) 217-5910

13 Attorneys for Defendants
   JOSEPH E. BARATTA and TBIG FINANCIAL
14 SERVICES, INC.

15

16            UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA

18                 SAN JOSE DIVISION

19

20 VIOLETTA ETTARE,                    )  Case No. C-07-04429-JW (PVT)
                                       )
21                      Plaintiff,     )
                                       )  NOTICE OF FILING OF
22        vs.                          )  DEFENDANTS' JOINT AMENDED
                                       )  NOTICE OF REMOVAL OF ACTION
23 JOSEPH E. BARATTA, an individual,   )  PURSUANT TO 28 U.S.C.
   TBIG FINANCIAL SERVICES, INC., form )  §§ 1332(a) AND 1441(a) AND (b)
24 of business unknown, WACHOVIA       )
   SECURITIES, LLC, a Delaware Limited )
25 Liability Company, MARK WIELAND, an )
   individual, and DOES 1-25,          )
26                                     )
                                       )
27                      Defendants.    )
   _____)
28 ///

1  TO PLAINTIFF VIOLETTA ETTARE AND TO HER ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on February 28, 2008, pursuant to this

3  Court's February 13, 2008 Order, Defendants JOSEPH E. BARATTA, TBIG

4  FINANCIAL SERVICES, INC., WACHOVIA SECURITIES, LLC and MARK WIELAND

5  ("Defendants") filed in the United States District Court, Northern District of California,

6  a Joint Amended Notice of Removal of the above-entitled action to the United States

7  District Court from the Superior Court of the State of California for the County of Santa

8  Clara, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and (b).

9         PLEASE TAKE FURTHER NOTICE that on February 28, 2008,

10 Defendants filed a Notice of Filing of Removal and Removal of Action to Federal Court,

11 together with a copy of Defendants' Joint Amended Notice of Removal, with the Clerk of

12 the Superior Court of the State of California for the County of Santa Clara.

13

14 DATED:  February 28, 2008          /s/ Terry Ross
                                     TERRY ROSS
15                                   AUDETTE PAUL MORALES
                                     KEESAL, YOUNG & LOGAN
16                                   Attorneys for Defendants
                                     WACHOVIA SECURITIES, LLC and
17                                   MARK WIELAND

18

19 DATED:  February 28, 2008          /s/ Gilbert R. Serota
                                     GILBERT R. SEROTA
20                                   HOWARD RICE NEMEROVSKI CANADY
                                       FALK & RABKIN
21                                   Attorneys for Defendants
                                     JOSEPH E. BARATTA and TBIG
22                                   FINANCIAL SERVICES, INC.

23

24

25

26

27

28

1 | TERRY ROSS, CASB No. 58171
  | terry.ross@kyl.com
2 | AUDETTE PAUL MORALES, CASB No. 216631
  | audette.morales@kyl.com
3 | KEESAL, YOUNG & LOGAN
  | A Professional Corporation
4 | 400 Oceangate, P.O. Box 1730
  | Long Beach, California 90801-1730
5 | Telephone:  (562) 436-2000
  | Facsimile:  (562) 436-7416
6 |
  | Attorneys for Defendants
7 | WACHOVIA SECURITIES, LLC and MARK WIELAND

8 | GILBERT R. SEROTA, CASB No. 75305
  | gserota@howardrice.com
9 | HOWARD RICE NEMEROVSKI
  |   CANADY FALK & RABKIN
10 | A Professional Corporation
   | Three Embarcadero Center, 7th Floor
11 | San Francisco, California 94111-4024
   | Telephone:  (415) 434-1600
12 | Facsimile:  (415) 217-5910

13 | Attorneys for Defendants
   | JOSEPH E. BARATTA and TBIG FINANCIAL
14 | SERVICES, INC.

15 |

16 |                 **UNITED STATES DISTRICT COURT**

17 |               **NORTHERN DISTRICT OF CALIFORNIA**

18 |                      **SAN JOSE DIVISION**

19 |

20 | VIOLETTA ETTARE,                          ) Case No. C-07-04429-JW (PVT)
                                               )
21 |                      Plaintiff,           )
                                               ) **DEFENDANTS' JOINT AMENDED**
22 |           vs.                             ) **NOTICE OF REMOVAL OF ACTION**
                                               )
23 | JOSEPH E. BARATTA, an individual,         )
   | TBIG FINANCIAL SERVICES, INC., form       ) **[28 U.S.C. §§ 1332(a), 1441(a), 1441(b)]**
24 | of business unknown, WACHOVIA             )
   | SECURITIES, LLC, a Delaware Limited       )
25 | Liability Company, MARK WIELAND, an       )
   | individual, and DOES 1-25,                )
26 |                                           )
                                               )
27 |                      Defendants.          )
   | _____  )

