```
 1  TERRY ROSS, CASB No. 58171
    terry.ross@kyl.com
 2  AUDETTE PAUL MORALES, CASB No. 216631
    audette.morales@kyl.com
 3  KEESAL, YOUNG & LOGAN
    A Professional Corporation
 4  400 Oceangate, P.O. Box 1730
    Long Beach, California 90801-1730
 5  Telephone:  (562) 436-2000
    Facsimile:  (562) 436-7416
 6
    Attorneys for Defendants
 7  WACHOVIA SECURITIES, LLC and MARK WIELAND
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1-25,<br><br>　　　　　　Defendants. | Case No.: C-07-4429-JW (PVT)<br><br>**DECLARATION OF AUDETTE PAUL MORALES IN SUPPORT OF DEFENDANTS WACHOVIA SECURITIES, LLC AND MARK WIELAND'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date: Monday, May 5, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 8, 4th Floor |

I, AUDETTE PAUL MORALES, declare as follows:

1.   I am an attorney duly licensed to practice before all the courts of the State of California. I am an associate with Keesal, Young & Logan, attorneys of record for Defendants WACHOVIA SECURITIES, LLC ("Wachovia") and MARK WIELAND ("Mr. Wieland") (collectively, "Defendants") in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

- 1 -

KYL_LB1133358

DECL. AUDETTE PAUL MORALES RE: MOT. COMPEL ARB. AND STAY PROCEEDINGS – Case No.: C-07-4429-JW (PVT)

2.     On August 28, 2007, Terry Ross, a member of Keesal, Young & Logan and lead counsel for Defendants Wachovia and Mr. Wieland, provided counsel for Plaintiff Dr. VIOLETTA ETTARE ("Plaintiff" or "Dr. Ettare"), Christopher Cooke of Cooke Kobrick & Wu LLP, with Dr. Ettare's signed client agreements containing an arbitration clause. Mr. Ross suggested the parties proceed with this matter in arbitration. I was copied on Mr. Ross' August 28, 2007 email correspondence to Mr. Cooke.

3.     Also on August 28, 2007, Mr. Cooke responded to Mr. Ross' email correspondence and stated that he would confer with Plaintiff regarding stipulating to arbitration.

4.     On August 29, 2007, counsel for Defendants JOSEPH E. BARATTA ("Mr. Baratta") and TBIG FINANCIAL SERVICES, INC. ("TBIG"), Gilbert R. Serota, sent Mr. Cooke an email requesting Plaintiff stipulate to a joint arbitration and stating Mr. Baratta and TBIG's intention to join in any motion to compel filed by Wachovia and Mr. Wieland. I was copied with Mr. Serota's August 29, 2007 email correspondence.

5.     On August 30, 2007, counsel for all parties engaged in an email exchange wherein Mr. Ross and Mr. Serota provided Mr. Cooke with information regarding the arbitration agreements signed by Plaintiff and again requested Plaintiff stipulate to binding arbitration. Mr. Cooke promptly responded that he would consider the information, but he ultimately did not agree to stipulate to arbitration. I was copied on counsel's August 30, 2007 email exchange.

6.     On September 6, 2007, counsel for all parties engaged in multiple email exchanges wherein counsel for all Defendants in this matter requested Plaintiff stipulate to binding arbitration. I was copied on counsel's September 6, 2007 email exchange.

7.     On September 17, 2007, Mr. Cooke informed counsel for all Defendants via email that he was inclined to recommend Plaintiff stipulate to arbitration with Defendants Wachovia and Mr. Wieland, but that Plaintiff would make

no final decisions regarding arbitration until after this Court ruled on Plaintiff's Motion to Remand the case to Superior Court. I was copied on Mr. Cooke's September 17, 2007 email.

8.  On November 8, 2007, I called Mr. Cooke at his office at (650) 638-2370 to discuss this matter and again suggest that the parties stipulate to binding arbitration before FINRA. Pursuant to Mr. Cooke's request, I provided him with additional copies of Plaintiff's signed new account documentation, which contains an arbitration clause.

9.  On February 14, 2008, I sent Mr. Cooke an email again requesting that Plaintiff stipulate to binding arbitration. I received an "out of office" email message from Mr. Cooke indicating he was out of the office until February 17, 2008. I promptly left Mr. Cooke a voice message at his office at (650) 638-2370 in follow up to my email, wherein I again requested that Plaintiff stipulate to arbitration and asked that Mr. Cooke call me to discuss this matter further.

10. On February 21, 2008, I received an email response from Mr. Cooke regarding my February 14, 2008 correspondence requesting arbitration. In his email, Mr. Cooke requested additional copies of Dr. Ettare's signed account agreements containing arbitration clauses and agreements. I provided the same to Mr. Cooke via email on February 22, 2008 and requested a telephone conference to discuss stipulating to arbitration. Later that day, Mr. Cooke advised he would speak to Plaintiff regarding stipulating to arbitration.

11. On February 27, 2008, I sent Mr. Cooke a follow up email again requesting Plaintiff's position on stipulating to binding arbitration. Mr. Cooke responded the same day stating Plaintiff would not stipulate to arbitration and indicating he may have questions or concerns regarding the authenticity of Dr. Ettare's signature on the Wachovia account documentation.

12. In the days following my February 27, 2008 email exchange with Mr. Cooke, counsel for all parties had further discussions regarding whether Plaintiff would

1 | stipulate to arbitration. However, as of the date of this Declaration, Plaintiff has not
2 | agreed to voluntarily submit this matter to arbitration before FINRA.
3 |     Executed this 5th day of March, 2008, at Long Beach, California.
4 |     I declare under penalty of perjury under the laws of the State of California
5 | that the foregoing is true and correct.

_____
AUDETTE PAUL MORALES