TERRY ROSS, CASB No. 58171
terry.ross@kyl.com
AUDETTE PAUL MORALES, CASB No. 216631
audette.morales@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:   (562) 436-2000
Facsimile:    (562) 436-7416

Attorneys for Defendants
WACHOVIA SECURITIES, LLC and MARK WIELAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1-25,<br><br>　　　　　　Defendants. | Case No.: C-07-4429-JW (PVT)<br><br>**DECLARATION OF TERRY ROSS IN SUPPORT OF DEFENDANTS WACHOVIA SECURITIES, LLC AND MARK WIELAND'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date:   Monday, April 28, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 8, 4th Floor |

I, TERRY ROSS, declare as follows:

　　　　1.　　I am an attorney duly licensed to practice before this Court and am a partner with Keesal, Young & Logan, attorneys for Defendants WACHOVIA SECURITIES, LLC ("Wachovia") and MARK WIELAND ("Mr. Wieland") (collectively, "Defendants") in the above entitled action. I have personal knowledge of the facts set forth below and, if called to testify a as witness, could testify competently thereto.

///

2. On August 24, 2007, I spoke with counsel for Plaintiff Dr. VIOLETTA ETTARE ("Plaintiff" or "Dr. Ettare"), Christopher Cooke of Cooke Kobrick & Wu LLP, and requested that Plaintiff stipulate to proceeding with this matter in arbitration. Mr. Cooke indicated he would consider my proposal.

3. On August 28, 2007, I provided Mr. Cooke with one of Dr. Ettare's signed client agreements containing an arbitration clause. I again suggested the parties proceed with this matter in arbitration.

4. Later that day, Mr. Cooke responded to my email correspondence and stated that he would confer with Plaintiff regarding stipulating to arbitration.

5. On August 29, 2007, I sent a further email to Mr. Cooke presenting the benefits of proceeding with all parties in a single forum.

6. On August 30, 2007, I engaged in an email exchange with counsel for all parties wherein defense counsel provided Mr. Cooke with information regarding the arbitration agreements signed by Plaintiff and again requested Plaintiff stipulate to binding arbitration. Mr. Cooke promptly responded that he would consider the information, but he ultimately did not agree to stipulate to arbitration.

7. On September 6, 2007, counsel for all parties again engaged in multiple email exchanges wherein defense counsel reiterated their request that Plaintiff stipulate to binding arbitration.

8. On September 17, 2007, Mr. Cooke informed counsel for all Defendants via email that he was inclined to recommend Plaintiff stipulate to arbitration with Defendants Wachovia and Mr. Wieland, but that Plaintiff would make no final decisions regarding arbitration until after this Court ruled on Plaintiff's Motion to Remand the case to Superior Court.

9. In the following months, my associate, Audette Paul Morales, and my senior paralegal, Lois S. Kallet, provided Mr. Cooke with additional copies of Plaintiff's signed new account applications and client agreements and Ms. Morales again requested Plaintiff stipulate to arbitration. I was copied on all such correspondence.

1    10. As of the date of this Declaration, Plaintiff has not agreed to proceed
2 with this matter in binding arbitration.
3    Executed this 5th day of March, 2008, at Long Beach, California.
4    I declare under penalty of perjury under the laws of the State of California
5 that the foregoing is true and correct.

TERRY ROSS

TERRY ROSS, CASB No. 58171
terry.ross@kyl.com
AUDETTE PAUL MORALES, CASB No. 216631
audette.morales@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

Attorneys for Defendants
WACHOVIA SECURITIES, LLC and MARK WIELAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, an individual, and DOES 1-25,<br><br>　　　　　Defendants. | Case No.: C-07-4429-JW (PVT)<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS WACHOVIA SECURITIES, LLC AND MARK WIELAND'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS<br><br>Date: Monday, May 5, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 8, 4th Floor |

On Monday, May 5, 2008, at 9:00 a.m., Defendants WACHOVIA SECURITIES, LLC and MARK WIELAND's (collectively, "Defendants") Motion to Compel Arbitration and Stay Proceedings (the "Motion") came on hearing before this Court. Keesal, Young & Logan appeared for Defendants. _____ appeared for Defendants JOSEPH E. BARATTA and TBIG FINANCIAL SERVICES, INC. _____ appeared for Plaintiff Dr. VIOLETTA ETTARE

- 1 -　　　　　　　　　　　　　KYL_LB1109821
[PROPOSED] ORDER GRANTING DEFENDANTS WACHOVIA SECURITIES, LLC AND MARK WIELAND'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS – Case No.: C-07-4429-JW (PVT)

1  ("Plaintiff").

2        Having considered the papers filed in support of and in opposition to
3  Defendants' Motion and the arguments of the parties, this Court hereby rules as follows:
4        Pursuant to the evidence presented to the Court and specifically the
5  agreements signed by Plaintiff containing arbitration clauses which the Court finds are
6  binding on Plaintiff, Plaintiff shall submit all claims against Defendants to binding
7  arbitration before the Financial Industry Regulatory Authority ("FINRA").
8        Further, the entire Federal Court action shall be stayed pending arbitration
9  proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. This Court shall
10 retain personal and subject matter jurisdiction to enforce the terms of the arbitration
11 agreement and to confirm, correct or vacate any arbitration award rendered.
12       IT IS SO ORDERED.
13
14
15 DATED: _____, 2008      _____
                                   JUDGE JAMES WARE
16
17
18
19
20
21
22
23
24
25
26
27
28