1  GILBERT R. SEROTA (No. 75305)
   Email: gserota@howardrice.com
2  DIANA C. CAMPBELL MILLER (No. 252055)
   Email: dcampbell@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California 94111-4024
   Telephone: 415/434-1600
6  Facsimile: 415/217-5910

7  Attorneys for Defendants
   JOSEPH E. BARATTA AND TBIG FINANCIAL
8  SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE, | Case No. 5:07-cv-04429-JW |
| Plaintiff, | DEFENDANTS JOSEPH E. BARATTA AND TBIG FINANCIAL SERVICES, INC.'S NOTICE OF MOTION, JOINDER IN THE WACHOVIA DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND PETITION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |
| v. | |
| JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, and individual, and DOES 1-25, | |
| Defendant. | Date: May 5, 2008<br>Time: 9:00 A.M.<br>Judge: Hon. James Ware |
| | Trial Date: TBD |

**TO: PLAINTIFF VIOLETTA ETTARE, AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 5, 2008 at 9:00 a.m., in Department 1 of the above-titled United States District Court, or as soon thereafter as the matter may be heard, before the Honorable James Ware, Defendants Joseph E. Baratta and TBIG Financial Services, Inc. (collectively referred to herein as the "TBIG Defendants") will, and hereby do, join Wachovia Securities, LLC, and Mark Wieland (collectively referred to herein as the "Wachovia Defendants"), in moving this Court pursuant to Sections 3 and 4 of the Federal Arbitration Act (9 U.S.C. §1, *et seq.*), to compel arbitration of Plaintiff's claims against the all Defendants, and to stay further proceedings in this matter until the completion of arbitration.

This Joinder in the Wachovia Defendants' Motion and Petition to Compel Arbitration seeks relief on the grounds that the TBIG Defendants are entitled to compel arbitration of Plaintiff's claims under the written agreement she entered into with Wachovia, that Plaintiff has rejected Defendants' written demands to arbitrate, and that Defendants have no other adequate remedy to compel arbitration. The matter will be presented to the Court at the time and place stated on the basis of this Notice of Motion and Joinder in Motion, the Memorandum of Points and Authorities in support thereof and accompanying declarations, Wachovia's Motion to Compel Arbitration and Stay Proceedings, the Memorandum of Points and Authorities and in support thereof and supporting declarations, the Plaintiff's Complaint, and such additional materials as may be submitted or considered at or before the hearing on the Motion To Compel Arbitration and Stay Proceedings.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

## PETITION FOR ORDER COMPELLING ARBITRATION AND STAYING PROCEEDINGS

Defendants and Petitioners Baratta and TBIG allege as follows:

1. Plaintiff Violetta Ettare ("Dr. Ettare") was a brokerage client of Wachovia Securities, LLC who claims to have lost money in connection with securities transactions in her Wachovia account (the "Account").

2. Defendant Joseph E. Baratta ("Mr. Baratta") is a resident of the State of Nevada. Mr. Baratta is a money manager and sole officer and director of TBIG Financial Services, Inc. ("TBIG"). Declaration Of Joseph Baratta In Support Of Motion To Compel Arbitration And Stay Proceedings ("Baratta Decl.") ¶¶1 & 2.

3. Defendant TBIG Financial Services, Inc. is a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Incline Village, Nevada. Baratta Decl. ¶2.

4. Defendant Wachovia Securities, LLC ("Wachovia") is a Delaware limited liability company with its principal place of business in Richmond, Virginia, and a registered broker-dealer. Plaintiff's Complaint ("Complaint") ¶4.

5. Defendant Mark Wieland ("Mr. Wieland") was a registered representative with Wachovia during the relevant time-period, and oversaw Plaintiff's account at Wachovia. Declaration Of Mark Wieland In Support Of Defendants Wachovia Securities, LLC And Mark Wieland's Motion To Compel Arbitration And Stay Proceedings ("Wieland Decl.") ¶¶2-3.

6. Dr. Ettare and Mr. Baratta have known each other for approximately fifteen years, and Dr. Ettare has been a close friend of Mr. Baratta's sister-in-law for approximately twenty years. Baratta Decl. ¶3.

7. In 2001, Dr. Ettare's husband died. Compl.¶8; Baratta Decl. ¶4. She informed Mr. Baratta that she was the beneficiary of a one million dollar life insurance policy, and asked him to manage her account. Baratta Decl. ¶4. Mr. Baratta was not taking new clients in 2001, but in consideration for his friendship with Dr. Ettare, he agreed. Baratta Decl. ¶4.

8. In order to establish an investment management relationship with Mr. Baratta, Dr. Ettare opened a brokerage account at First Union Securities (the "Account"), which later came to be held at Wachovia Securities, and deposited $900,000. Baratta Decl. ¶5.

9. In connection with opening the Account, on or about November 17, 2001 Plaintiff completed and executed an Account Application and an Option Account Information and Agreement (collectively, the "Agreements"). Wieland Decl. ¶¶ 4-7.

10. The Agreements have broad arbitration clauses that require Dr. Ettare to arbitrate "any controversy arising our of [her] business" with First Union/Wachovia "or this Agreement." Declaration Of Veronica T. Hartnett In Support Of Defendants' Motion To Compel Arbitration And Stay Proceedings ("Hartnett Decl.") ¶6 & Exs. A-D.

