1  GILBERT R. SEROTA (No. 75305)
   Email: gserota@howardrice.com
2  DIANA C. CAMPBELL MILLER (No. 252055)
   Email: dcampbell@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY FALK
       & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California 94111-4024
   Telephone:    415/434-1600
6  Facsimile:    415/217-5910

7  Attorneys for Defendants
   JOSEPH E. BARATTA AND TBIG FINANCIAL
8  SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIOLETTA ETTARE, | Case No. 5:07-cv-04429-JW |
| Plaintiff, | |
| v. | JOINT CASE MANAGEMENT STATEMENT PURSUANT TO FRCP 26 AND LOCAL RULE 16-9 |
| JOSEPH E. BARATTA, an individual, TBIG FINANCIAL SERVICES, INC., form of business unknown, WACHOVIA SECURITIES, LLC, a Delaware Limited Liability Company, MARK WIELAND, and individual, and DOES 1-25, | |
| Defendant. | |

The current parties to this case, Plaintiff VIOLETTA ETTARE ("Plaintiff" or "Ettare"), Defendants JOSEPH E. BARATTA ("Baratta"), TBIG FINANCIAL SERVICES, INC. ("TBIG"), WACHOVIA SECURITIES, LLC ("Wachovia") and MARK WIELAND ("Wieland"), hereby jointly submit to the Court, through their respective counsel, this Joint Rule 26(f) Report addressing the matters set forth in Federal Rule of Civil Procedure ("FRCP") 26(f).

**1. Jurisdiction and Service:**

This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a).

**2. Facts:**

Plaintiff: Plaintiff, through her counsel, filed this action with the Santa Clara Superior Court on or about July 13, 2007. Defendants removed the action to this Court on or about August 27, 2007.

Plaintiff's allegations against Defendants related to a trading account she opened with First Union Securities (which later merged with Wachovia Securities, LLC) (collectively, "Wachovia") in November 2001. Specifically, Plaintiff alleges that Defendants invested her account in speculative and unsuitable trades and Defendants utilized risky strategies in her account. Plaintiff claims damages of no less than $700,000.

Defendants: Defendants filed motions to compel arbitration in lieu of filing an answer to Plaintiff's Complaint pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. §4. The claims and issues presented in Plaintiff's Complaint must be arbitrated pursuant to the parties' agreement and applicable law. Further, Defendants have moved the Court for an order staying these proceedings pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. §3, pending the outcome of the arbitration. Regardless of what forum is set to hear the Complaint, Defendants deny Plaintiff's allegations and maintain that her account was managed in a suitable way, in accordance with Plaintiff's expressed objectives, and with Plaintiff's knowledge and consent.

**3. Legal Issues:**

Currently, the legal issue before the Court is whether this matter should be compelled to binding arbitration before the Financial Industry Regulatory Authority ("FINRA") (formerly the

National Association of Securities Dealers Dispute Resolution, Inc. ("NASD") and the member regulation, enforcement and arbitration functions of the New York Stock Exchange ("NYSE")) and the Court proceedings stayed pending completion of arbitration.

**4.   Motions:**

Defendants filed motions to compel arbitration and stay proceedings pursuant to 9 U.S.C. §§3, 4 on March 6, 2008. Defendants' motions are set to be heard on Monday, May 5, 2008, in Courtroom 8, 4th Floor.

**5.   Amendment of Pleadings:**

None, unless this matter remains in federal court, at which time Plaintiff will amend her Complaint to include federal claims against Defendants.

**6.   Evidence Preservation:**

Plaintiff:  Plaintiff has collected all of her records related to this matter, including paper records and electronically stored information and will preserve such records.

Defendants Baratta and TBIG: Defendants Baratta and TBIG have been notified to preserve all documents related to this matter, including hard copy documents and electronically stored documents. Defendant Baratta, on behalf of himself and TBIG, has agreed to preserve any such documents.

Defendants Wachovia and Wieland:  Defendant Wachovia has notified the branch, the legal department and all other relevant departments that all documents related to this matter be preserved, including hard copy documents and electronically stored documents. Wachovia has instructed that the need to save and maintain the relevant documents for this matter expressly overrides any other company policies or practices, even those that may, under other, normal circumstances, permit or even require the destruction of documents. Defendant Wieland has agreed to preserve any documents related to this matter and has asked his assistant to do the same.

**7.   Disclosures:**

The parties have agreed to exchange documents and information in accordance with the discovery guidelines in arbitration proceedings before FINRA.

8. **Discovery:**

Pending a determination on Defendants' motions to compel arbitration and stay proceedings, discovery will be limited to issues regarding arbitrability. The parties have agreed to adjourn the requirement for disclosures under Rule 26(a)(1) until after the court has ruled on Defendants' motions to compel arbitration and stay proceedings. As the parties have agreed to currently limit the discovery in this case to the exchange of documents and information provided for in FINRA's rules, the parties have agreed that the discovery plan should be deferred pending resolution of Defendants' motions to compel arbitration and stay proceedings.

9. **Class Actions:**

None.

10. **Related Cases:**

None.

11. **Relief:**

Plaintiff: The relief sought by Plaintiff is outlined in her Complaint.

Defendants: Defendants seek enforcement of the relevant arbitration agreements and that this action be stayed pending the outcome of arbitration. Should this case proceed, Defendants TBIG and Baratta will seek a counterclaim against Plaintiff for the value of their services to Plaintiff that were never paid.

12. **Settlement and ADR:**

The parties have met and conferred regarding mediation. Plaintiff is amenable to mediation through the court mediation program, the early neutral evaluation process or a settlement conference. Defendants are amenable to proceeding with private mediation. The parties have filed a Notice of Need for ADR Phone Conference.

13. **Consent to Magistrate Judge For All Purposes:**

The parties have declined to proceed with the Magistrate Judge.

14. **Other References:**

Defendants filed motions to compel arbitration in lieu of filing an answer to Plaintiff's Complaint pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. §4. Further, Defendants

JOINT CASE MANAGEMENT STATEMENT                 07-04429 JW
-3-

have moved the Court for an order staying these proceedings pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. §3, pending the outcome of the arbitration. Defendants' motions to compel arbitration and stay proceedings were filed and served on March 6, 2008. Defendants' motions are set to be heard on Monday, May 5, 2008, in Courtroom 8, 4th Floor.

15.  **Narrowing of Issues:**

The Court's ruling on Defendants' motions to compel arbitration and stay proceedings may significantly narrow the issues before this Court.

16.  **Expedited Schedule:**

No.

17.  **Scheduling:**

Due to Defendants' pending motions, the information requested herein is premature.

18.  **Trial:**

Due to Defendants' pending motions, the information requested herein is premature.

19.  **Disclosure of Non-Party Interested Entities or Persons:**

All parties have submitted Certifications of Interested Parties or Persons.

20.  **Other:**

Given the pending Motions to Compel Arbitration, Defendants suggest that the Case Management Conference should be adjourned until after the Court has ruled on whether or not this matter should proceed to arbitration.

Plaintiff does not agree that the Case Management Conference should be postponed.

DATED: March 14, 2008

/s/ Christopher C. Cooke
CHRISTOPHER C. COOKE
STEPHEN S. WU
COOKE KOBRICK & WU LLP
Attorneys for Plaintiff VIOLETTA ETTARE

I certify that I am authorized to sign for Plaintiff's counsel, Christopher C. Cook.

Diana Campbell
DIANA C. CAMPBELL MILLER

DATED: March 14, 2008

/s/
GILBERT R. SEROTA
DIANA C. CAMPBELL MILLER
HOWARD RICE NEMEROVSKI CANADY
 FALK & RABKIN
Attorneys for Defendants
JOSEPH E. BARATTA and TBIG
FINANCIAL SERVICES, INC.

DATED: March 14, 2008

/s/ Audette Paul Morales
TERRY ROSS
AUDETTE PAUL MORALES
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
WACHOVIA SECURITIES, LLC and MARK WIELAND

I certify that I am authorized to sign for Defendants' attorney, Audette Paul Morales.

DIANA C. CAMPBELL MILLER