28 | ///

DEFENDANTS' JOINT AMENDED NOT. OF REMOVAL OF ACTION– Case  No. C-07-04429-JW (PVT )

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   NORTHERN DISTRICT OF CALIFORNIA:

3            PLEASE TAKE NOTICE that Defendants WACHOVIA SECURITIES, LLC

4   ("Wachovia"), MARK WIELAND ("Wieland"), TBIG FINANCIAL SERVICES, INC.

5   ("TBIG"), and JOSEPH E. BARATTA ("Baratta") (collectively "Defendants"), pursuant to

6   this Court's February 13, 2008 Order, submit the following Amended Notice of Removal

7   to this Court relating to the state court action described below.

8            1.   Defendants were named as parties in a civil action filed on July 13,

9   2007, in the Superior Court of the State of California for the County of Santa Clara,

10  Case No. 107CV089814, entitled <u>VIOLETTA ETTARE v. JOSEPH E. BARATTA, an

11  individual, TBIG FINANCIAL SERVICES, INC., a form of business unknown,

12  WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK

13  WIELAND, an individual, and DOES 1–25</u> (the "Complaint").  (A true and correct copy

14  of the Complaint is attached to the Declaration of Terry Ross in Support of Defendant's

15  Joint Amended Notice of Removal of Action ("Ross Decl."), filed concurrently herewith, at

16  ¶ 2, Exhibit "B.")

17           2.   Wachovia was served with a copy of the Summons and a copy of the

18  Complaint on or about July 26, 2007.  (Ross Decl., ¶ 2.)

19           3.   Wieland was served with a copy of the Summons and a copy of the

20  Complaint on or about August 1, 2007.  (Ross Decl., ¶ 3.)

21           4.   TBIG and Baratta were served with a copy of the Summons and a

22  copy of the Complaint on or about August 3, 2007.  (Ross Decl., ¶ 4 and Declaration of

23  Joseph E. Baratta in Support of Defendant's Joint Opposition to Plaintiff's Motion to

24  Remand and Motion for Leave to Amend Removal Notice ("Baratta Decl."), ¶ 9,

25  previously filed with the Court and filed concurrently herewith).

26           5.   Since before the time said action was commenced on July 13, 2007,

27  and at all times thereafter, Wachovia has been a limited liability company organized

28  under the laws of Delaware, having its principal place of business in Richmond, Virginia.

1  (Ross Decl., ¶ 5; see also Declaration of Paul Waldman in Support of Defendant's Joint

2  Amended Notice of Removal of Action ("Waldman Decl."), ¶ 3, filed concurrently

3  herewith.)

4        6.     Since before the time said action was commenced on July 13, 2007,

5  and at all times thereafter, Wachovia has been owned entirely by Wachovia Securities

6  Financial Holdings, LLC ("WSFH"). (Waldman Decl., ¶ 4.)

7        7.     Since before the time said action was commenced on July 13, 2007,

8  and at all times thereafter, WSFH has been organized under the laws of the State of

9  Delaware in and has had its principal place of business in Richmond, Virginia.

10  (Waldman Decl., ¶ 5.)

11        8.     Since before the time said action was commenced on July 13, 2007,

12  and at all times thereafter, WSFH has consisted of two members:  Prudential Securities

13  Group Inc. ("PSG"), which has a 38% interest in WSFH, and Wachovia Securities

14  Holdings, LLC ("WSH"), which has a 62% interest in WSFH.  (Waldman Decl., ¶ 6; see

15  also Declaration of Kenneth Meister in Support of Defendant's Joint Amended Notice of

16  Removal of Action ("Meister Decl."), ¶¶ 2, 3, filed concurrently herewith.)

17        9.     Since before the time said action was commenced on July 13, 2007,

18  WSH has been organized under the laws of the State of Delaware and has had its

19  principal place of business in Charlotte, North Carolina.  (Waldman Decl., ¶ 7.)

20       10.    Since before the time said action was commenced on July 13, 2007,

21  PSG was and is incorporated under the laws of the State of Delaware and has had its

22  principal place of business in New York.  (Meister Decl., ¶ 4.)

23       11.    Since before the time said action was commenced on July 13, 2007,

24  WSH has been owned entirely by Everen Capital Corporation ("Everen").  (Waldman

25  Decl., ¶ 8.)

26       12.    Since before the time said action was commenced on July 13, 2007,

27  Everen was and is incorporated under the laws of the State of Delaware and has had its

28  principal place of business in Charlotte, North Carolina.  (Waldman Decl., ¶ 9.)

KYL_LB1133815v3

DEFENDANTS' JOINT AMENDED NOT. OF REMOVAL OF ACTION– Case No. C-07-04429-JW (PVT )

13.    At the time said action was commenced and at all times thereafter, Wieland was a citizen of the State of Pennsylvania. (Ross Decl., ¶ 6.)

14.    Since before the time said action was commenced on July 13, 2007 and at all times thereafter, TBIG has been organized under the laws of the State of Nevada, having its principal place of business in Incline Village, Nevada. (Ross Decl., ¶ 7 and Baratta Decl., ¶ 5.)

15.    Since before the time said action was commenced on July 13, 2007 and at all times thereafter, Baratta was and has been a citizen of the State of Nevada. (Ross Decl., ¶ 7, and Baratta Decl., ¶¶ 2–4.)

16.    Defendants are informed and believe that Plaintiff was at all times relevant hereto a citizen of the State of California and resident of Santa Clara County. (Ross Decl., ¶ 8.)

17.    Although fictitiously designated defendants (Does 1–25, inclusive) are referred to in the Complaint, such fictitious defendants are to be disregarded for purposes of this petition pursuant to 28 U.S.C. § 1331(a).

18.    This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one which Defendants are entitled to remove to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) in that the action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Ross Decl., ¶¶ 4–9; Waldman Decl., ¶¶ 3–9; Meister Decl., ¶¶ 2–4; Baratta Decl., ¶¶ 2–5.)

19.    No further proceedings have been had in the above-referenced state court action. (Ross Decl., ¶ 10.)

20.    The original Notice of Removal was filed within 30 days from the service of the Complaint on Defendants. (Ross Decl., ¶¶ 2–4 and 11; Baratta Decl., ¶ 9.)

21.    Defendants provided the original Notice of Removal to the Clerk of the Superior Court of the State of California for the County of Santa Clara on or about August 27, 2007. (A true and correct copy of the original Notice of Removal is attached

1  to the Ross Decl. at ¶ 12, Exhibit "D.")

2       22.    Defendants provided the Joint Amended Notice of Removal to the

3  Clerk of the Superior Court of the State of California for the County of Santa Clara on or

4  about February 28, 2008.  (Ross Decl., ¶ 13.)

5       WHEREFORE, Defendants pray that the above-referenced action pending

6  in the Superior Court of the State of California for the County of Santa Clara, be

7  removed therefrom to this Court.

8

9  DATED:  February 28, 2008          /s/ Terry Ross
                                      _____
10                                     TERRY ROSS
                                       AUDETTE PAUL MORALES
11                                     KEESAL, YOUNG & LOGAN
                                       Attorneys for Defendants
12                                     WACHOVIA SECURITIES, LLC and
                                       MARK WIELAND
13

14  DATED:  February 28, 2008         /s/ Gilbert R. Serota
                                      _____
15                                     GILBERT R. SEROTA
                                       HOWARD RICE NEMEROVSKI CANADY
16                                        FALK & RABKIN
                                       Attorneys for Defendants
17                                     JOSEPH E. BARATTA and TBIG
                                       FINANCIAL SERVICES, INC.
18

19

20

21

22

23

24

25

26

27

28

KYL_LB1133815v3

DEFENDANTS' JOINT AMENDED NOT. OF REMOVAL OF ACTION– Case No. C-07-04429-JW (PVT )

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California 90801-1730.

5

6        On February 28, 2008, I served the foregoing documents described as **NOTICE TO CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8    Christopher Cooke, Esq.              Gilbert R. Serota, Esq.
     Cooke Kobrick & Wu LLP              Howard Rice Nemerovski Canady Falk &
9    177 Bovet Road                      Rabkin
     Suite 600                           Three Embarcadero Center
10   San Mateo, CA 94401                 7th Floor
     Tel: (650) 638-2370                 San Francisco, CA 94111-4024
11   Fax: (650) 341-1395                 Tel: (415) 434-1600
                                         Fax: (415) 217-5910

12

13        ☒      BY U.S. MAIL: I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

14

15        ☐      I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

16

17        ☒      I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

18

19

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Long Beach, California.

20

21        Executed on February 28, 2008 at Long Beach, California.

22        I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

23

24        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

25

26                                        PENNY VINING

27

28