11. The Agreements executed by Plaintiff appoint TBIG Financial as a third-party authorized to handle the account. The Account Application indicates that TBIG Financial had "Additional Account Control" through a limited Power of Attorney. The Option Agreement indicates that TBIG Financial has "Discretionary or Third-Party Authorization" to handle the account. *See* Wieland Decl. Ex. A; Hartnett Decl. Exs. A-D.

12. Dr. Ettare gave TBIG and Mr. Baratta authorization to act as her agents in connection with the Account, including power to buy and sell securities, and manage the investments in her Account. Baratta Decl. ¶6.

13. In or about November 2001, Mr. Baratta signed a Third-Party Trading Authorization Form from First Union Securities (the "Trading Authorization"). Baratta Decl. ¶7 & Ex. A. In this Trading Authorization, Dr. Ettare named TBIG as Plaintiff's "Authorized Agent" to purchase and sell securities in the Account. *See* Baratta Decl. Ex. A.

14. The Trading Authorization incorporated by reference the terms and conditions of Dr. Ettare's Account Agreements with First Union:

> "The undersigned ... authorizes TBIG Financial Services ... as his/her agent and attorney ("Authorized Agent") to buy, sell, ... or trade in stocks, bonds, option contracts and any other securities on margin or otherwise **in accordance with [First Union's] terms and conditions for my account** and risk and in my name .... In all such purchases, sales or trades you are authorized to follow the instructions of the aforesaid agent in every respect concerning my account with you; and except as herein otherwise provided, he is authorized to act for me in the same manner and with the same force effect as I might or could do with respect to such purchases, sales or trades." (Baratta Decl. ¶7 & Ex. A) (emphasis added))

15. The arbitration clauses in the Agreements constitute a written arbitration agreement between Wachovia and Plaintiff that involves interstate commerce. These Agreements incorporate by reference Defendant TBIG as Dr. Ettare's agent for purposes of managing the Account. *See* Wieland Decl. Ex. A; Hartnett Decl. Exs. A-D. The Trading Authorization, in turn, incorporates by reference the terms and conditions of the Account

Agreements. *See* Baratta Decl. Ex. A. Because no grounds exist for revocation of these contracts, the arbitration agreement between Plaintiffs, Wachovia and TBIG/Baratta is valid, irrevocable, and enforceable, as provided by 9 U.S.C. §2.

16.  Plaintiff's initial Complaint, filed in or about July 2007, alleges six causes of action for fraud, breach of fiduciary duties, breach of oral contract, negligence, violations of California Corporations Code Section 25,400, *et seq.*, and violations of California Business & Professions Code Section 17,200, *et seq.* All claims are based on the same set of facts arising from transactions in her Account, and all claims — but for the breach of oral contract — are raised against all Defendants.

17.  Section 3 of the FAA provides that when a valid arbitration agreement exists, a court shall upon application, stay all proceedings until the arbitration has been completed. 9 U.S.C. §3. Because all of Plaintiffs' claims fall within the scope of a valid arbitration agreement between Plaintiffs and Wachovia, and which is applicable to TBIG and Baratta, further proceedings against all Defendants must be stayed pending arbitration. Accordingly, Defendants are entitled to an immediate stay pending the Court's determination of this petition, and, once arbitration is ordered, a further stay until arbitration is completed.

18.  Starting in August 2007, and throughout February 2008, counsel for all Defendants sent numerous emails to Plaintiff's counsel Christopher Cooke, of Cooke Kobrick & Wu LLP, requesting that Dr. Ettare stipulate to arbitration of her claims. Declaration Of Gilbert R. Serota In Support Of Defendants' Motion To Compel Arbitration And Stay Proceedings ("Serota Decl.") ¶¶2-6. Counsel for Defendants have stated they would file a motion to compel arbitration should Plaintiff refuse to voluntarily agree to arbitration. Serota Decl. ¶¶2-6.

19.  Plaintiff responded, through her counsel, that she would not voluntarily agree to arbitrate. Serota Decl. ¶¶3 & 6.

20.  Although the TBIG Defendants vigorously deny Plaintiff's claims and are prepared to defend against them, those claims are subject to arbitration because they are

1 controversies arising from Plaintiff's Account at Wachovia.

2 WHEREFORE, the TBIG Defendants join the Wachovia Defendants' Petition to Compel Arbitration and respectfully request that this Court issue an order:

1. To enforce the agreement to arbitrate the controversies that are the subject of this action under the rules and procedures of the Financial Industry Regulatory Authority "FINRA" (former National Association of Securities Dealers, Inc. and New York Stock Exchange Dispute Resolution);

2. To stay all proceedings in this action against all Defendants pending determination of this petition;

3. To stay all proceedings in this action against all Defendants pending a final arbitration ruling; and

4. For such other relief as this Court deems proper.

DATED: March 6, 2008.

                Respectfully,

                GILBERT R. SEROTA
                DIANA C. CAMPBELL MILLER
                HOWARD RICE NEMEROVSKI CANADY
                    FALK & RABKIN
                A Professional Corporation

                By: _____/s/_____
                      GILBERT R. SEROTA

                Attorneys for Defendants JOSEPH E. BARATTA
                AND TBIG FINANCIAL SERVICES, INC.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation